FILED
Clerk
District Court

SEP - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ZHENG MING YAN<br><br>Defendant | ) CRIMINAL ACTION NO. 05-00027<br>)<br>)<br>) DEFENDANT'S MEMORANDUM<br>) SUPPORTING DISMISSAL FOR<br>) LACK OF JURISDICTION<br>)<br>) Date: Oct. 6, 2005<br>) Time: 9:00 a.m.<br>) |

**I. THE INDICTMENT SHOULD BE DISMISSED AS THE PROSECUTION CANNOT PROVE THE ESSENTIAL JURISDICTIONAL ELEMENT OF THE MANN ACT AS A MATTER OF LAW**

The Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") is the sole source for the United States authority over the Northern Mariana Islands. *United States ex. rel. Richards v. Guerrero*, 4 F.3d 749 (9th Cir. 1993). *See Northern*

Page 1 of 13

*Mariana Islands v. United States,* 399 F.3d 1057, 1062 - 1063(9th Cir. 2005) ["We do not dispute that 'the authority of the United States towards the CNMI arises solely under the Covenant.'"]; *Sagana v. Tenorio,* 384 F.3d 731, 734 (9th Cir. 2004) [The United States' authority over the CNMI is not absolute as it is limited by the Covenant]. Indeed, the Ninth Circuit has previously stated that "we **emphasize** that 'the authority of the United States towards the CNMI arises solely under the Covenant.'" *Richards,* 4 F.3d at 754 quoting *Hillblom v. United States,* 896 F.2d 426, 429 (9th Cir. 1990)(emphasis added). *Richards* further noted that:

> [t]he Covenant has created a "unique" relationship between the United States and the CNMI, and its provisions alone define the boundaries of those relations. (citation omitted)

4 F.3d at 754. Thus the Mann Act's applicability in the Commonwealth is determined solely by examining the statute in light of the Covenant. *Northern Mariana Islands v. United States, supra; Sagana, supra; Richards, supra.*

The Mann Act, codified as 18 U.S.C. § 2421 provides as follows:

> [w]hoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

It is undisputed that the interstate or foreign commerce element of a Mann Act

offense is what allows for the exercise of federal jurisdiction. *United States v. Hattaway*, 740 F.2d 1419, 1327 (7thCir. 1984). Thus, interstate or foreign commerce is the jurisdictional element or "jurisdictional hook" for federal court jurisdiction in a Mann Act case. *Id.* A "jurisdictional hook" is best described as "a provision in a federal statute that requires the government to establish specific facts justifying the exercise of federal jurisdiction in connection with any individual application of the statute." *United States v. Rodia*, 194 F.3d 465, 471 (3rd Cir. 1999). An examination of the Mann Act's jurisdictional element of interstate or foreign commerce in light of the Covenant reveals that the statute's jurisdictional element or "hook" is inapplicable in the Northern Mariana Islands[1].

A. **THE COVENANT DOES NOT EXTEND THE COMMERCE CLAUSE TO THE COMMONWEALTH**

As previously noted, the Covenant serves as the sole basis for the United States authority over the Northern Mariana Islands. *Richards, supra.* Covenant § 501(a) extends certain, but not all, United States Constitutional provisions to the

---

[1] This squarely presents the issue avoided in *Hillblom*. 896 F.2d at 431["We have not been called upon to adjudicate a challenge to a specific statute which violates a provision of the Covenant or to interpret a particular section of the Covenant in light of a concrete and actual controversy."]

Page 3 of 13

NMI. *Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1439 (9th Cir. 1997); *Hillblom*, 896 F.2d at 428. The commerce clause is one of the constitutional provisions not extended to the NMI. *Id*; Since the Covenant does not extend the commerce clause to the NMI, the commerce clause cannot serve as a basis for jurisdiction.

A similar issue was addressed in *Fleming v. Department of Public Safety, Commonwealth of Northern Mariana Islands*, 837 F.2d 401(9th Cir. 1988) overruled on other grounds, *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992). *Fleming* concerned the applicability of the 11th amendment and whether the NMI possessed 11th amendment immunity. In noting that the Covenant did not extend the 11th Amendment to the Commonwealth, *Fleming* ruled that:

> [f]rom the specificity with which the applicable provisions of the United States Constitution are identified, it is clear that the drafters considered fully each constitutional amendment and article for inclusion in the Covenant. That they deliberately declined to include the eleventh amendment unequivocally demonstrates their desire that the Commonwealth not be afforded eleventh amendment immunity. As the Supreme Court long ago observed, "in an instrument well drawn, as in a poem well composed, silence is sometimes most expressive." *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 454, 1 L.Ed. 440 (1793) (opinion of Wilson, J.). Furthermore, neither the government of the United States nor of the Commonwealth has since approved any law, compact, or treaty that would have the effect of making the eleventh amendment applicable to the Commonwealth.

> Under these circumstances, the most basic rule of statutory construction is that the plain language of the statute should be regarded as conclusive. (citations omitted). Where the language of the Covenant is as clear as it is here, and the legislative history and purpose are not to the contrary, we may not impose eleventh amendment immunity on the Commonwealth.

*Id* at 405 - 406. This same logic and rationale applies equally with respect to the commerce clause since the Covenant did not extend its application to the Commonwealth[2].

### B.   THE COVENANT DOES NOT EXTEND THE TERRITORIAL CLAUSE TO THE COMMONWEALTH

In addition to interstate and foreign commerce, the Mann Act also utilizes an intra-territorial component as a jurisdictional element or "hook." 18 U.S.C. § 2241. This suggests that the Territorial Clause also serves a jurisdictional hook in Mann Act cases[3]. This constitutional provision also fails to confer jurisdiction

---

[2] This is consistent with the Covenant's guarantee of self-government as the United States lacks jurisdiction over immigration into the CNMI, Covenant § 503(a) and the CNMI is outside the customs jurisdiction of the United States, Covenant § 603(a). This means the United States has no jurisdiction over the movement of people and goods between the CNMI and any place outside thereof.

[3] It has been recognized that Congress' Commerce Clause powers "are implicit" in the Territorial clause. *Polychrome International Corp. v. Krigger*, 5 F.3d 1522, 1534 (3rd Cir. 1993).

over a Mann Act offense in the Commonwealth.

Article IV clause 2 of the United States Constitution known as the "Territorial Clause" vests Congress with power and authority over all territories of the United States. However, the Covenant, which establishes the Commonwealth, does not extend application of the Territorial Clause to the NMI. *Magana*, 107 F.3d 1436, 1439 (9th Cir. 1997); *Hillblom*, 896 F.2d at 428; Covenant § 501.

The Covenant's creation of the Commonwealth together with excluding application of the territorial clause precludes Mann Act jurisdiction resting upon the intra-territorial commerce provision. As stated in *Richards*:

> [t]he Covenant has created a "unique" relationship between the United States and the CNMI, and its provisions alone define the boundaries of those relations. (citation omitted) For this reason, we find unpersuasive the Inspector General's reliance on the Territorial Clause ….

4 F.3d at 754. *See Fleming v. Department of Public Safety*, 837 F.2d 401, 404-405 (9th Cir. 1988)[42 U.S.C. § 983 applies in the CNMI pursuant to Covenant 502(a)(2) and not the territory provisions of the statue].

This conclusion is supported by court decisions addressing whether Puerto Rico, a commonwealth of the United States, is treated as a territory with respect to federal statutes which reach "intra-territorial" activities. Research shows that the federal courts in Puerto Rico first addressed the issue in *United States v. Rios*, 140

F.Supp. 376 (D. PR 1956). *Rios* concerned whether Puerto Rico was a territory or possession under the Federal Firearms Act, 15 U.S.C. § 901(2)[4], which defined commerce as including commerce within any Territory or possession of the United States. The court upon careful analysis concluded that once Puerto Rico gained status as a commonwealth, the portion of the statute defining "commerce" as commerce within any Territory or possession of the United States was inapplicable to Puerto Rico. In reaching this conclusion the court reasoned that:

> [a]t present, such local transactions or conduct are to be dealt with by the Commonwealth under its own Constitution and internal laws, and **it would be frustrative of the very purpose and intention of Congress in establishing the new status to now hold that said statue may accomplish by indirection the very thing that Congress expressly wanted to leave in the hands of the Commonwealth's government.**

140 F. Supp at 381 (emphasis added).

The First Circuit addressed a similar issue in *Cordova & Simonpietri Insurance Agency Inc v. Chase Manhattan Bank*, 649 F.2d 36 (1st 1981). The issue in *Cordova* was whether section 3 of the Sherman Act which prohibited certain acts which occurred within a Territory or possession of the United States applied to Puerto Rico. The court held that once Puerto Rico achieved commonwealth status it ceased being a territory for purposes of the Sherman Act. 649 F.2d at 41-44.

---

[4]The statute is the predecessor to 18 U.S.C. § 922.

The United States Supreme Court appears to endorse this view with respect to the transformation of Puerto Rico into a commonwealth. Indeed, the Supreme Court has recognized that Puerto Rico possesses a "unique status" in the federal system. *See Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corporation*, 485 U.S. 495, 499, 108 S.Ct. 1350, 1353, 99 L.Ed.2d 582, (1988). Likewise, in *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 102 S.Ct. 2194 (1982), the court, citing *Cordova*, held:

> [a]t the same time, Puerto Rico, like a state, is an autonomous political entity, "**sovereign over matters not ruled by the Constitution**."(emphasis added).

*Id* at 457 U.S. at 8, 102 S.Ct. at 2199(emphasis added).

It is clear that the jurisprudence relating to Puerto Rico's status as a commonwealth establishes that Puerto Rico is not treated as or viewed as a "territory or possession of the United States" for purposes of federal statutes that reach purely "intra-territorial activities". The same judicial principle should apply to the Commonwealth of the Northern Mariana Islands. Indeed, in *Puerto Rico Department of Consumer Affairs* the Supreme Court referencing Puerto Rico's status of a commonwealth as being "unique" is the same term used by the Ninth Circuit in referring to the NMI's status. *Richards*, 4 F.3d at 754 ["The Covenant has created a "unique" relationship between the United States and the CNMI..."]

## C. JURISDICTION IS NOT CONFERRED BY COVENANT § 502

Give the inapplicability of the commerce and territorial clauses, the only possible basis for existence of Mann Act jurisdiction rests with Covenant § 502[5]. Section 502 provides:

> (a) [t]he following laws of the United States in existence on the effective date of this Section and subsequent amendments to such laws will apply to the Northern Mariana Islands, except as otherwise provided in this Covenant:
>
> (1) those laws which provide federal services and financial assistance programs and the federal banking laws as they apply to Guam; Section 228 of Title II and Title XVI of the Social Security Act as it applies to the several States; the Public Health Service Act as it applies to the Virgin Islands; and the Micronesian Claims Act as it applies to the Trust Territory of the Pacific Islands;
>
> (2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several States as they are applicable to the several states; and
>
> (3) those laws not described in paragraphs (1) or (2) which are applicable to the Trust Territory of the Pacific Islands, but not their subsequent amendments unless specifically made applicable to the Northern Mariana Islands, as they apply to the Trust Territory of the Pacific Islands until termination of the Trusteeship Agreement, and will thereafter be inapplicable.

---

[5] Since the Mann Act was enacted prior to 1978, Covenant § 502 is used to determine its applicability.

> (b) The laws of the United States regarding coastal shipments and the conditions of employment, including the wages and hours of employees, will apply to the activities of the United States Government and its contractors in the Northern Mariana Islands.

Covenant §§ 502(a)(1), 502(a)(3) and 502(b) are not applicable on their face. This leaves Covenant § 502(a)(2)'s two prong test as the only possible Covenant provision which renders the Mann Act enforceable in the Commonwealth. According to Covenant § 502 (a)(2), laws applicable to Guam and which are of general application to the several States apply in the Commonwealth as they are applicable to the several states. *Fleming*, 837 F.2d at 406. Section 502 (a)(2)'s two prong test is meant to:

> prevent the application of laws so as to reach **intraterritorial matters** within the Northern Marianas where similar intrastate matters with the states are not reached. To reach such matters in the Northern Marianas would be inconsistent with the guarantee of local self-government.

**Section By Section Analysis of the Covenant to Establish a Commonwealth of the Northern Mariana Islands,** 53 (February 15, 1975)[6][emphasis added]. However, the inherent and irreconcilable conflict between the Mann Act jurisdictional element and the inapplicability of the commerce and territorial clauses to the CNMI precludes exercising jurisdiction over the Mann Act charges.

---

[6] The Analysis is used to assist in discerning the meaning of the Covenant. *Northern Mariana Islands v. United States*, 399 F.3d 1057, 1065 (9th Cir. 2005).

Page 10 of 13

*Fleming* addressed the application of 11th Amendment Immunity to the CNMI in the context of a 42 U.S.C. § 1983 claim. In noting that Covenant § 501(a) did not extend 11th Amendment immunity to the Commonwealth, the court concluded that Covenant § 502(a)(2) did not provide a "back door" for extension of the constitutional provision.

> [a] plain reading of the Covenant indicates a separation between constitutional and nonconstitutional provisions. We simply cannot subvert the well defined parameters of sections 501(a) and 502(a)(2) absent clear legislative intent. Were we to incorporate the eleventh amendment through section 502(a)(2), we would reduce that amendment to a mere "law" generally applicable to the states, as opposed to a constitutional provision.

837 F.3d at 406. The same basic rationale applies in this case. The commerce clause was not extended to the CNMI and the Covenant does not otherwise give the United States jurisdiction over intra-CNMI commerce or commerce between the CNMI and any place outside thereof. Covenant § 502(a)(2) can not, therefore, serve as the vehicle for imposition of federal criminal liability under the Mann Act. As reasoned by *Magana*:

> "[i]f authority is found in a statue but not in the Constitution, the statute is unconstitutional. If authority is found in the Constitution but not in a statute, the jurisdiction does not exist because Congress has not conferred it upon the courts."

107 F.3d at 1442 quoting Ray Forrester, **The Nature of a Federal Question**", 16 Tulane L. Rev. 363, n.4 (1942).

Because the commerce clause is not specifically extended to the CNMI by Covenant § 501, this precludes reliance on Covenant § 502(a)(2) for imposing the

constitutional provision upon the CNMI. *Fleming,* 837 F.2d 401, 406, (9th Cir. 1988). To do so would reduce the constitutional provision to a mere "law". *Id* (emphasis in original). Accordingly, when a particular activity is beyond the reach of the commerce clause and a federal criminal statute aimed at the activity expressly incorporates the commerce clause as a jurisdictional element, then federal courts lack criminal jurisdiction over such activity. *See United States v. McCoy,* 323 F.3d 1114, 1124 - 1130 (9th Cir. 2003)[Statute's commerce clause "jurisdictional hook" is "useless" and it "provides no support for the government's assertion of federal jurisdiction" as the alleged activity does not fall within reach of the commerce clause]. This is precisely the circumstance in this case. The "jurisdictional hook" fails to confer jurisdiction.

Zheng is aware that this district court recently denied a similar motion in *United States v. Vann Le,* Criminal Case No. 03-0001, (August 10, 2005 D. N.M.I.)(J. Tashima)[7]. In rendering this ruling it appears the court did not deny the motion on grounds that the commerce clasue applied in the Commonwealth. In any event, the district court's ruling in *Du Bo* is neither precedent nor stare decisis. *Fleming,* however, is binding precedence and under *Fleming,* neither the commerce nor territorial clauses apply to the Commonwealth. This means the court lacks jurisdiction in this case, as the essential jurisdictional element of a Mann Act violation, the commerce clause, is inapplicable to and in the Commonwealth.

## CONCLUSION

The Mann Act reach is restricted only by the limits of the commerce and territorial clauses. The Covenant, which governs the relationship between the

---

[7] A transcript of the oral ruling is attached hereto.

Page 12 of 13

Northern Mariana Islands and the United States, does not extend either the commerce clause or the territorial clause to the Northern Mariana Islands. Pursuant to the Ninth Circuit's ruling in *Fleming*, this circumstance results in neither the commerce clause nor the territorial clause applying in the Northern Mariana Islands. This deprives the court of jurisdiction as the Mann Act expressly incorporates the reach of the commerce clause and the territorial clause as the jurisdictional "hook". Accordingly, the indictment which only charges a Mann Act offense should be dismissed.

Dated this 6th day of September, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

Page 13 of 13

1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 03-00001-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Garapan, Saipan |
| vs. | ) | Wednesday, August 10, 2005 |
| | ) | |
| VANN LE, | ) | |
| | ) | REPORTER'S PARTIAL TRANSCRIPT OF |
| Defendant. | ) | DEFENDANT'S MOTION TO DISMISS FOR |
| | ) | LACK OF JURISDICTION |

BEFORE THE HONORABLE SENIOR CIRCUIT JUDGE
A. WALLACE TOSHIMA FOR THE NINTH CIRCUIT COURT OF APPEALS
SITTING AT UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

**APPEARANCES**:

For Plaintiff:     Timothy Moran &
                   Jamie Bowers
                   Assistant United States Attorneys
                   MARIANAS DISTRICT
                   Horiguchi Building, Third Floor
                   P. O. Box 500377
                   Saipan, MP 96950
                   Telephone: (670) 236-2986
                   Facsimile: (670) 236-2945

For Defendant:     G. Anthony Long, Esq.
                   P. O. Box 504970
                   Saipan, MP 96950
                   Telephone: (670) 235-4802
                   Facsimile: (670) 235-4801

Present        :   Defendant Mr. Vann Le

COPY of
Original Filed
on this date

AUG 3 0 2005

Clerk
District Court
for The Northern Mariana Islands

*SANAE N. SHMULL*
Official Court Reporter
P. O. BOX 5128
SAIPAN, MP 96950

GARAPAN, SAIPAN, WEDNESDAY, AUGUST 10, 2005 - 11:10 A.M.

**RULING**

1  THE COURT: Yeah, but, you know, if it, if it goes to
2  jurisdiction, I mean, you just can raise that at any time. Here's my
3  ruling. As I said, you know, I think the motion is well crafted.
4  It's well put together. It's a sound argument. I think it's a very
5  close, close issue. But I'm denying the motion. But, you know, I
6  guess, you know, I think the issue has to be decided some time. I
7  think the issue is still open. I don't know how would, how I would
8  rule if I were, you know, if I had this case in the Ninth Circuit.
9  Let me put it that way. But here, I think given the history here and
10 the fact that the issue has been raised before and Judge Munson has
11 ruled on it before, this court has consistently, I think, taken the
12 position that the Hobbs Act -- like other, other criminal laws that
13 depend on the federal government's interstate commerce powers --
14 applies in the Commonwealth. So I am going to stay with that
15 position. But I encourage Mr. Long to pursue this.

I think it's, you know, it's an important issue. It may
have to, someday, has to be decided by the Supreme Court because if
you're right, Mr. Long, that the Hobbs Act doesn't apply here,
that -- and the reasoning would be because, as your motion explains,
the Interstate Commerce Act is not included as one of the provisions

3

of the Constitution that are, that apply to the Commonwealth. If that's true, you know, then the whole host of federal criminal laws, I think, including all the drug laws and including, you know, fraud laws and a lot of other statutes, I think, would not apply in the Commonwealth either. So, I mean, those the possible -- all I'm saying is those are the possible ramifications of this motion. So, but I'm not reaching those today. I'm just saying, you know, it's a well, it's a well, put together motion. And I, you know, some day, it may succeed. But for now sitting as a judge of this court, I deny the motion.

MR. LONG: Yes, Your Honor. And just for the record, to clarify is that, we're limiting this motion to federal statutes that have specifically has that jurisdictional hook. I understand --

THE COURT: I understand that.

MR. LONG: -- that you --

THE COURT: I understand that but nevertheless, you can't ignore the ramifications of, you know, what that, what the ruling would be, you know, based on. But I appreciate that. All right.

MR. LONG: Thank you, Your Honor.

THE COURT: But for now, the motion is denied. Okay? So then this case is in recess until next Tuesday morning at 9:00 a.m., all right, and it'll be Judge Munson here, I assume. Thank you. **(END OF RULING)**

```
COMMONWEALTH OF THE        )
NORTHERN MARIANA ISLANDS   )   ss.
SAIPAN, MP                 )
_____ )
```

I, SANAE N. SHMULL, Official Court Reporter for the United States District Court for the Northern Mariana Islands, do hereby certify:

That the foregoing RULING on defendant's Motion to Dismiss for Lack of Jurisdiction in Criminal Case No. 03-00001, *United States of America v. Vann Le,* consisting 3 pages, was taken down by me stenographically with a back-up tape recording device at the time and place indicated herein.

That the foregoing transcript is a true and correct record of the proceeding transcribed by me to the best of my ability.

I further certify that I am not interested in the events of the action.

IN WITNESS WHEREOF, I have subscribed my name and signature this 27th day of August 2005.

_____
SANAE N. SHMULL
Official Court Reporter