Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

F I L E D
Clerk
District Court

SEP - 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Defendant

# IN THE UNITED STATES  DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL  ACTION  NO. 05-0027 |
| | ) |
| Plaintiff | ) |
| | ) DEFENDANT'S MEMORANDUM |
| v. | ) SUPPORTING MOTION TO |
| | ) COMPEL DISCOVERY |
| ZHENG MING YAN | ) |
| | ) Date: Oct. 6, 2005 |
| Defendant | ) Time: 9:00 a.m. |
| | ) |

FRCrP Rule 16 allows Zheng to discover 1) all written and recorded

statements she made, 2) the substance of all oral statements which the government

intends to offer as evidence at trial, 3) a copy of the defendant's prior criminal

record, 4) all books, papers, documents, photographs, tangible objects, buildings

or places which are material to the preparation of the defense or are intended for

use by the government at trial or were obtained from or belong to the defendant,

and 5) the results or reports of physical examinations, and scientific tests or

Page 1 of  10

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No. (670) 235-4802  Fax No: (670) 235-4801

experiments which are material to the preparation of the defense or which the

government intends to use as evidence at trial. Although Zheng has requested

discovery, *See* Attachment A, the prosecution has not provided any discovery.

Zheng is entitled to under Rule 16. Accordingly, Zheng requests discovery of the

following under FRCrP Rule 16:

> 1. The substance of each and every oral statement made by
>    Zheng prior to, contemporaneous with, and subsequent to
>    her arrest.

> 2. The identity of each and every informant who provided
>    information to governmental officials or agents concerning
>    the charge against Zheng.

> 3. The identity of each and every person who witnessed the
>    alleged acts or actions of Zheng which serve as a basis for
>    the charge against Zheng.

> 4. Any and all documents which are material to the preparation
>    of Zheng's defense or are intended for use by the

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness or person which relates to any of the charges against Zheng.

5.    A copy of any and all statements made by any and all co-conspirators.

6.    A copy of the documentation reflecting the chain of custody of any and all physical evidence to be used against Zheng at trial.

7.    A copy of any and all written statements taken by government agents obtained from persons whom the government intends to call as witnesses at trial.

8.    A copy of each and every criminal conviction of each and every person the government intends to call as a witness at trial.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

9.   A copy of Zheng's prior criminal record.

10.   A copy of each and every written or recorded statement made by Zheng which is related to this case.

11.   A copy of all original or rough hand written notes taken or made by governmental officials or agents based upon interviews with each and every person the government interviewed in investigating the case which led to the indictment against Zheng.

12.   The identity of each and every alleged co-conspirator of Zheng.

13.   A copy of the personnel file of each and every employee and agent of the United States of America that the government intends to call as a witness at trial.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2ⁿᵈ Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

14. A copy of the personnel file of each and every employee and agent of the CNMI that the government intends to call as a witness at trial.

15. The identify of each and every expert witness the prosecution intends to call as a witness at trial.

16. A summary of the testimony of each expert witness the government intends to call at trial under FRE Rules 702, 703 and 705, which summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

17. Inspection of any and all physical items which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness or person which relates to

Page 5 of 10

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

any of the charges against Zheng.

18.    A copy of each and every photograph or electronic image
which is material to the preparation of Zheng's defense or
are intended for use by the government as evidence in its
case in chief at the trial, or were obtained from or belong to
Zheng or any other defendant, co-conspirator, witness, or
person which relates to any of the charges against Zheng.

19.    A copy of any and all video recordings which are material to
the preparation of Zheng's defense or are intended for use
by the government as evidence in its case in chief at the trial,
or were obtained from or belong to Zheng or any other
defendant, co-conspirator, witness, or person which relates
to any of the charges against Zheng.

20.    A copy of any and all tape recordings which are
material to the preparation of Zheng's defense or are
intended for use by the government as evidence in its

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2ⁿᵈ Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

case in chief at the trial, or were obtained from or

belong to Zheng or any other Defendant, co-

conspirator, witness, or person which relates to any of the

charges against Zheng.

21.   A copy of any and all transcripts of tape recordings which

are material to the preparation of Zheng's defense or are

intended for use by the government as evidence in its case in

chief at the trial, or were obtained from or belong to Zheng

or any other defendant, co-conspirator, witness, or person

which relates to any of the charges against Zheng.

## II.   ZHENG IS ENTITLED TO RULE 12(b)(4)(B) NOTICE

17
18
19

Rule 12(b)(4)(B) provides as follows:

20
21
22
23
24

At the arraignment or as soon afterward as practicable, the
defendant may, in order to have an opportunity to move to suppress
evidence under Rule 12(b)(3)(C), request notice of the
government's intent to use (in its evidence-in-chief at trial) any
evidence that the defendant may be entitled to discover under Rule
16.

25
26

Zheng requests the Rule 12(b)(4)(B) notice.

27
28

Page 7 of 10

## III.    ZHENG IS ENTITLED TO FRE RULE 404(b)  DISCOVERY

FRE 404(b) provides that the prosecution, in a criminal case, shall provide reasonable notice in advance of trial of the general nature of any prior bad acts it intends to introduce at trial. The prosecution should provide Zheng with pretrial disclosure of each prior bad act it intends to introduce at trial.

## IV.    ZHENG IS ENTITLED TO PRODUCTION OF EXCULPATORY MATERIAL

The prosecution must provide Zheng with all evidence favorable to the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to *Kyles v. U. S.*, 514 U.S. 419,  115 S.Ct. 1555 (1995), in fulfilling its *Brady* obligations the prosecution has a **duty** to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police. *Kyles,* 514 U.S. at 437, 115 S.Ct. at 1567.  Specifically, *Kyles* states:

> ... the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [undisclosed favorable] evidence and make disclosure when the point of "reasonable probability" is reached. **This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.**

*Id.* (emphasis added).  Moreover, the prosecution has a duty to obtain and review

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

the applicable governmental agency files relating to its principal witness, and to

disclose any material, impeaching evidence. *Carriger v. Stewart*, 132 F.3d 463,

479-80 (9th Cir.1997). Thus, *Brady* imposes the duty upon the prosecution to

search and disclose material known to or possessed by agencies involved in the

investigation or prosecution of defendant, *United States v. Zuno-Arce*, 44 F.3d

1420, 1427 (9th Cir.1995) as well as  agencies interested in the prosecution,

*United States v. Wood,* 57 F.3d 733 (9th Cir.1995).

*Brady* material includes, but is not limited to impeachment evidence, *United*

*States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985),

negative exculpatory statements which includes statements that fail to mention

defendant, *Jones v. Jago*, 575 F. 1164 (6th Cir. 1978); *United States  v. Torres*,

719 F.2d 549 (2nd 1985), 2) prior inconsistent statements of a witness, *United*

*States v. Peters*, 732 F.2d 1004 (1st Cir. 1984); *Chaney v. Brown*, 730 F.2d 1334

(10th Cir. 1984), pecuniary or other interest of a witness, *United States v. Strifler*,

851 F.2d 1197 (9th Cir. 1988), bias of a witness, *United States v. Sperling*, 726

F.2d 69 (2nd Cir. 1984), favors a witness received from the government, *United*

*States  v . Burnside*, 824 F. Supp. 1215 (N.D. Ill 1993), promises made a witness

by the government, *United States v. Mayer***,** 556 F.2d 245 (5th Cir. 1977); *Haber v.*

*Wainwright* , 756 F.2d 1520 (11th Cir 1985), bad character of a witness, *United*

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

*States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993); *Brumel-Alvarez*, *supra.*

*Brady* material also includes favorable information found in the personnel file of

governmental officials called to testify by the prosecution. *United States v.*

*Henthorn*, 931 F.2d 29 (9th Cir.1991)

If the prosecution is uncertain as to whether *Brady* applies to certain

information, it should not refuse to disclose the information, but it should  submit

the information to the trial court for an in camera inspection and evaluation. *See*

*United States v. Agurs*, 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342

(1976).

**CONCLUSION**

Zheng is entitled to the requested discovery, Rule 12(b) discovery, FRE

Rule 404 notice,  and to the disclosure of *Brady* and other exculpatory material.

Law Office of G. Anthony Long

By: _____

G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

# LAW OFFICE OF G. ANTHONY LONG

P.O. Box 504970
2nd Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Tel. 670.235.4802      Fax 670.235.4801
gal@nmi.com

August 27, 2005



**VIA FAX AND HAND DELIVERY**
**FAX NO. (670) 236-2945**

Timothy E. Moran, Esq.
Assistant United States Attorney
District of the Northern Mariana Islands
3rd Floor, Horiguchi Building
P.O. Box 500377
Saipan, MP 96950



Re: *USA v. Zheng*, United States District Court Criminal Case No. 05- 00027

Dear Tim:

This letter serves as a formal request for production of FRCrP Rule 12(b)(4) material, FRCrP Rule 16 discovery and *Brady* material.

## REQUEST FOR FRCrP RULE 12(b)(4) MATERIAL

Pursuant to Rule 12(b)(4) Zheng requests for notice of all evidence which Zheng may be entitled to discover under Rule 16 which the government intends to use in its evidence in chief at trial. The government must provide the requested notice so that Zheng can determine whether to object or move to suppress any such evidence pursuant to 12(b)(3)(C).

## FRCrP RULE 16 DISCOVERY REQUEST

Zheng requests discovery of the following under FRCrP Rule 16:

1.  The substance of each and every oral statement made by Zheng prior to, contemporaneous with, and subsequent to her arrest.

2.  The identity of each and every informant who provided information to governmental officials or agents concerning the charge against Zheng.

Page 1 of 5

Letter toTim Moran, Esq.
*USA v. Zheng*, Cr. # 05-00006
August 27, 2005

3.   The identity of each and every person who witnessed the alleged acts or actions of Zheng which serve as a basis for the charge against Zheng.

4.   Any and all documents which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness or person which relates to any of the charges against Zheng.

5.   A copy of any and all statements made by any and all co-conspirators.

6.   A copy of the documentation reflecting the chain of custody of any and all physical evidence to be used against Zheng at trial.

7.   A copy of any and all written statements taken by government agents obtained from persons whom the government intends to call as witnesses at trial.

10.   A copy of each and every criminal conviction of each and every person the government intends to call as a witness at trial.

11.   A copy of Zheng's prior criminal record.

12.   A copy of each and every written or recorded statement made by Zheng which is related to this case.

13.   A copy of all original or rough hand written notes taZhengn or made by governmental officials or agents based upon interviews with each and every person the government interviewed in investigating the case which led to the indictment against Zheng.

14.   The identity of each and every alleged co-conspirator of Zheng.

15.   A copy of the personnel file of each and every employee and agent of the United States of America that the government intends to call as a witness at trial.

16.   A copy of the personnel file of each and every employee and agent of the CNMI that the government intends to call as a witness at trial.

Letter toTim Moran, Esq.
*USA v. Zheng*, Cr. # 05-00006
August 27, 2005

17. The identify of each and every expert witness the prosecution intends to call as a witness at trial.

18. A summary of the testimony of each expert witness the government intends to call at trial under FRE Rules 702, 703 and 705, which summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

19 Inspection of any and all physical items which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness or person which relates to any of the charges against Zheng.

20. A copy of each and every photograph or electronic image which is material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Zheng.

21. A copy of any and all video recordings which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Zheng.

22. A copy of any and all tape recordings which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Zheng.

23. A copy of any and all transcripts of tape recordings which are material to the preparation of Zheng's defense or are intended for use by the government as evidence in its case in chief at the trial, or were obtained from or belong to Zheng or any other defendant, co-conspirator, witness, or person which relates to any of the charges against Zheng.

Letter toTim Moran, Esq.
*USA v. Zheng*, Cr. # 05-00006
August 27, 2005

The above request is not a limitation of the material and information Zheng believes she is entitled to. If it subsequently becomes apparent that Zheng's defense is entitled to or needs other material and information not covered by this request, then additional requests will be made.

## BRADY MATERIAL

Zheng is entitled to discover all evidence favorable to the defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to *Kyles v. U. S.*, 514 U.S. 419, 115 S.Ct. 1555 (1995), in fulfilling its *Brady* obligations the prosecution has a **duty** to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police. *Kyles*, 514 U.S. at 437, 115 S.Ct. at 1567. Specifically, *Kyles* states:

> ... the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [undisclosed favorable] evidence and make disclosure when the point of "reasonable probability" is reached. **This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police.**

*Id.* (emphasis added). Moreover, the prosecution has a duty to obtain and review the applicable governmental agency files relating to its principal witness, and to disclose any material, impeaching evidence. *Carriger v. Stewart*, 132 F.3d 463, 479-80 (9th Cir.1997).
Thus, *Brady* imposes the duty upon the prosecution to search and disclose to Zheng material known to or possessed by agencies involved in the investigation or prosecution of Zheng, *United States v. Zuno-Arce*, 44 F.3d 1420, 1427 (9th Cir.1995) as well as agencies interested in the prosecution, *United States v. Wood*, 57 F.3d 733 (9th Cir.1995).

*Brady* material includes, but is not limited to impeachment evidence, *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985), negative exculpatory statements which includes statements that fail to mention defendant, *Jones v. Jago*, 575 F. 1164 (6th Cir. 1978); *United States v. Torres*, 719 F.2d 549 (2nd Cir. 1985), 2) prior inconsistent statements of a witness, *United States v. Peters*, 732 F.2d 1004 (1st Cir. 1984); *Chaney v. Brown*, 730 F.2d 1334 (10th Cir. 1984), pecuniary or other interest of a witness, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), bias of a witness, *United States v. Sperling*, 726 F.2d 69 (2nd Cir. 1984), favors a witness

Letter toTim Moran, Esq.
*USA v. Zheng*, Cr. # 05-00006
August 27, 2005

received from the government, *United States  v . Burnside*, 824 F. Supp. 1215 (N.D. Ill 1993), promises made a witness by the government, *United States v. Mayer*, 556 F.2d 245 (5th Cir. 1977); *Haber v. Wainwright* , 756 F.2d 1520 (11th Cir 1985), bad character of a witness, *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993); *Brumel-Alvarez, supra. Brady* material also includes favorable information found in the personnel file of governmental officials called to testify by the prosecution. *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991)

If the prosecution is uncertain as to whether *Brady* applies to certain information, it should not refuse to disclose the information, but it should  submit the information to the trial court for an in camera inspection and evaluation.  *See United States v. Agurs*, 427 U.S. 97, 106, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976).

Zheng hopes to receive the Rule 12(b)42) notice, Rule 16 discovery,  and  *Brady* material in a timely fashion so as to avoid having to file pre-trial motions on the matters. Thank you for your cooperation.

Sincerely,

G. Anthony Long