F I L E D
Clerk
District Court

SEP 2 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
   MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:       (670) 236-2985

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            )<br>     Plaintiff, )<br>            )<br>  v.        )<br>            )<br>ZHENG, MING YAN, )<br>            )<br>     Defendant. )<br>            )<br>            )<br>            )<br>_____ ) | Criminal Case No. 05-00027<br><br>GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS AND FOR DISCOVERY<br><br>Date: October 6, 2005<br>Time: 9:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its response to the defendant's motions to dismiss and for pretrial discovery. The Government respectfully requests that the Court deny the defendant's motions because the Court has jurisdiction over the Mann Act charge here and because the Government is currently in compliance with its discovery obligations, as discussed below.

I.    THE COVENANT PROVIDES JURISDICTION OVER THE MANN ACT CHARGE.

The Covenant between the CNMI and United States provides for the applicability of federal criminal law to the CNMI. As a law of general application to the several states and

Guam, the Mann Act applies to the CNMI through § 502(a) of the Covenant To Establish A Commonwealth of the Northern Mariana Islands in Political Union with the United States (the "Covenant"). Accordingly, the Court should deny the defendant's motion to dismiss for lack of jurisdiction.

The defendant argues that the Mann Act does not apply in the CNMI because its "jurisdictional hook" is the Commerce Clause, U.S. Const. art. III, § 8, cl. 3, which does not apply to the CNMI. (Def.'s Mem. in Supp. at p. 10.) The flaw in the defendant's argument is that she assumes that the Mann Act must rely on the same source of authority in the CNMI as in the several states, i.e., the Commerce Clause, instead of directly on the Covenant. In other words, the defendant argues that the Covenant must import the Commerce Clause, and then the Commerce Clause must authorize a specific statute, before the statute can apply in the CNMI. This additional step contradicts to the explicit language of the Covenant, which itself provides the "jurisdictional hook" for the Mann Act.

"[T]he authority of the United States towards the CNMI arises solely under the Covenant." United States ex rel. Richards v. De Leon Guerrero, 4 F.3d 749, 754 (9th Cir. 1993), quoting Hillblom v. United States, 896 F.2d 426, 429 (9th Cir. 1990). Federal criminal law became applicable to the CNMI along with the vast majority of other federal statutes by operation of Covenant § 502(a)(2). That section provides in relevant part that:

> (a) The following laws of the United States in existence on the effective date of this Section and subsequent amendments to such laws will apply to the Northern Marianas Islands, except as otherwise provided in this Covenant...
>
> > (2) those laws not described in paragraph (1) which are applicable to Guam and which are of general application to the several states as they are applicable to the several States; and . .

Covenant § 502(a)(2); see also De Leon Guerrero, 4 F.3d at 756. The Mann Act meets the two prongs of § 502(a)(2): it applies to Guam and the several states. See United States v. Taitano, 442 F.2d 467, 469 (9th Cir. 1971) (affirming conviction under Mann Act in District Court of Guam). Accordingly, the Covenant itself provides for the applicability of the Mann Act to the CNMI.

1    Precedent strongly supports this position. See e.g., United States v. Du Bo, 1997 WL
2  33630795, *1 (D.N.M.I. 1997), rev'd on other grounds 186 F.3d 1177 (9th Cir. 1999); Fleming v.
3  Department of Public Safety, 837 F.2d 401, 404-05 (9th Cir. 1988). Fleming, on which the
4  defendant relies, distinguished a Constitutional provision, which is governed by Covenant §
5  501(a), from a statute of general application. 837 F.2d at 405. In addition to finding that the
6  Eleventh Amendment did not apply to the CNMI, Fleming held that "[b]ecause [42 U.S.C.]
7  section 1983 is applicable by its terms and because it is applicable to Guam and also to the states,
8  we find that section 1983 applies to the Commonwealth." Id. (citations omitted). The Ninth
9  Circuit did not look to whether Congress's authority to legislate § 1983 as to the several states
10 also applied to the CNMI; it simply analyzed the statute under § 502(a)(2)'s two prong test.
11 Finally, the fact that an element of the Mann Act requires interstate or foreign commerce
12 demonstrates that it does not interfere with intraterritorial matters and is consistent with § 502.
13 See Section By Section Analysis of the Covenant To Establish A Commonwealth of the Northern
14 Mariana Islands, 53 (Feb. 15, 1975) (noting that the "result of [§ 502(a)(2)] will be the
15 application of a wide variety of federal laws to the Northern Marianas, selected because of their
16 applicability to Guam and to the States").

17 II.    THE GOVERNMENT IS IN COMPLIANCE WITH ITS DISCOVERY OBLIGATIONS.
18    The Government has already provided copies of the Fed. R. Crim. P. 16 material in its
19 possession. Copies of the Government's letters concerning productions on September 9 and 22,
20 2005, are attached hereto. However, the investigation in this matter is ongoing and the
21 Government continues to accumulate material. The Government will continue to produce
22 material subject to Rule 16 as it acquires it on a rolling basis and in a timely manner, as it had
23 already done.
24    The Government is also aware of its obligations under Brady and Giglio. The
25 Government has already notified the defendant that it is unaware of the existence of exculpatory
26 information that would fall under the requirements of Brady. The Government will make
27 production of any Brady and Giglio material no later than the time it provides prior statements of
28 witnesses pursuant to 18 U.S.C. § 3500.

III.   CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court deny the defendant's motions to dismiss for lack of jurisdiction and for pretrial discovery.

Dated: September 22, 2005
       Saipan, CNMI

                                    LEONARDO M. RAPADAS
                                    United States Attorney
                                    District of the Northern Mariana Islands

                            By: _____
                                    TIMOTHY E. MORAN
                                    Assistant U.S. Attorney



**U.S. Department of Justice**

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Patrick J. Smith*

---

P.O. Box 500377
Saipan, MP 96950

TEL (670) 236-2952
FAX (670) 236-2985

September 9, 2005

**By Hand Delivery**

G. Anthony Long, Esq.
P.O. Box 504970
2nd Floor, Lim's Building
San Jose, Saipan, MP 96950

```
LOGAL
9/12/05
```

      Re:    <u>United States v. Zheng, Ming Yan</u>, Cr. Case 05-00027

Dear Mr. Long:

      I write in response to your request for discovery, made by letter of August 27, 2005. The Government is herewith making an initial production of discovery materials pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, as set forth below. The Government also seeks reciprocal discovery.

<u>Disclosure By the Government</u>

    1.    Enclosed are copies of following documents:

        a.    The FBI 302 of the defendant's statement following arrest, bates stamped ZHE00001 through ZHE00004;
        b.    Various documents in Chinese with English translations, bates stamped ZHE00005 through ZHE00049;
        c.    Search Warrant, Application and Affidavit in Support of Search Warrant, and Order, Miscellaneous Case Number MC05-00125, bates stamped ZHE00050 through ZHE00074; and
        d.    Seizure Warrant, Application and Affidavit in Support of Seizure Warrant, and Order, MC05-00124, bates stamped ZHE00075 through ZHE00090.

    2.    Please note Miscellaneous Case Numbers MC 05-00124 and MC 05-00125 are still under seal. The Government will move to unseal these cases.

    3.    The materials seized in the search are available for inspection. Please contact me to arrange a time for inspection.

    4.    The Government will supplement this production with copies of recordings of the defendant and any other material subject to production under Rule 16 as they become available.

    5.    <u>Brady and Giglio Material.</u>  We understand you to have made requests for <u>Brady</u> material. The Government recognizes its obligations under <u>Brady</u> v. <u>Maryland</u>, 373 U.S.

83 (1963), and its progeny. To date, the Government is unaware of any <u>Brady</u> material regarding the defendants, but will provide timely disclosure if any such material comes to light. The Government will provide <u>Giglio</u> material, if any, in sufficient time for counsel to make appropriate use of such material, in any event, no later than the time it provides prior statements of witnesses pursuant to Title 18, United States Code, Section 3500.

### Disclosure By the Defendants

In light of your requests for the foregoing discovery, the Government hereby requests reciprocal discovery under Rule 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. <u>See</u> Fed. R. Crim. P. 26.2; <u>United States</u> v. <u>Nobles</u>, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

### Sentence Reduction for Acceptance of Responsibility

This Office will not request the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date.

        Please contact us at your earliest convenience concerning the possible disposition of this matter.

        Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant U.S. Attorney

enc.




**U.S. Department of Justice**

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Patrick J. Smith*

---

P.O. Box 500377
Saipan, MP 96950

TEL (670) 236-2952
FAX (670) 236-2985

September 22, 2005

**By Hand Delivery**

G. Anthony Long, Esq.
P.O. Box 504970
2nd Floor, Lim's Building
San Jose, Saipan, MP 96950

        Re:    <u>**United States v. Zheng, Ming Yan**</u>, Cr. Case 05-00027

Dear Mr. Long:

      Pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, enclosed please find two audio cassette tapes containing copies of recordings of a meeting and phone call with the defendant that took place on June 24, 2005. Please note that the investigation in this matter is ongoing and the Government will continue to produce material subject to Rule 16 as it becomes available.

                          Sincerely,

                          LEONARDO M. RAPADAS
                          United States Attorney
                          Districts of Guam and the NMI

            By: _____
                    TIMOTHY E. MORAN
                    Assistant U.S. Attorney

enc.