Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ZHENG MING YAN<br><br>Defendant | ) CRIMINAL ACTION NO. 05-0027<br>)<br>)<br>)<br>) DEFENDANT'S REPLY<br>) SUPPORTING INITIAL<br>) PRETRIAL MOTIONS<br>)<br>) Date: Oct. 6, 2005<br>) Time: 9:00 a.m.<br>) |

1.  **THE PROSECUTION HAS NOT PROFFERED ANY ARGUMENT WHICH SHOWS THAT IT CAN PROVE THE ESSENTIAL COMMERCE ELEMENT GIVEN THAT COVENANT § 501 DOES NOT EXTEND THE COMMERCE CLAUSE TO THE COMMONWEALTH**

In its response to Zheng's motion to dismiss Count 3, the prosecution appears to confuse subject matter jurisdiction with the ability to prove an essential element of the charge. As observed in *United States v. Ratigan* 351 F.3d 957 (9th Cir. 2003):

> [a] link to interstate commerce may be essential to Congress's substantive authority, *see United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), but the existence of regulatory power differs from the subject-matter jurisdiction of the courts. *United States v. Martin*, 147 F.3d 529 (7th Cir.1998), clarifies this point by holding **that proof of an interstate transaction is no different from proof of any other element of a federal crime. "[T]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of [the offense]. Although courts frequently call it the 'jurisdictional element' of the statute, it is 'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime**

*Id* at 380 - 381(emphasis added). Zheng's contention is that the prosecution, as a matter of law, cannot prove the requisite nexus to commerce since the interstate commerce clause was not extended to the Commonwealth.

To this extent, the prosecution's reliance on *Fleming* is misplaced. *Fleming* holds that § 1983 applies to the Commonwealth. However, most importantly, *Fleming* holds that the constitutional component of § 1983 which applied in the states, the 11th Amendment, did not to apply in the Commonwealth. The court reached this conclusion because Covenant § 501 did not extend the 11th Amendment to the Commonwealth. The same rational applies in this case.

The constitutional component of 18 U.S.C. § 922, the commerce clause,

applies in the states, but it was not extended to the Commonwealth by Covenant § 501. Based on *Fleming*, therefore, the commerce clause does not apply in the Commonwealth. Thus, the essential element of interstate commerce, which the prosecution must prove to establish the § 922 charge, cannot be proven as a matter of law.

This court is bound by 9th Circuit precedent. *See Zuniga v. United Can Co*, 812 F.2d 443, 450 (9th Cir.1987) (district courts are bound to follow the precedents of their own circuit). Under the law of the circuit doctrine, a district court in the Ninth Circuit is bound to follow Ninth Circuit authority until such precedent is overruled by an intervening Supreme Court opinion, by an en banc panel of the circuit, or by a controlling Act of Congress. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 463 (N.D.Cal.,1994) *See also United States v. Frank*, 956 F.2d 872, 882 (9th Cir.1991). This rule applies even if the district court is convinced that such authority is unwise, incorrect or was wrongly decided. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). As stated in *Hart*:

> [b]ut precedent also serves a very different function in the federal courts today, one related to the horizontal and vertical organization of those courts. (Citation omitted). A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a

controlling legal issue, or with Supreme Court Justices writing for a majority of the Court. (footnote omitted). Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, caselaw on point is the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considers the rule unwise or incorrect. Binding authority must be followed unless and until overruled by a body competent to do so

*Id* at 1170.

As Zheng noted in her moving memorandum, *Fleming* ruled that:

> **[f]rom the specificity with which the applicable provisions of the United States Constitution are identified, it is clear that the drafters considered fully each constitutional amendment and article for inclusion in the Covenant**. That they deliberately declined to include the eleventh amendment unequivocally demonstrates their desire that the Commonwealth not be afforded eleventh amendment immunity. As the Supreme Court long ago observed, "in an instrument well drawn, as in a poem well composed, silence is sometimes most expressive." *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 454, 1 L.Ed. 440 (1793) (opinion of Wilson, J.). Furthermore, neither the government of the United States nor of the Commonwealth has since approved any law, compact, or treaty that would have the effect of making the eleventh amendment applicable to the Commonwealth.
>
> **Under these circumstances, the most basic rule of statutory construction is that the plain language of the statute should be regarded as conclusive. (citations omitted).** Where the language of the Covenant is as clear as it is here, and the legislative history and purpose are not to the contrary, we may not impose eleventh amendment immunity on the Commonwealth....**We simply cannot subvert the well defined parameters of sections 501(a) and 502(a)(2) absent clear legislative intent**.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

837 F.2d 401, 405 - 406 (9th Cir. 1988)(emphasis added). *See Norita v. Northern Mariana Islands*, 331 F.3d 690, 693 - 694 9 (9th Cir. 2003). Thus, under binding 9th Circuit authority the plain language of the Covenant controls the applicability of the commerce clause to the Commonwealth unless evidence is submitted to show otherwise. The prosecution has not offered any argument or pointed to any evidence, and Zheng is unaware of any, which leads to the conclusion that the plain language rule does not apply with respect to the commerce clause[1]. This means the court must conclude that the interstate commerce clause does not apply in the Commonwealth[2]. This precludes the prosecution from being able to prove that Zheng committed a federal crime.

---

[1] The 9th Circuit relies on the **Section-by-Section Analysis of the Covenant To Establish A Commonwealth of the Northern Mariana Islands** ("**Analysis**") to assist in discerning the meaning of the Covenant. *Northern Mariana Islands v. U.S.*, 399 F.3d 1057, 1065 (9th Cir. 2005) The **Analysis** does not mention or address the commerce clause or its applicability to the Commonwealth. This circumstance supports application of the plain language rule which means the commerce clause does not apply in the Commonwealth. *See Id.*

[2] This conclusion is not extraordinary in light of *Sakamoto v. Duty Free Shoppers*, 764 F.2d 1285(9th Cir. 1985).

## II. ZHENG IS ENTITLED TO AN ORDER COMPELLING DISCOVERY

In responding to Zheng's discovery motion, the prosecution does not object to any of the items sought by Zheng. This entitles Zheng to an order compelling the prosecution to produce each and every item responsive to the items sought by Zheng. Otherwise, Zheng, is left to speculate as to what items, if any, the prosecution objects to. Ordering the prosecuitonto produce the items Zheng sseeks which it has not objected to precludes future motion to compel discovery.

## CONCLUSION

The Mann Act charge should be dismissed as the prosecution cannot prove all of the essential elements as a matter of law. Alternatively, Zheng is entitled to an order compelling the prosecution to produce each item requested in discovery.

Law Office of G. Anthony Long

By: _____
G. Anthony Long