Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0027 |
| Plaintiff | ) |
| v. | ) MEMORANDUM SUPPORTING<br>) MOTION TO QUASH SUBPOENA<br>) DUCES TECUM SERVED ON |
| ZHENG MING YAN | ) DEFENSE COUNSEL |
| Defendant | ) Date: OCT - 6 2005 |
| | ) Time: 9:00 AM |

A recipient of a federal grand jury subpoena duces tecum may only challenge the subpoena by filing a motion to quash pursuant to Rule 17 ( c). *In re Grand Jury Subpoena*, 41 F.Supp.2d 1026, 1032 (D.Alaska,1999).

In this case, defense counsel for Zheng Ming Yan was served a grand jury subpoena duces tecum to produce certain documents. A copy of the subpoena is attached hereto. For the reasons set forth below, the court should quash the subpoena.

Page 1 of 5

I. **THE SUBPOENA SERVED ON DEFENSE COUNSEL SHOULD BE QUASHED AS THE DOCUMENTS SOUGHT CAN REASONABLE BE PROCURED FROM OTHER SOURCES**

Regarding prosecutors subpoenaing defense counsel, the Ninth Circuit has observed that:

> [t]he government's apparently increasing use of grand jury subpoenas on a target's counsel, both pre- and post-indictment, has been the subject of much comment in the last few years. The practice has been almost universally criticized by courts, commentators and the defense bar because it is viewed as a tool of prosecutorial abuse and as an unethical tactical device US Attorneys employ to go on a "fishing expedition" with legal counsel **without first pursuing alternative avenues to get the information**. Many feel, and with some justification, that whatever benefit the government derives from this practice comes at the direct expense of the attorney-client relationship. Among the perceived costs, for example, are the potential loss of a client's choice of counsel should the latter be compelled to testify at the trial and the potential chilling effect upon the client's trust in his counsel's loyalty.
>
> The Department of Justice took note of the situation in 1985, shortly after DOJ statistics revealed the increasing use of this type of subpoena. In July of that year, under the tutorage of Stephen S. Trott (now a member of this court), it issued a new section of the United States Attorney's Manual entitled "Policy With Regard to the Issuance of Grand Jury or Trial Subpoena to Attorneys for Information Relating to the Representation of Clients." United States Attorneys' Manual § 9-2.161(a) (July 18, 1985). In substance, the guidelines seek to ensure that subpoenas on counsel issue only in appropriate contexts and subject to certain safeguards. They require the prosecutor to obtain the approval of the Assistant Attorney General in charge of the Criminal Division for issuance of all subpoenas served on counsel at any time; the subpoena must

seek only information "reasonably needed for the successful completion of the investigation or prosecution"; and, **the prosecutor must establish that he has sought alternative sources first and that the need for the information outweighs the risk that the attorney will be disqualified.**

*United States v. Perry*, 857 F.2d 1346, 1348 (9th Cir.1988)(footnotes omitted) (emphasis added).

*Perry* shows that a factor governing the propriety of a post indictment subpoena served on defense counsel is whether the documentation can be procured from elsewhere. The declaration of Tony Yen establishes that the documentation sought in the subpoena to defense counsel are all on file with governmental agencies of the Commonwealth of the Northern Mariana Islands. The prosecution can obtain the documents by subpoenaing the appropriate government agency as opposed to subpoenaing defense counsel. This necessitates quashing the subpoena served on defense counsel in this case[1].

## II. THE SUBPOENA SHOULD BE QUASHED AS IT IS BEING USED FOR TRIAL DISCOVERY

Case law is firm in holding that the prosecution can not use a grand jury

---

[1] In *United States v. Ke*, Criminal Case NO. 03-00006, Order at 3 - 4, (D.N.M.I. May 3, 2003), this court quashed a post indictment Rule 17(c) subpoena served on defense counsel due to the documents being procurable from other sources.

subpoena pretrial criminal discovery. *Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F.Supp. 132 (D.Ariz.,1994). Indeed, the investigatory power of the grand jury may not be used if the primary purpose of the investigation is to gather evidence for use at the trial of a pending matter. *Id; United States v. Star*, 470 F.2d 1214, 1217 (9th Cir.1972 ). See *United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir.1983), cert. dismissed, 464 U.S. 978, 104 S.Ct. 1019, 78 L.Ed.2d 354 (1983)[,"[P]ractices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden."].

In this case, Zheng has already been indicted on Mann Act charges. Seeking the documents concerning the processing of documents with the Commonwealth Department of Labor and Divison of Immigration for Zheng, and employees for Perfect Corporation and Great Corporation can only serves as pretrial discovery.

The subpoena should also be quashed because it can be viewed as a form of harassment against defense counsel who exercises diligence in obtaining potential evidentiary material in representation of his client. *See Matter of Grand Jury Subpoenas Issued May 3, 1994 for Nash*, 858 F.Supp. at 136. See also *In re Grand Jury Matters*, 751 F.2d 13, 18 (1st Cir.1984) (subpoena issued for attorney representing a target in a related pending criminal matter "implicates serious policy concerns.").

## CONCLUSION

The subpoena served on defense counsel should be quashed as the documents sought are copies of public documents which can be obtained from the appropriate agencies of the Commonwealth. Under this circumstance, the subpoena is oppressive, burdensome and improper, especially after the grand jury has returned an indictment against Zheng. Alternatively, the subpoena should be quashed because at best, it constitutes trial discovery, and at worst, it is attempted intimidation of defense counsel.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

Case 1:05-cr-00027   Document 27   Filed 09/30/2005   Page 6 of 7

# United States District Court

DISTRICT OF ____the Northern Mariana Islands____

TO: G. Anthony Long
Attorney at Law
Saipan

**SUBPOENA TO TESTIFY BEFORE GRAND JURY**

SUBPOENA FOR:

☐ PERSON    ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| UNITED STATES DISTRICT COURT<br>Horiguchi Building, Garapan<br>Saipan, MP 96950 | GRAND JURY ROOM<br>Third Floor |
| | DATE AND TIME<br>Wednesday, September 21, 2005<br>9:00 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

**Any and all documents received or obtained from Tony Yen concerning Zheng, Ming Yan; Greate Corporation a/k/a Great Corporation; and/or Perfect Corporation.**

**NOTE:** Instead of appearing before the Grand Jury, this Subpoena may be complied with by delivering the subpoenaed documents, along with an executed copy of the attached **Affidavit of Compliance**, to Special Agent James T. Barry, Federal Bureau of Investigation, MHII Building, Room 202, Saipan, MP 96950 on or before **Wednesday, September 21, 2005**. Special Agent Barry can be contacted at Tel. # (670) 322-6934.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| GALO L. PEREZ<br>(By) Deputy Clerk [signature] | September 19, 2005 |

| This subpoena is issued on application of the United States of America | NAME, ADDRESS and PHONE NUMBER OF ASSISTANT U.S. ATTORNEY<br>TIMOTHY E. MORAN, AUSA<br>U.S. Attorney's Office<br>Third Floor, Horiguchi Building<br>P.O. Box 500377, Saipan, MP     (670) 236-2982 |