FILED
Clerk
District Court

OCT 13 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
   MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:        (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZHENG, MING YAN, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Criminal Case No. 05-00027 <br><br> GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON DEFENSE COUNSEL <br><br> Date: Oct. 25, 2005 <br> Time: 8:30 AM |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its opposition to the motion to quash the subpoena duces tecum served on defense counsel. The Government respectfully requests that the Court deny the motion to quash because the documents requested are relevant and material to the grand jury's investigation and not otherwise available and because there is minimal risk of an adverse effect on the attorney-client relationship.

I.   THE DOCUMENTS ARE NOT REASONABLY AVAILABLE FROM OTHER SOURCES.

As part of an ongoing investigation, the grand jury issued a subpoena to defense counsel for "[a]ny and all documents received or obtained from Tony Yen concerning Zheng, Ming Yan; Greate Corporation a/k/a Great Corporation; and/or Perfect Corporation." These documents are believed to be copies of documents translated by Yen from Chinese to English for the defendant. It is the Government's information that, following the court hearing for the defendant's initial appearance at which Tony Yen translated for the defendant, the defendant told Yen to give all the documents in his possession to her counsel at counsel's request. Yen complied with this request and was therefore unable to produce any documents in response to a grand jury subpoena issued to him later the same day.

Defense counsel argues that the subpoena should be quashed because the documents sought can be reasonably procured from other sources, namely from the appropriate government agency. This argument is misplaced both factually and legally. As a matter of fact, the documents are not reasonably available for several reasons. First, the Government has attempted to procure the documents from the several government agencies and does not believe that the agencies have maintained complete and accurate files, such that the Government is missing documents. In any event, the Government has no way to know whether it has a complete set of the documents without access to the documents in possession of defense counsel. Second, Yen may have had documents in his possession that were not provided to the agencies, such as draft documents or Chinese language versions. The grand jury subpoena encompasses those documents as well. Third, the documents that came from the possession of Yen may be linked directly to the defendant, through testimony to the grand jury by Yen or the subpoenaing agent, while documents from the various agencies may have evidentiary issues precluding their usefulness to the investigation. In this way the documents requested by the grand jury are different from documents that may be procured from the government agencies.

As a matter of law, there is no prohibition against issuing a grand jury subpoena for material in the possession of defense counsel. The Ninth Circuit specifically declined to adopt

such a prohibition. United States v. Perry, 857 F.2d 1346, 1350 (9th Cir. 1998). The Ninth Circuit also declined to require that the Government make a showing before issuing a grand jury subpoena to defense counsel, recognizing "this circuit's narrow construction of the supervisory power of the district courts over grand juries." In re Grand Jury Proceeding (Schofield), 721 F.2d 1221, 1222 fn. 1 (9th Cir. 1983). Perry's reference to a preference for alternate sources comes from internal Department of Justice guidelines that DOJ promulgated for its own use to ensure that grand jury subpoenas are not issued to attorneys except when necessary and justified. These guidelines do not create any enforceable rights for the defendant. See id. at 1348, fn. 3. Nevertheless, the grand jury subpoena to defense counsel met the guidelines discussed in Perry.

II. THE GRAND JURY SUBPOENA IS PURSUANT TO AN ONGOING INVESTIGATION, NOT SOLELY FOR TRIAL PREPARATION, AND DOES NOT HARASS DEFENSE COUNSEL.

Defense counsel asserts that the Government's purpose in issuing the grand jury subpoena is to acquire evidence for trial. "[T]he government should not use the grand jury for the *sole* purpose of pretrial discovery in cases in which an indictment has already been returned." United States v. Star, 470 F.2d 1214, 1217 (9th Cir. 1972) (emphasis added). In contrast, the grand jury subpoena here serves the entirely proper purpose to further an ongoing grand jury investigation.

> There is no legal basis for barring a grand jury investigation simply because there is an outstanding indictment involving persons not being called as witnesses. There is also no bar to investigation of other areas of criminal liability for which the defendants or co-defendants may be accountable. Indeed, the duties of the grand jury are not performed until every clue and all witnesses are examined in order to charge the proper person with the appropriate crime.
> While it may be improper to call a grand jury witness solely to prepare a previously indicted case for trial, *the government has every right to interrogate witnesses on subjects relevant to a pending indictment.*

In re Grand Jury Proceedings (Pressman), 586 F.2d 724, 725-26 (9th Cir. 1978) (emphasis added) (citations omitted).[1]

Because the grand jury proceeds in secrecy, it is easy for the defendant to level a charge that the Government acts only for pretrial discovery and hard for the Government to rebut that

---

[1] In fact, the motion to quash should have been filed as a miscellaneous case instead of in the present case.

1 charge. See id. at 725 ("[t]his charge, easily voiced, is difficult to prove or disprove"). In this
2 case, defense counsel offers nothing to support the charge other than the existence of the
3 indictment. Defense counsel's showing falls far short of the mark. First, the Government cannot
4 be required to disclose the nature of the investigation or to justify the subpoena to the recipient.
5 See United States v. R. Enterprises, 498 U.S. 292, 297 (1991) ("In short, the Government cannot
6 be required to justify the issuance of a grand jury subpoena by presenting evidence sufficient to
7 establish probable cause because the very purpose of requesting the information is to ascertain
8 whether probable cause exists."); In re Grand Jury Subpoenas Dated December 10, 1987, 926
9 F.2d 847, 854 (9th Cir. 1991) ("This court has rejected arguments that an affidavit of need or
10 relevance should be required before a grand jury subpoena is issued."), citing In re Grand Jury
11 Proceeding, 721 F.2d 1221, 1223 (9th Cir. 1983). Second, although the Government has no
12 obligation to disclose the nature of the investigation, in this case other pleadings, copies of which
13 defense counsel has received, demonstrate that the grand jury is investigating violations of 18
14 U.S.C. § 2314 (interstate transportation to further a scheme of fraud) at the least. (See Aff, in
15 Supp. of Seizure Warrants dated August 19, 2005, Misc. Case. No. 05-00124; Aff. in Supp. of
16 Search Warrant dated August 19, 2005, Misc. Case No. 05-00125).[2] Furthermore, the grand jury
17 need not cease issuing subpoenas at the moment it obtains probable cause for an indictment. See
18 United States v. Picketts, 655 F.2d 837, 841 (7th Cir. 1981).

19       Defense counsel finally asserts that the subpoena is a form of harassment against defense
20 counsel "who exercises due diligence in obtaining potential evidentiary material in representation
21 of his client." (Mem. in Supp. of Mot. to Quash at 4.) However, the subpoena was carefully
22 tailored not to harass defense counsel or infringe on the attorney-client relationship by limiting its
23 request solely to the documents received from Yen. Because these documents were obtained
24 from a third party, they cannot have any attorney-client privileged material or attorney work

---

[2]Although defense counsel's motion fails to make even a threshold showing of unreasonableness, should the Court require more information regarding the investigation to make its ruling, the Government requests that it make any offer of proof *in camera*. See R. Enterprises, 498 U.S. at 302.

product. More importantly, defense counsel by the exercise of his "due diligence" cannot block the grand jury from completing its investigation. Defense counsel cannot deny the grand jury access to otherwise reviewable material simply because he is defense counsel. Where no other privilege applies, the grand jury is well within its legitimate authority to subpoena the documents.

## III. CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court deny the motion to quash the subpoena duces tecum served on defense counsel.

Dated: October 13, 2005
Saipan, CNMI

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

By: _____
TIMOTHY E. MORAN
Assistant U.S. Attorney