Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-0027 |
|---|---|
| Plaintiff | ) |
| | ) REPLY SUPPORTING |
| v. | ) MOTION TO QUASH SUBPOENA |
| | ) DUCES TECUM SERVED ON |
| ZHENG MING YAN | ) DEFENSE COUNSEL |
| | ) |
| Defendant | ) Date: Oct. 25, 2005 |
| | ) Time: 8:30 a.m. |

The Ninth Circuit has recently held that:

> [i]n determining whether a subpoena of the lawyer is "unreasonable or oppressive," the district court may properly consider, among other factors, whether compliance would likely destroy the attorney-client relationship, and whether the information sought from the lawyer is already available from other sources.

*United States v. Bergeson*, --- F.3d ----, 2005 WL 2559717 at 2 (Oct. 13, 2005).

Continuing *Bergeson* notes that the government does not need the evidence bears on whether the subpoena is "unreasonable," and that it would destroy the

attorney-client relationship bears on whether the subpoena is "oppressive." *Bergeson*, 2005 WL 2559717 at 3. Moreover, although evidence possessed by a defense counsel may be the "simplest, clearest way to prove" a matter, that "does not make it necessary. *Bergeson*, 2005 WL 2559717 at 3

In this case,. The prosecution has been free at all times to interview Yen to ascertain what the documentation consisted of. It apparently has not done so. Instead it is preceding on a speculation as to what the documents are. Even more so, Yen has submitted a declaration under penalty of perjury regarding the documents at issue. Yen's declaration establishes what the documentation consists of. Yen's declaration is not disputred by the prosecution. Noticeably, the prosecution does not submit any declaration or make any statement under oath or penalty of perjury to support the allegations contained in its opposition.

Moreover, the prosecution claims evidentiary concerns as a basis for obtaining the documents. However, evidentiary issues are not a matter before the grand jury as the prosecution can rely on hearsay. *Bergeson*, 2005 WL 2559717 at 3. The prosecution asserts that it wants the documents to ensure that it has a complete set of documents. These explanations as well as the others contained in the oppositionshow that the prosecution wants the documentation solely for purposes of trial preparation. The claim the documents Yen processed with various

Commonwealth agencies is for an ongoing grand jury investigation is merely camouflage. Indeed, if the documents were that necessary, the prosecution would have subpoenaed them from Yen at the time it first sought the indictment against Zheng.

Lastly, and most importantly, the issue of the prosecution serving the subpoena for purposes of creating a conflict between Zheng and her attorney is of paramount importance. *Bergeson, supra*. The prosecution is noticeably silent on that issue. *Bergeson* notes that

> Rule 17©)(2) does not require a legal decision whether testimony of a lawyer against his client before a grand jury would necessarily destroy the attorney-client relationship. For purposes of the exercise of discretion, it is enough that the district judge think destruction likely, and the greater the likelihood, the greater the potential for oppressiveness.

2005 WL 2559717 at 4. The prosecution's silence on this matter in conjunction with its chain of custody argument in its opposition strongly suggest the prosecution is seeking to create a conflict of interest for purposes of depriving Zheng of her counsel of choice.

## CONCLUSION

The motion to quash should be granted.

The uncontroverted Yen declaration establishes that the documentation the prosecution seeks can be obtained from Commonwealth government agencies thereby meaning it is unnecessary to subpoena defense counsel.  The prosecution's opposition shows that it is subpoenaing defense counsel on mere speculation and for trial preparation purposes. Most importantly, it appears that the prosecution may trying to create a conflict of interest in order to deprive Zheng of her counsel of choice.  Its silence on the issue strongly suggests that the attempt to create a conflict is an underlying or predominate purpose for subpoenaing defense counsel.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

Page 4 of 4