FILED
Clerk
District Court

OCT 2 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 05-00027 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NOTICE OF ORDER |
| ) | DENYING MOTION |
| ZHENG, Ming Yan, ) | TO QUASH SUBPOENA ON |
| ) | DEFENSE COUNSEL |
| Defendant ) | |
| ) | |

THIS MATTER came before the court on Tuesday, October 25, 2005, for hearing of defendant's motion to quash the subpoena served on her counsel. Plaintiff appeared by and through Assistant U.S. Attorney Timothy E. Moran; defendant appeared by and through her attorney, G. Anthony Long.

THE COURT, having considered the written and oral arguments of counsel, ordered as follows:

AO 72
(Rev. 8/82)

Counsel or their designees are ordered to meet and confer today, October 25, 2005, at 1:30 p.m., to compare lists of the documents in their respective possession. If defense counsel has documents from Mr. Yen that plaintiff has not been able to obtain independently, defense counsel shall provide full and complete copies of the documents to plaintiff by 3:30 p.m., Wednesday, October 26, 2005.

If defense counsel declines to supply any and all such documents to plaintiff, defense counsel shall either appear with all documents from Mr. Yen that are in his possession at the next scheduled meeting of the grand jury as set by plaintiff's counsel or deliver said documents, together with an executed Affidavit of Compliance, to Federal Bureau of Investigation Special Agent James T. Barry at the Marianas Heights II Building, Room 202, Saipan, MP 96950, on or before the next scheduled meeting of the grand jury.

The court denied defense counsel's motion to quash the grand jury subpoena duces tecum served upon him for several reasons. First, these business operation-related documents were in existence before the start of this on-going criminal investigation and defendant and counsel's attorney-client relationship in this matter. The documents in Mr. Yen's possession were requested by defense counsel to be delivered directly to him but the documents are neither the work product of defense

counsel nor the subject of attorney-client privilege.  Second, the attorney for plaintiff represented that certain documents which are required to be maintained in Commonwealth records were not present in the government files and plaintiff wishes to see if Mr. Yen had copies of the missing documents in the papers delivered to defense counsel.  Third, defense counsel was unable to articulate, and the court cannot envision, a plausible scenario where requiring him to supply these documents to the grand jury is unreasonable or oppressive and would "likely destroy the attorney-client relationship."  United States v. Bergeson, ___ F.3d ___, 2005 WL 2559717 (Oct. 13, 2005).  Fourth, plaintiff's counsel has represented as an officer of the court that these documents are sought as part of an on-going criminal investigation and are not sought to harass or intimidate defense counsel.  The court is satisfied that plaintiff has justified its need for these documents and has crafted its request for them in such a way as to minimize the effect on counsel and his preparation for trial, currently scheduled for February 22, 2006.

Accordingly, because the documents sought are not defense counsel's work product, are not products of the attorney-client relationship, are part of an on-going criminal investigation, and because supplying them will not be unduly burdensome on defense counsel or likely to destroy the attorney-client relationship, the motion to

quash the subpoena duces tecum was denied.

IT WAS SO ORDERED.

DATED this 25th day of October, 2005.

_____
ALEX R. MUNSON
Judge

4