Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

F I L E D
Clerk
District Court

MAR 3 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION NO. 05-00027 |
| | ) | |
| Plaintiff | ) | |
| | ) | MEMORANDUM SUPPORTING |
| v. | ) | PARTIAL DISMISSAL FOR |
| | ) | MULTIPLICITY |
| ZHENG MING YAN | ) | |
| | ) | Date: May 11, 2006 |
| Defendant | ) | Time: 9:00 a.m. |
| | ) | |

**I.    COUNTS 2, 3, AND 4 ARE MULTIPLCIOUS**

Generally, multiplicity is the charging of a single offense in more than one count.

*Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1982); *United States v. Taitano*, 2004

WL 2126853(D.N.Mar.I.,2004). Such an indictment seeks to impose multiple punishments for what

is in essence one crime. *United States v. Liu*, 2000 WL 34226921 (D.N.Mar.I. 2000).The test for

multiplicity is whether each count separately violated statutory provision "requires proof of an

additional fact which the other does not." *Blockburger,* , 284 U.S. at 304, 52 S.Ct. at 182. *Taitano,*

*supra; Liu, supra.*

Counts 2, 3 and 4 each charge a violation of 18 U.S.C. § 1591(a) which criminalizes a

person knowingly:

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; **or**

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act,....

A person can violate § 1591(a) by two means. Section 1591(a)(1) is violated by recruiting, enticing, harboring, transporting, providing, or obtaining by any means necessary a person knowing that force, fraud, or coercion will be used to cause the person to engage in a commercial sex act. Section 1591(a)(2) is violated by benefitting, financially or by receiving anything of value from participating in a venture which causes a person to engage in a commercial sex act by recruiting, enticing, harboring, transporting, providing, or by any means. Pleading each of these theories in a single count is proper and is not duplicious. *United States v. UCO, Inc.*, 546 F.2d 833, 838 (9th Cir. 1976)[generally, when a statute encompasses various modes of violation requiring different elements of proof, the different means can be pled in a single count]. for because when a statute provides for different means].

In this case, counts two, three, and four of the superseding indictment each charge a violation of § 1591(a)(2). As noted above, § 1591(a)(2) criminalizes participation in a venture. A "venture" is defined as "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(c)(3). A reading of the superseding indictment reveals that counts two, three, and four each plead the same venture. In other words, same venture is charged in three different counts. The proof necessary to convict under § 1591(a)(2) is the same in counts two, three, and four. Section 1591(a)(2) does not require that a defendant benefit from any specific person. It only proscribes benefitting from the venture. There is only one venture and the stute

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

does not make each distinct or discrete benefit received a separate offense. This renders counts

two, three and four multiplicious. *See e.g. United States v. Stewart*, 420 F.3d 1007, 1013 - 1015

(9th Cir. 2005).

## II.    COUNTS SEVEN AND EIGHT ARE MULTIPLICIOUS

Counts 7 and 8 each allege a violation of 18 U.S.C. § 2314. What the statute prohibits is (1) the

devising of a scheme or artifice to defraud or obtain money by false pretenses or representations

and (2) causing or inducing an intended victim to travel in interstate commerce with intent to

defraud that person of money or property having a value of $5,000 or more. United States v. Reina,

446 F.2d 16, 17 (9th Cir. 1971). What the statute essentially prohibits is the scheme. Each victim of

the scheme does not constitute a separate offense. *See Reina*, 446 at 17["No attack is made on the

sufficiency of the evidence to support the jury's conclusion that appellant engaged in a scheme to

defraud and, in the execution of that scheme, induced victims to travel in interstate commerce."].

In this case, the indictment alleges one scheme to defraud in violation of § 2314. The

scheme in Count 7 is the same as the scheme in Count 8. That fact that Wei Qiuxiang traveled on a

different date does not result in a new offense. Indeed, the relevant portion of § 2314 applicable to

counts 7 and 8 is as follows:

> [w]hoever, having devised or intending to devise any scheme or artifice to
> defraud, or for obtaining money or property by means of false or fraudulent
> pretenses, representations, or promises, transports or **causes to be transported,
> or induces any person or persons to travel** in, or to be transported in interstate
> or foreign commerce in the execution or concealment of a scheme or artifice to
> defraud that person or those persons of money or property having a value of
> $5,000 or more (emphasis added).

The plain meaning of § 2314 shows that a single scheme can involve multiple persons. This

makes Counts 7 and 8 multiplicious as both counts involve the same scheme.

**CONCLUSION**

Counts 2, 3, and 4 are multiplicious. Two of the counts should be dismissed. Similarly,

counts 7 and 8 are multiplicious. One of the counts should be dismissed.


Law Office of G. Anthony Long


By: _____
G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801