LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:       (670) 236-2985

Attorneys for United States of America

FILED
Clerk
District Court

APR 20 2006

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 05-00027 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART |
| ZHENG, MING YAN, | ) | |
| Defendant. | ) | Date: May 11, 2006<br>Time: 9:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its response to the defendant's motion to dismiss in part. The Government respectfully requests that the Court deny the defendant's motion as untimely and not supported by fact or law.

I.    THE MOTION IS UNTIMELY.

Local Criminal Rule 12.1 provides that "[a]ll motions under Fed. R. Crim. P. 12(b) . . . shall be filed within fourteen (14) days after entry of plea." The defendant entered her plea to the superseding indictment on December 30, 2005. Furthermore, the Court's December 30, 2005

Order Setting Trial Date (a copy of which is attached) confirmed the pretrial motion deadline of January 13, 2006. The instant motion was filed on March 31, 2006, and is therefore untimely.

II.     THE COUNTS ARE NOT MULTIPLICIOUS.

Defendant argues that Counts Two, Three and Four (all alleging sex trafficking in violation of 18 U.S.C. § 1591(a))[1] and Counts Seven and Eight (alleging foreign transportation of persons in execution of fraud scheme in violation of 18 U.S.C. § 2314) are multiplicious. Multiplicity occurs when the government charges a single offense in more than one count. Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. McKittirck, 142 F.3d 1170, 1176 (9th Cir. 1998). The test is whether each count "requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304. None of the counts in the superseding indictment are multiplicious because they allege separate acts, requiring proof of different facts.

The defendant argues that the three violations of 18 U.S.C. § 1591(a)(2), which she incorrectly contends criminalize participation in a venture, must be charged in one count. The defendant ignores that Counts Two, Three, and Four charge violations of § 1591(a), *subsections (1) and (2)* in the conjunctive.[2] Subsection (1) criminalizes recruiting "a person." Likewise, subsection (2) criminalizes benefitting "from participation in a venture which has engaged in an act described *in violation of paragraph (1)*" – in other words, the recruitment, etc., of a particular person. Therefore, the government must prove each count with respect to a particular person, namely the three victims, Lian Wei, Chi Xiumei, and Wei Quixiang. It does not criminalize the venture itself. Instead, the government must prove that the defendant recruited Lian Wei, or

---

[1] Title 18, United States Code, § 1591(a) prohibits whoever
"(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act...."

[2] As the defendant concedes, charging two theories in a single count is proper. United States v. UCO, Inc., 546 F.2d 833, 838 (9th Cir. 1976).

1  benefitted from the act of her recruitment; evidence concerning Lian will not suffice to prove
2  that she recruited Chi Xiumei. In fact, the defendant concedes this point, at least with respect to
3  subsection (1), as she does not argue that violations of subsection (1) are multiplicious.
4  Accordingly, because Counts Two, Three, and Four require proof of different facts, they pass the
5  Blockburger test.

6  Counts Seven and Eight also are not multiplicious. In Count Seven, the government must
7  prove a foreign transportation that took place on or about October 4, 2004, and in Count Eight
8  must prove a transportation that took place on or about November 11, 2004. The evidence of
9  events on October 4 would not prove what happened on November 11; in other words, the
10 government must prove different facts for each count. In fact, the two Counts actually constitute
11 separate transactions. That the transactions relate to the same scheme to defraud is irrelevant
12 because the crime charged in Count Seven was complete on October 4 and a new crime began
13 with the transportation on November 11. See Blockberger, 284 U.S. at 302 (not multiplicious to
14 charge separate transactions separately, even when they occurred on the same day).[3]

15 III.   CONCLUSION

16 For the reasons stated above, the Government respectfully requests that the Court deny
17 the defendant's partial motion to dismiss.

19 Dated: April 20, 2006
    Saipan, CNMI

                                    LEONARDO M. RAPADAS
                                    United States Attorney
                                    District of the Northern Mariana Islands

                            By: _____
                                    TIMOTHY E. MORAN
                                    Assistant U.S. Attorney

---

[3] Again, the defendant implicitly concedes this point when she does not challenge Counts Five and Six, which allege violations of the Mann Act on the basis of the *same transportations* as Counts Seven and Eight. As they are separate transactions for Counts Five and Six, they are also separate transactions for the purposes of Counts Seven and Eight.

-3-

COPY of
Original Filed
on this date

DEC 3 0 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

Clerk
District Court
for The Northern Mariana Islands

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL CASE NO. 05-00027 |
| | ) | |
| -v- | ) | |
| | ) | |
| MING YAN ZHENG, | ) | ORDER |
| | ) | SETTING TRIAL DATE |
| Defendant. | ) | |
| _____ | ) | |

**IT IS HEREBY ORDERED** that the jury trial herein shall commence on **MONDAY, FEBRUARY 27, 2006 at 9:00 a.m.**

IT IS FURTHER ORDERED that pretrial motions shall be filed no later than **FRIDAY, JANUARY 13, 2006, pursuant to Local Rule LCrR 12.1.**

IT IS FURTHER ORDERED that the following shall be filed with this Court no later than seven (7) days prior to trial:

1) Proposed jury voir dire questions;

2) A joint exhibit list - (Government's exhibits numbered; Defendant's exhibits lettered)(One original and three copies for the Court);

3) A complete set of marked exhibits (with a three copies for the Court);

4) Proposed verdict forms;

5) Witness lists for purposes of voir dire only. (Witness lists shall include: legal names, aliases, nicknames, place of residence and place of employment),
(One original and three copies for the Court);

AO 72
(Rev. 08/82)

6) Proposed jury instructions. (Those jury instructions upon which agreement cannot be reached shall be submitted in a separate packet, together with the objections and authority therefore of each party.)

Dated this 30th day of December, 2005.

_____
ALEX R. MUNSON
Chief Judge

2