F I L E D
Clerk
District Court

MAY 1 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MING YAN ZHENG,<br><br>Defendant. | Case No. CR-05-00027<br><br>**ORDER DENYING DEFENDANT'S MOTION<br>FOR PARTIAL DISMISSAL** |

**THIS MATTER** came before the court on Thursday, May 11, 2006, for hearing of defendant's motion for partial dismissal due to multiplicity. The Government appeared by and through its attorney, Assistant U.S. Attorney Timothy E. Moran; defendant appeared by and through her attorney, G. Anthony Long.

**THE COURT**, having considered the arguments of the parties, **DENIES** defendant's motion for partial dismissal.

**I. PROCEDURAL ANALYSIS**

On December 28, 2005, the grand jury charged defendant with ten counts for conspiracy to commit sex trafficking, foreign transportation for prostitution, and foreign transportation of persons in execution of a fraudulent scheme, and sex trafficking, foreign transportation for prostitution, foreign transportation of persons in execution of a fraudulent scheme, and forfeiture of proceeds defendant obtained as a result of these violations. Superseding Indictment, No. 37 (Dec. 28, 2005). On December 30, 2005, defendant pled not guilty to the charges against her. Minutes of the United

States District Court for the Northern Mariana Islands, No. 42 (Dec. 30, 2005). That same day the court issued an order "that pretrial motions shall be filed no later than Friday, January 13, 2006, pursuant to Local Rule LCrR 12.1." Order Setting Trial Date, No. 44 (Dec. 30, 2005). This motion was filed on March 31, 2006.

Accordingly, because defendant has not made a motion to extend the time for filing a pretrial motion, defendant's motion is denied as untimely.

## II. SUBSTANTIVE ANALYSIS

Even if defendant's motion were timely, it is unmeritorious and would be denied on substantive grounds.

Defendant contends that Counts Two, Three, and Four and Counts Seven and Eight are multiplicitous and therefore violate the Double Jeopardy Clause of the U.S. Constitution. When different counts are based on the same statute, the court must determine whether the offense is continuous in nature or whether there are separate offenses. The distinction between an offense that is continuous in nature or separate depends on "whether the individual acts are prohibited, or the course of action which they constitute [is prohibited]." *Blockburger v. United States*, 284 U.S. 299, 302 (1932) (quoting Wharton's Criminal Law § 34, note 3 (11th ed.)).

### A. Counts Two, Three, and Four

Defendant claims that Counts Two, Three, and Four allege the same venture and are therefore multiplicitous. Counts Two, Three, and Four allege that defendant engaged in sex trafficking in violation of 18 U.S.C. § 1591(a), which states:

Whoever knowingly --

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; or
(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

2

knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Among other allegations, in Count Two, Three, and Four, the defendant is alleged to have "unlawfully, knowingly and wilfully, recruited, enticed, harbored, transported, provided and obtained by any means" Lian Wei, Chi Xiumei, and Wei Qiuxiang, respectively, "and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in commercial sex acts, knowing that fraud, force and coercion . . . would be used to cause [Lian Wei, Chi Xiumei, and Wei Qiuxiang, respectively,] to engage in such acts." Superseding Indictment 8-9, No. 37 (Dec. 28, 2005).

Defendant's contention is incorrect for two reasons. First, each count does not only allege a violation of 18 U.S.C. § 1591(a)(2). Instead, each count actually alleges a violation of both 18 U.S.C. § 1591(a)(1) and 18 U.S.C. § 1591(a)(2). As defendant correctly points out, pleading theories under both of these subsections in a single count is proper and is not duplicitous. *United States v. UCO Oil Co.*, 546 F.2d 833, 838 (9th Cir. 1976) ("Once it is determined that the statute defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment."). Accordingly, for the Government to prevail on Counts Two, Three, and Four, the Government has the burden to prove either that defendant knowingly recruited, enticed, harbored, transported, provided, or obtained by any means Lian Wei, Chi Xiumei, and Wei Qiuxiang, respectively, or that defendant knowingly benefitted, financially or by receiving anything of value, from participation in a venture which was engaged in recruiting, enticing, harboring, transporting, providing, or obtaining by any means Lian Wei, Chi Xiumei, and Wei Qiuxiang, respectively.

Second, defendant's characterization that the ventures alleged in Counts Two, Three, and Four are but one venture is erroneous. Essentially, defendant is claiming that the facts supporting Counts Two, Three, and Four make out one offense that is continuous in nature. The Government

counters that each count is based upon a different venture because defendant committed sex trafficking upon three different victims.

This case is very similar to *Ebeling v. Morgan*, 237 U.S. 625 (1915). In *Ebeling*, the defendants were convicted of six counts of feloniously injuring and mutilating one mail bag. The Supreme Court held that because the lawmakers intended to "protect each and every mail bag from felonious injury and mutilation," *id.* at 629, "a complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged," *id.* "Congress evidently intended to protect the mail in each sack, and to made an attack thereon in the manner described a distinct and separate offense." *Id.*

In this case, the statute clearly criminalizes the knowing recruitment of "a person" and criminalizes knowingly benefitting from a venture that recruits "a person." Furthermore, it is evident from the statute that Congress intended to protect each and every victim of sex trafficking. Accordingly, when three different people are recruited, three different ventures are created. This is supported by the fact that, at trial, unless the Government proves that defendant knowingly recruited the three victims, the Government will have the burden of proving three separate sets of facts to prevail on Counts Two, Three, and Four: (1) that defendant knowingly benefitted from the recruitment of Lian Wei; (2) that defendant knowingly benefitted from the recruitment of Chi Xiumei; and (3) that defendant knowingly benefitted from the recruitment of Wei Qiuxiang. Since each count requires proof of a fact that the other counts do not require, Counts Two, Three, and Four are not multiplicitous.

**B. Counts Seven and Eight**

Defendant also claims that Counts Seven and Eight are multiplicitous because they are both based on the same scheme. Counts Seven and Eight allege that defendant was engaged in foreign transportation of persons in execution of a fraudulent scheme in violation of 18 U.S.C. § 2314, which states in pertinent part:

. . . .

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fradulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more

. . . .

Shall be fined under this title or imprisoned not more than ten years, or both.

In Count Seven defendant is alleged to have violated 18 U.S.C. § 2314 on October 3, 2004 by devising or intending to devise a scheme as articulated in the section to induce Lian Wei and Chi Xiumei to travel from China to the Northern Mariana Islands. Count Eight, on the other hand, alleges that defendant violated 18 U.S.C. § 2314 on November 10, 2004 by devising or intending to devise a scheme as articulated in the section to induce Wei Qiuxiang to travel from China to the Northern Mariana Islands. Therefore, on the face of the Superseding Indictment, Counts Seven and Eight are not multiplicitous.

**ACCORDINGLY**, defendant's motion for partial dismissal is **DENIED**.

**DATED** this 11th day of May, 2006.


                                                    _____
                                                         ALEX R. MUNSON
                                                              Judge