Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

FILED
Clerk
District Court

MAY 23 2006

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

Attorney for Defendant Zheng, Ming Yan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
|---|---|
| Plaintiff | ) |
| | ) MEMORANDUM SUPPORTING |
| v. | ) MOTION TO EXCLUDE EVIDENCE |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) Date: MAY 2 4 2006 |
| Defendant | ) Time: 1:30 AM |

Zheng Ming Yan ("Zheng") brings this motion in limine for exclusion of certain evidence pursuant to Com. R. Evid. Rule 104. *See United States v. Horn*, 185 F.Supp.2d 530, 534 ( D.Md. 2002); *Hall v. Baxter Healthcare Corporation*, 947 F.Supp. 1387, 1394 (D.Or. 1996). Specifically, Zheng seeks exclusion of (1) any expert testimony testimony from any prosecution witness, (2) the alleged transcripts of the unintelligible tapes, and (3) prior bad acts.

1. **THE PROSECUTION IS PRECLUDED FROM PRESENTING EXPERT WITNESSES**

FRCrP Rule 16(a)(1)(G) provides that:

> [a]t the defendant's request, the government **must** give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial...The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witnesses's qualifications.

The purpose for report disclosure is to ensure effective cross examination, prevent surprise and avoid delay. *Untied States v. Gerena*, 116 F.R.D. 596, 597 (D. Conn. 1987). Indeed, fairness requires that the defense be given sufficient notice to check the findings and conclusions of government experts as well as provide adequate time for obtaining expert to assist in attacking findings of government photographic expert. *United States v. Barrett*, 703 F.2d 1076, 1079 (9th Cir. 1983).

In discovery Zheng requested disclosure of:

15. The identify of each and every expert witness the prosecution intends to call as a witness at trial.

16. A summary of the testimony of each expert witness the government intends to call at trial under FRE Rules 702, 703 and 705, which summary shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

Defendant's Discovery Memorandum at 5 - 6. As of the date of this motion, the

prosecution has not provided Zheng with the identity of any expert witness or made any expert disclosure mandated by Rule 16(a)(1)(G) except for a rough draft of a tape defendant found to be unintelligible[1]. This precludes the prosecution from presenting any expert testimony concerning the alleged tracking of funds which includes any tracking of funds from the Tea House to any bank account. It further precludes expert testimony relating to any aspect of the alleged prostitution on Saipan in general and Garapan in particular. Likewise, since the prosecution has not any other disclosure in connection with the alleged transcripts of the unintelligible tapes the prosecution can not use any expert testimony concerning how, if at all, it enhanced the tape, or the testimony of any person who purportedly translated the tape.

## 2. THE TAPES AND TRANSCRIPTS OF THE TAPES SHOULD BE EXCLUDED

The prosecution's letter attached hereto establishes the basis for exclusion of the "transcripts." Indeed, the prosecution concedes the transcripts provided are rough drafts. As of the date of this memorandum, the prosecution has not

---

[1] The name of the person who translated the tapes is known. However, Zheng has not been advised that that individual will testify at trial and in any event, Zheng has not been provided with any qualifications of that person.

produced any other alleged drafts of the tapes. Likewise, the prosecution has not produced any enhanced version of the tapes from which the transcripts were compiled and it has not provided any information concerning the qualifications of the person or persons who transcribed the tapes.

Moreover, the tapes and transcripts should be excluded because the tapes are substantially inaudible and the prosecution has not yet provided a final draft of the alleged inaudible tapes or provided defendant with the opportunity to listen any enhanced version of the tapes. *See United States v. Rrapi*, 175 F.3d 742, 746 - 748 (9th Cir. 1999).

3.   **THE COURT SHOULD EXCLUDE EVIDENCE OF ALLEGED WRONGS AND BAD ACTS OTHER THAN THE SPECIFIC ACTS ALLEGED IN THE SUPERSEDING INDICTMENT**

FRE Rule 402 excludes admission of evidence which is not relevant and allows for admission of relevant evidence. Although relevant evidence is admissible, FRE Rule 403 provides for exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury.  Similarly, FRE Rule 404 precludes admission of evidence of "other crimes, wrongs, or acts" to "prove the character of a person in order to show action in conformity therewith." In determining whether evidence

should be excluded under Rule 404 the court must consider whether: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). Nevertheless, Rule 403's probative value/unfair prejudice balancing requirement must be applied under the Rule 404(b) inquiry to determine whether prior bad acts are admissible. *Id* at 1183.

In applying this test, the Ninth Circuit has repeatedly emphasized that it is reluctant "to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993) quoting *United States v. Hodges*, 770 F.2d 1475, 1480 (9th Cir.1985). Tis reluctance exists because an accused's guilt or innocence "must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *Id*.

This rationale applies in this case and the prosecution should be precluded from introducing any evidence of wrongs or bad acts not specifically identified in the superseding indictment.

Even more so, in her discovery motion Zheng specifically sought disclosure of each prior bad act the prosecution intended to introduce at trial. Defendant's Discovery Memorandum at 8. As of the date of this motion, the prosecution has not provided Zheng with notice of its intend to introduce prior bad acts. Thus, while the prosecution claims a venture existed between Zheng and Liu it can not introduce any evidence of prior bad acts concerning the alleged transportation, alleged prostitution or any other alleged bad act relating to any person other than the persons specifically identified in the complaint, Similarly, the indictment sets forth certain overt acts in furtherance of the conspiracy. The prosecution cannot introduce or relay on any other bad act as an overt act.

## CONCLUSION

Zheng's in limine motion should be granted.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

Page 6 of 6

Case 1:05-cr-00027   Document 65   Filed 05/23/2006   Page 7 of 8

U.S. Department of Justice

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Timothy E. Moran*

---

P.O. Box 500377
Saipan, MP 96950

TEL (670) 236-2952
FAX (670) 236-2985

April 28, 2006

**By Hand Delivery**

G. Anthony Long, Esq.
2nd Floor, Lim's Building
P.O. Box 504970
San Jose, Saipan, MP 96950

Steven P. Pixley, Esq.
Second Floor, CIC Centre
P.O. Box 7757 S.V.R.B.
San Jose, Saipan, MP 96950

        Re:    <u>United States v. Zheng, Ming Yan, et al.</u>, Cr. Case 05-00027

Dear Counsel:

      Thank you for agreeing to an extension to today to produce the translations of the consensual recordings in this case so that I could get the draft translations reviewed. Unfortunately, I am still waiting for the final drafts. Accordingly, enclosed please find documents bates stamped ZHE0105 through ZHE0174, which are draft English translations of the consensual recordings in this case. I need to stress that these are the draft translations and I am aware of numerous problems with the longer recording. I will produce corrected copies as soon as possible.

                                      Sincerely,

                                      LEONARDO M. RAPADAS
                                    United States Attorney
                                    Districts of Guam and the NMI

              By:        /s/ Timothy E. Moran
                      TIMOTHY E. MORAN
                      Assistant U.S. Attorney

enc.

