F I L E D
Clerk
District Court

MAY 24 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>ZHENG, MING YAN,<br><br>     a.k.a. "LI-NA," and<br><br>LIU, CHANG DA,<br><br>           Defendants. | Criminal Case No. 05-00027<br>S E C O N D<br>S U P E R S E D I N G  I N D I C T M E N T<br>Title 18, U.S.C., § 371 – Conspiracy (Ct. 1);<br>Title 18, U.S.C., §§ 1591(a) – Sex Trafficking (Cts. 2-3);<br>Title 18, U.S.C., §§ 2421, 2 – Foreign Transportation for Prostitution (Cts. 4);<br>Title 18, U.S.C., §§ 2314, 2 – Foreign Transportation of Persons in Execution of Fraud Scheme (Cts. 5);<br>Title 18, U.S.C., § 1594(b) – Forfeiture (Ct. 6); and<br>Title 18, U.S.C., § 981(a)(1)(C), 28 U.S.C. § 2461(c) – Forfeiture (Ct. 7). |

THE GRAND JURY CHARGES:

COUNT ONE

CONSPIRACY TO COMMIT SEX TRAFFICKING,
FOREIGN TRANSPORTATION FOR PROSTITUTION, AND
FOREIGN TRANSPORTATION OF PERSONS IN EXECUTION OF FRAUD SCHEME

Introductory Allegations

1.    At all times relevant to this Superseding Indictment, ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, was the Secretary and a share holder of Greate Corporation, also known as Great Corporation, on Saipan, CNMI. Greate Corporation owned and operated the Tea House Club Karaoke ("Tea House") in Garapan, CNMI. ZHENG managed and controlled the Tea House. Although licensed as a nightclub, ZHENG operated the Tea House as a commercial sex house.

2.    At all times relevant to this Superseding Indictment, Greate Corporation also owned and operated several other businesses on Saipan, CNMI. ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, also managed and controlled those businesses.

3.    At all times relevant to this Superseding Indictment, ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, was the President and sole share holder of Perfect Corporation. Perfect

1  Corporation owned and operated the Chan Ming Market in Garapan, CNMI. ZHENG managed and
2  controlled the Chan Ming Market.
3      4.    At all times relevant to this Superseding Indictment, an Executive Order of the CNMI
4  Government prevented the issuance of an authorization to enter and work in the CNMI to non-
5  resident workers from outside the CNMI for any newly created position in the CNMI. The Order
6  created a "Governor's Exemption" for newly created positions that the Department of Labor's
7  Division of Employment Services and Training deemed "critical service" occupations and that paid
8  wages of at least $7.00 per hour. In order to qualify for a Governor's Exemption, a sponsoring
9  business applied to the CNMI Governor.
10     5.    At all times relevant to this Superseding Indictment:
11     a.    ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, was a Chinese national.
12 ZHENG held a permit to work in the CNMI as a business operator.
13     b.    LIU, CHANG DA, the defendant, was the boyfriend of ZHENG, MING YAN,
14 a.k.a. "LI-NA," the defendant. LIU was a Chinese national and held a permit to work in the CNMI
15 sponsored by Perfect Corporation as a manager of the Chan Ming Market.
16     c.    Lian Wei ("Lian") was a Chinese national from Dalian, China, who was
17 induced to travel in foreign transportation in furtherance of a scheme to operate a commercial sex
18 house and compelled to engage in commercial sex acts at the Tea House.
19     d.    Chi Xiumei ("Chi") was a Chinese national from Dalian, China, who was
20 induced to travel in foreign transportation in furtherance of a scheme to operate a commercial sex
21 house and compelled to engage in commercial sex acts at the Tea House.
22     e.    Wei Qiuxiang ("Wei") was a Chinese national from Dalian, China, who was
23 induced to travel in foreign transportation in furtherance of a scheme to operate a commercial sex
24 house and compelled to engage in commercial sex acts at the Tea House.

<u>The Scheme To Defraud</u>

26     6.    Beginning in or about August, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU,
27 CHANG DA, the defendants, together with others known and unknown, fraudulently sought to

establish and operate an illegal commercial sex house at the Tea House. To further this scheme, ZHENG, LIU, and others; a) fraudulently misrepresented to Lian, Chi, and others that they would employ Lian, Chi and others in high paying jobs at legitimate businesses; b) induced Lian, Chi and others to pay money to them purportedly so that Lian, Chi and others could travel from China to the CNMI; and c) compelled them to work as prostitutes for free and below contracted wages.

7. Beginning in or about August, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, together with others known and unknown deceived Lian, Chi, and others by making representations which, as they then and there well knew, were false and fraudulent and which representations were material, including but not limited to the following: (a) misrepresenting that they would employ them at legitimate jobs; (b) misrepresenting that the Tea House would be a legitimate Karaoke club; (c) misrepresenting that Lian, Wei, Chi, and others would not be forced to engage in sexual acts at the Tea House; (d) misrepresenting that they, as employers, would pay the costs of health insurance, worker's insurance, bonds and the employer's share of taxes; (e) misrepresenting the costs of a Governor's Exemption, work permit, and authorization to enter the CNMI from China; (f) misrepresenting that they intended to pay wages of at least $7.00 per hour; and (g) misrepresenting that they would, in fact, be paid for their work at the Tea House. In furtherance of the scheme, once ZHENG, LIU, and others induced Lian, Wei, Chi and others to come to the CNMI, ZHENG, LIU, and others compelled them to work as prostitutes at the Tea House without being paid.

### The Conspiracy

8. From in or about August, 2004, continuing to in or about August, 2005, in the District of the Northern Mariana Islands and elsewhere, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, together with others known and unknown, unlawfully, willfully and knowingly, did combine, conspire, confederate and agree, together and with each other, to commit offenses against the United States, to wit, to commit sex trafficking in violation of Title 18, United States Code, Section 1591(a); to commit interstate and foreign transportation of persons for purposes of prostitution in violation of Title 18, United States Code, Section 2421; and to commit interstate

1  and foreign transportation of persons in execution and furtherance of a scheme to defraud in
2  violation of Title 18, United States Code, Section 2314.

3      9.    It was a part and object of the conspiracy that ZHENG, MING YAN, a.k.a. "LI-NA,"
4  and LIU, CHANG DA, the defendants, and their co-conspirators, in and affecting interstate and
5  foreign commerce, recruited, enticed, harbored, transported, provided and obtained by any means
6  Chinese women, and benefitted, financially and by receiving a thing of value, from participation in a
7  venture which has engaged in such acts, knowing that fraud, force and coercion, as defined in Title
8  18, United States Code, Sections 1591(c)(2)(A) and (B), would be used to cause the Chinese women
9  to engage in commercial sex acts, as defined in Title 18, United States Code, Section 1591(c)(1), in
10 violation of Title 18, United States Code, Section 1591(a).

11     10.    It was further a part and object of the conspiracy that ZHENG, MING YAN, a.k.a.
12 "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, unlawfully, willfully and
13 knowingly, transported Chinese women in interstate and foreign commerce, and in any Territory and
14 Possession of the United States, with the intent that such individuals engage in prostitution and in
15 sexual activity for which those individuals may be charged with a criminal offense, in violation of
16 Title 18, United States Code, Sections 2421 and 2.

17     11.    It was further a part and object of the conspiracy that ZHENG, MING YAN, a.k.a.
18 "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, having devised and
19 intending to devise a scheme and artifice to defraud and for obtaining money by means of materially
20 false and fraudulent pretenses, representations and promises, transported and caused to be
21 transported, and induced Chinese women to travel in, and be transported in, interstate and foreign
22 commerce in the execution and concealment of a scheme and artifice to defraud such Chinese
23 persons of money and property having a value of $5,000 and more, in violation of Title 18, United
24 States Code, Sections 2314 and 2.

Means and Methods of the Conspiracy

26     12.    Among the means and methods by which ZHENG, MING YAN, a.k.a. "LI-NA," and
27 LIU, CHANG DA, the defendants, together with others known and unknown, would and did carry

out the conspiracy, were the following:

   a. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, recruited and enticed women in Dalian, China, to come to the CNMI with false representations of legitimate jobs with Greate Corporation paying at least $7.00 per hour, with the costs of health insurance, worker's insurance and taxes covered by the employer.

   b. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, arranged for the Chinese women to receive Governor's Exemptions sponsored by Greate Corporation from the CNMI government so that they could enter and work in the CNMI on the basis of false representations that the women would have legitimate jobs paying $7.00 per hour.

   c. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, caused Greate Corporation to enter employment contracts for legitimate jobs paying $7.00 per hour with no intention of fulfilling those contracts.

   d. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, fraudulently induced the Chinese women to travel in foreign commerce and to pay in excess of $5,000 each, purportedly for the costs of their travel to and authorization to enter and work in the CNMI.

   e. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, compelled the Chinese women to work as prostitutes immediately upon their arrival in the CNMI, using deception, the theft of their passports, threats of harm, physical force, and economic coercion to compel their service.

   f. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, required the Chinese women to turn over their income from prostitution to the conspirators for the benefit of the conspirators.

   g. ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, intimidated, threatened, and coerced the Chinese women through threats of physical, economic and emotional harm, close supervision, and rules to maintain their service as

prostitutes.

Overt Acts

13. In furtherance of the conspiracy and to effect the objects thereof, the conspirators committed and caused to be committed the following overt acts, among others, within the District of the Northern Mariana Islands and elsewhere:

    a. On or about June 3 and 24, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, filed false and misleading applications for Governor's Exemptions with the CNMI Governor.

    b. On or about August 1, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," the defendant, traveled to Dalian, China, to find Chinese women who could be brought to the CNMI to work as prostitutes.

    c. From in or about August, 2004 through November, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, through recruiters in Dalian, China, made materially false and misleading statements to Lian, Chi, Wei and others known and unknown regarding the availability of legitimate jobs paying $7.00 per hour in the CNMI. These statements were intended to recruit, entice and induce the women to travel in foreign commerce from China to the CNMI.

    d. In or about September, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, through recruiters in Dalian, China, defrauded Lian of $1,900 that she paid to a recruiting agency in China, for the costs of her move to the CNMI.

    e. In or about September, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, through recruiters in Dalian, China, defrauded Chi of approximately $4,000 that she paid to the recruiting agency in China and $2,400 that she agreed to pay to ZHENG upon her arrival in the CNMI.

    f. In or about September or October, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, through recruiters in Dalian,

1  China, defrauded Wei of $1,250 that she paid to the recruiting agency in China for her entry permit
2  to the CNMI, and $5,000 that she agreed to pay to ZHENG upon her arrival in the CNMI.
3          g.      On or about October 3, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU,
4  CHANG DA, the defendants, and their co-conspirators, induced Lian and Chi to travel from Dalian,
5  China to the CNMI, purportedly to work a legitimate job with Greate Corporation.
6          h.      On or about October 4, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," the
7  defendant informed Lian and Chi on the day that they reported for work at the Tea House that she
8  would not give them legitimate jobs paying $7.00 per hour and that they would have to work as
9  prostitutes in order to pay their debts to her and to earn enough money to support themselves.
10         i.      In or about October, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU,
11 CHANG DA, the defendants, and their co-conspirators, stole passports from Lian, Chi and others so
12 that they would be unable to return to China.
13         j.      On or about November 11, 2004, ZHENG, MING YAN, a.k.a. "LI-NA," the
14 defendant informed Wei on the day that Wei reported for work at the Tea House that she would not
15 give Wei a legitimate job paying $7.00 per hour, that Wei could not leave the CNMI until Wei paid
16 her debt to her, and that Wei would have to work as a prostitute in order to pay that debt and to earn
17 enough money to support herself.
18         k.      From in or about October, 2004, through June, 2005, ZHENG, MING YAN,
19 a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, repeatedly told Lian, Chi, Wei and others not
20 to make any complaints to the CNMI Department of Labor.
21         l.      From in or about October, 2004, through June, 2005, LIU, CHANG DA, the
22 defendant, repeatedly yelled at Lian, Chi, Wei and others after receiving complaints from ZHENG
23 about their "work," and threatened to tell their families in China that they had become prostitutes.
24         m.      In or about June, 2005, LIU, CHANG DA, the defendant, said that Chi was
25 too ugly ever to repay her debt by working as a prostitute.
26         n.      Each night, from in or about October, 2004, through in or about August, 2005,
27 ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, compelled Lian, Chi,

7

Wei and others to work as prostitutes at the Tea House. At the end of each night, ZHENG collected the earnings of Lian, Chi and Wei and others from prostitution.

      o.    From in or about October, 2004, through in or about March, 2005, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, and their co-conspirators, fraudulently kept all of the earnings and wages of Lian, Chi, Wei and others. The total value of such earnings and wages is in excess of $18,000,

(Title 18, United States Code, Section 371).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT TWO

## SEX TRAFFICKING

14.    The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraphs twelve (12) and thirteen (13) as if fully set forth herein.

15.    From on or about October 4, 2004, through in or about August, 2005, in the District of the Northern Mariana Islands and elsewhere, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully, recruited, enticed, harbored, transported, provided and obtained by any means Lian Wei, a Chinese national, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in any such acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2)(A) and (B), would be used to cause Lian to engage in a commercial sex act, as defined in Title 18, United States Code, Sections 1591(c)(1),

(Title 18, United States Code, Sections 1591(a)).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT THREE

## SEX TRAFFICKING

16.    The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraphs twelve (12) and thirteen (13) as if fully set forth herein.

17. From on or about October 4, 2004, through in or about August, 2005, in the District of the Northern Mariana Islands and elsewhere, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, in and affecting interstate and foreign commerce, unlawfully, knowingly and wilfully, recruited, enticed, harbored, transported, provided and obtained by any means Chi Xiumei, a Chinese national, and benefitted, financially and by receiving a thing of value, from participation in a venture which has engaged in such acts, knowing that fraud, force and coercion, as defined in Title 18, United States Code, Sections 1591(c)(2)(A) and (B), would be used to cause Chi to engage in a commercial sex act, as defined in Title 18, United States Code, Sections 1591(c)(1),

(Title 18, United States Code, Sections 1591(a)).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT FOUR

### FOREIGN TRANSPORTATION FOR PROSTITUTION

18. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraphs twelve (12) and thirteen (13) as if fully set forth herein.

19. On or about October 3, 2004, in the District of the Northern Mariana Islands and elsewhere, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, unlawfully, willfully and knowingly, transported individuals, to wit, Lian Wei and Chi Xiumei, in interstate and foreign commerce, and in any Territory and Possession of the United States, with the intent that such individuals engage in prostitution and in sexual activity which would constitute a criminal offense under 6 N. Mar. I. Code §§ 1342 and 1343,

(Title 18, United States Code, Sections 2421 and 2).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT FIVE

### FOREIGN TRANSPORTATION OF PERSONS IN EXECUTION OF FRAUD SCHEME

20. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraphs twelve (12) and thirteen (13) as if fully set forth herein.

21. On or about October 3, 2004, in the District of the Northern Mariana Islands and elsewhere, ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, unlawfully, knowingly and wilfully, having devised and intending to devise a scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, transported and caused to be transported, and induced Lian Wei and Chi Xiumei, Chinese nationals, to travel in, and be transported in, interstate and foreign commerce in the execution and concealment of a scheme and artifice to defraud such Chinese persons of money and property having a value of $5,000 and more,

(Title 18, United States Code, Sections 2314 and 2).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT SIX

## FORFEITURE ALLEGATION

22. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraph twelve (12) and thirteen (13) as if fully set forth herein.

23. If convicted of the violation(s) involving sex trafficking charged in Counts Two and Three of this Second Superseding Indictment, pursuant to 18 U.S.C. § 1594(b), ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation(s), including, but not limited to, any of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation(s), which includes, but is not limited to all right, title and interest of the defendants in:

1. A 2005 Toyota Sequoia, CNMI Tag No. ADM-351, VIN 5TDBT44A75S238071;
2. A 2003 Toyota 4Runner, CNMI Tag No. ADF-732, VIN JTEBU14R030002603;
3. A 2004 Toyota Matrix, CNMI Tag No. ACB-185, VIN 2T1KR32E64C258169;

   4. All United States currency funds or other monetary instruments credited to account number 7017-875803, held in the name of ZHENG, MING YAN, located at the First Hawaiian Bank, Saipan, CNMI;

   5. All United States currency funds or other monetary instruments credited to account number 12-015607, held in the name of Perfect Corporation, located at the First Hawaiian Bank, Saipan, CNMI;

   6. All United States currency funds or other monetary instruments credited to account number 17-239295, held in the name of ZHENG, MING YAN, located at the First Hawaiian Bank, Saipan, CNMI; and

   7. All United States currency funds or other monetary instruments credited to account number 12-023034, held in the name of ZHENG, MING YAN, located at the First Hawaiian Bank, Saipan, CNMI.

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   1. cannot be located upon the exercise of due diligence;

   2. has been transferred or sold to, or deposited with, a third party;

   3. has been placed beyond the jurisdiction of the court;

   4. has been substantially diminished in value; or

   5. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b) and Title 18, United States Code, Section 1594(c)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above,

    (Title 18, United States Code, Section 1594(b)).

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT SEVEN

## FORFEITURE ALLEGATION

25. The Grand Jury realleges, adopts and incorporates the allegations of paragraphs one (1) through seven (7) and paragraphs twelve (12) and thirteen (13) as if fully set forth herein.

26. If convicted of the violation(s) involving foreign transportation for prostitution or foreign transportation of persons in execution of a fraud scheme charged in Counts Five through Eight of this Superseding Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), ZHENG, MING YAN, a.k.a. "LI-NA," and LIU, CHANG DA, the defendants, shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation(s), including, but not limited to, any of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation(s), which includes, but is not limited to all right, title and interest of the defendants in:

1. A 2005 Toyota Sequoia, CNMI Tag No. ADM-351, VIN 5TDBT44A75S238071;
2. A 2003 Toyota 4Runner, CNMI Tag No. ADF-732, VIN JTEBU14R030002603;
3. A 2004 Toyota Matrix, CNMI Tag No. ACB-185, VIN 2T1KR32E64C258169;
4. All United States currency funds or other monetary instruments credited to account number 7017-875803, held in the name of ZHENG, MING YAN, located at the First Hawaiian Bank, Saipan, CNMI;
5. All United States currency funds or other monetary instruments credited to account number 12-015607, held in the name of Perfect Corporation, located at the First Hawaiian Bank, Saipan, CNMI;
6. All United States currency funds or other monetary instruments

|   |   |   |
|---|---|---|
| 1 |   | credited to account number 17-239295, held in the name of ZHENG, |
| 2 |   | MING YAN, located at the First Hawaiian Bank, Saipan, CNMI; and |
| 3 | 7. | All United States currency funds or other monetary instruments |
| 4 |   | credited to account number 12-023034, held in the name of ZHENG, |
| 5 |   | MING YAN, located at the First Hawaiian Bank, Saipan, CNMI. |

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   1. cannot be located upon the exercise of due diligence;
   2. has been transferred or sold to, or deposited with, a third party;
   3. has been placed beyond the jurisdiction of the court;
   4. has been substantially diminished in value; or
   5. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b) and Title 18, United States Code,

///

13

Section 1594(c)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above,

(Title 18, United States Code, Section 981(a)(1)(C) and
Title 28, United States Code, Section 2461(c)).

Dated this 24th day of May, 2006.

A TRUE BILL.

_____
(Foreperson)

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
TIMOTHY E. MORAN
Assistant United States Attorney

By: _____
CRAIG N. MOORE
Assistant United States Attorney
Saipan Branch Chief