LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
   MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax: (670) 236-2985

Attorneys for United States of America

FILED
Clerk
District Court

MAY 25 2006

For The Northern Mariana Islands
By_____
   (Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ZHENG, MING YAN, )<br>)<br>   Defendant. )<br>)<br>_____ ) | Criminal Case No. 05-00027<br><br>GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE<br><br>Date: May 26, 2006<br>Time: 10:30 a.m. |

    COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its memorandum in opposition to the defendant's motion to exclude evidence. The Government respectfully requests that the Court deny the defendant's motion.

I.    THE GOVERNMENT HAS PROVIDED NOTICE PURSUANT TO FED. R. EVID. 16.

    The defendant objects to the admission of expert testimony pursuant to Fed. R. Evid. 16(a)(1)(G). The government did not intend to offer opinion testimony in this case. See United States v. Taghipour, 964 F.2d 908, 910 (9th Cir. 1992). In the event that the parties cannot

stipulate to the government's transcripts of the tapes in this case, the government will offer its transcripts through its translator. The government maintains that this does not constitute opinion testimony subject to Rule 16 but, in an abundance of caution, the government has provided notice of its witness and copies of the transcripts pursuant to Rule 16. (See attached Letters to Counsel.) The defendant has already retained a translator of her own. Accordingly, there is no issue with regard to the potential introduction of opinion testimony by a government translator.

The government at this time does not intend to offer any other opinion testimony subject to Rule 16(a)(1)(G). The government also notes that Rule 16 does not require prior notice of lay opinion testimony offered pursuant to Fed. R. Evid. 701.

II.     THE TAPES AND ENGLISH TRANSCRIPTS SHOULD BE ADMITTED.

The defendant objects to the admission of the tapes and transcripts for two reasons: the government had not produced final versions of the transcripts and because the tapes[1] are allegedly inaudible. Neither objection has any merit. First, the government has now produced final transcripts of the entire telephone call and the excerpts of the portions of the meeting that it intends to offer into evidence. Furthermore, defendant has had copies of the tapes for approximately eight months and rough drafts of the transcripts for one approximately one month. Second, the government has produced digital versions of the tapes to the defendants (and the Court) that appear to have rectified any audibility problems. Any lingering objections that the defendant may have to the audibility of the tape go to weight of the evidence, not admissibility, and can be raised to the jury.

The Ninth Circuit sets forth four steps in reviewing the use of transcripts, in the event that accuracy is not stipulated to: "whether the court reviewed the transcript for accuracy; whether defense counsel was allowed to highlight alleged inaccuracies and to introduce alternate versions; whether the jury was instructed that the tape, rather than the transcript, was evidence; and whether the jury was allowed to compare the transcript to the tape and hear counsel's

---

[1] There are actually two tapes at issue in this case, both from June 24, 2005: a consensually monitored telephone call; and a face to face meeting later that day. Only the latter tape of the face to face meeting had audibility problems.

arguments as to the meaning of the conversations." United States v Armijo, 5 F.3d 1229, 1234 (9th Cir. 1993); citing United States v. Chen, 754 F.2d 817, 824 (9th Cir. 1985).

In this case, the Court cannot review the transcripts for accuracy because the court does not speak Chinese.[2] However, accuracy should not present an obstacle to admission for two reasons. First, the government will offer witness testimony from a participant in the conversation that the tape is accurate. Second, the Court can determine for itself whether the tape is audible, without understanding Chinese. See United States v. Rrapi, 175 F.3d 742, 747 (9th Cir. 1999) ("There is a distinction, however, between audibility and understanding."). The third factor (that the tape is the evidence) does not apply here as well because the tape is in Chinese. See United States v. Fuentes-Montijo, 68 F.3d 352, 355 (9th Cir. 1995) ("when faced with a taped conversation in a language other than English and a disputed English translation transcript, the usual admonition that the tape is the evidence and the transcript only a guide is not only nonsensical, it has the potential for harm"). Nevertheless, the Court may employ the other factors to ensure that use of these transcripts is proper.

III. THE GOVERNMENT DOES NOT INTEND TO INTRODUCE EVIDENCE SUBJECT TO FED. R. EVID. 404(b).

The government has not provided notice of its intent to introduce evidence of other prior acts pursuant to Fed. R. Evid. 404(b) and does not intend to introduce evidence subject to Rule 404(b). However, the government reserves the right to introduce evidence of intrinsic events as relevant evidence subject to Fed. R. Evid. 402 and 403, not as other acts evidence subject to Fed. R. Evid. 404(b). United States v. DeGeorge, 380 F.3d 1203, 1219 (9th Cir. 2004). Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce directly related to, or inextricably intertwined with, the crime charged in the indictment." United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003), citing United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993). The Ninth Circuit has identified two general categories of cases where other act evidence is "inextricably intertwined" with the crimes with which the defendant is charged and

---

[2]The Court has received digital copies of the tapes and the transcripts.

1  therefore outside of the requirements of Rule 404(b). See United States v. Vizcarra-Martinez, 66
2  F.3d 1006, 1012 (9th Cir. 1995). First, evidence may be admitted where it is part of the
3  transaction at issue in the indictment. Second, evidence may be admitted where "it was
4  necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story
5  regarding the commission of the crime; it is obviously necessary in certain cases for the
6  government to explain either the circumstances ... surrounding the commission of the crime." Id.
7  at 1012-13.
8      The government does not at this time intend to offer evidence of other bad acts.
9  However, in the event that the defendant attempts to characterize evidence offered at trial as
10 "other bad act" evidence, the government reserves the right to offer such evidence as
11 "inextricably intertwined" evidence. See United States v. Daly, 974 F.2d 1215, 1216 (9th Cir.
12 1992) ("[The jury] cannot be expected to make its decision in a void – without knowledge of the
13 time, place and circumstances of the acts which form the basis of the charge." (citations and
14 quotations omitted)).
15 IV.   CONCLUSION
16     For the reasons stated above, the Government respectfully requests that the Court deny
17 the defendant's motion in limine to exclude evidence.
18
19 Dated: May 25, 2006
       Saipan, CNMI
20
21                                       LEONARDO M. RAPADAS
                                      United States Attorney
22                                       District of the Northern Mariana Islands
23                   By:
24                                       TIMOTHY E. MORAN
                                      Assistant U.S. Attorney
25
26
27
28



**U.S. Department of Justice**

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Timothy E. Moran*

---

P.O. Box 500377
Saipan, MP 96950

TEL (670) 236-2952
FAX (670) 236-2985

May 24, 2006

**By Hand Delivery**

G. Anthony Long, Esq.
2nd Floor, Lim's Building
P.O. Box 504970
San Jose, Saipan, MP 96950

Steven P. Pixley, Esq.
Second Floor, CIC Centre
P.O. Box 7757 S.V.R.B.
San Jose, Saipan, MP 96950

    Re: <u>**United States v. Zheng, Ming Yan, et al.**</u>, Cr. Case 05-00027

Dear Counsel:

  Pursuant to Fed. R. Crim. 16(a)(1)(G), the government may offer testimony from Teresa Wang as its interpreter in this case. Ms. Wang is a certified Language Analyst and Quality Control Reviewer for the FBI, assigned to the Los Angeles Division. Her FBI certification includes taking courses and passing FBI examinations. She has been with the FBI since February, 2003. She also holds a Master's in Science degree in Information Science from the University of Illinois at Champagne.

  Enclosed are documents bates stamped ZHE0284 through ZHE0298, which is the final translations of the telephone call. Also enclosed are documents bates stamped ZHE0299 through ZHE0301, which are the final translations of the portions of the meeting that we intend to offer at trial. We also intend to offer one more portion of the meeting, which we will produce on Thursday. If we cannot agree to a stipulated version, Ms. Wang testify that these transcripts are accurate English translations of the audio tapes.

  We finally located a mini-disc player on island and made new digital copies from the original recordings, which should resolve your audibility concerns. Enclosed is a CD containing digital copies of the two recordings.




Finally, also enclosed for your review are the government's proposed statement of the case, elements of the charges, and a document bates stamped ZHE0175.

                Sincerely,

                LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and the NMI

By: _____
     TIMOTHY E. MORAN
     Assistant U.S. Attorney

enc.
cc:    Honorable Alex R. Munson (w/enc.)
       Chief Judge, District Court of the NMI



**U.S. Department of Justice**

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Timothy E. Moran*

---

P.O. Box 500377
Saipan, MP 96950                             TEL (670) 236-2952
                                             FAX (670) 236-2985

May 25, 2006

**By Facsimile and Hand Delivery**

G. Anthony Long, Esq.
2nd Floor, Lim's Building
P.O. Box 504970
San Jose, Saipan, MP 96950
(670) 235-4802 (facsimile)

Steven P. Pixley, Esq.
Second Floor, CIC Centre
P.O. Box 7757 S.V.R.B.
San Jose, Saipan, MP 96950
(670) 233-4716 (facsimile)

   Re:   <u>United States v. Zheng, Ming Yan, et al.</u>, Cr. Case 05-00027

Dear Counsel:

   Enclosed are documents bates stamped ZHE0408 through ZHE0414, which includes the final translation of the last remaining portion of the recording of the meeting that we intend to offer at trial.

                           Sincerely,

                           LEONARDO M. RAPADAS
                           United States Attorney
                           Districts of Guam and the NMI

                  By:      _____
                           TIMOTHY E. MORAN
                           Assistant U.S. Attorney

enc.
cc:   Honorable Alex R. Munson (w/enc.)
      Chief Judge, District Court of the NMI

```
*  *  *  COMMUNICATION RESULT REPORT ( MAY.25.2006  2:12PM ) * * *

                                                    TTI   US ATTORNEY'S OFFICE
FILE MODE          OPTION          ADDRESS (GROUP)        RESULT        PAGE
----------------------------------------------------------------------------
254  MEMORY TX                     92354801              OK           P. 9/9


----------------------------------------------------------------------------
     REASON FOR ERROR
          E-1) HANG UP OR LINE FAIL           E-2) BUSY
          E-3) NO ANSWER                      E-4) NO FACSIMILE CONNECTION
```

# FAX TRANSMISSION
## U.S. DEPARTMENT OF JUSTICE
## U.S. ATTORNEY'S OFFICE

District of the Northern Mariana Islands
Horiguchi Bldg., 3rd Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax: (670) 236-2985

| | | | |
|---|---|---|---|
| **To:** | G. Anthony Long, Esq. | **Date:** | May 25, 2006 |
| **Fax #:** | 235-4801 | **Pages:** | 9 (including cover sheet) |
| **From:** | Timothy E. Moran, AUSA | | |
| **Subject:** | U.S. v. Zheng, Ming Yan, et al., CR 05-00027 | | |

COMMENTS: Letter and bates stamped ZHE0408 through ZHE0414 attached.

```
* * * COMMUNICATION RESULT REPORT ( MAY.25.2006  2:18PM ) * * *
                                                    TTI   US ATTORNEY'S OFFICE

FILE MODE          OPTION            ADDRESS (GROUP)         RESULT         PAGE
-------------------------------------------------------------------------------
255  MEMORY TX                       92334716                OK             P.  9/9


-------------------------------------------------------------------------------
REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL                E-2) BUSY
     E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
```

# FAX TRANSMISSION
# U.S. DEPARTMENT OF JUSTICE
# U.S. ATTORNEY'S OFFICE

District of the Northern Mariana Islands
Horiguchi Bldg., 3rd Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax: (670) 236-2985

**To:** Steven P. Pixley, Esq.      **Date:** May 25, 2006

**Fax #:** 233-4716                 **Pages:** 9 (including cover sheet)

**From:** Timothy E. Moran, AUSA

**Subject:** U.S. v. Zheng, Ming Yan, CR 05-00027

COMMENTS:

Letter and bates stamped ZHE0408 through ZHE0414 attached.