LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax:       (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ZHENG, MING YAN,<br>    a/k/a, "Li-Na," and<br>LIU, CHANG DA,<br><br>    Defendants. | Criminal Case No. 05-00027<br><br>GOVERNMENT'S MOTION IN LIMINE<br>TO EXCLUDE EVIDENCE<br><br>Trial: Jury<br>Date: August 14, 2006<br>Time: 1:00 p.m.<br>Judge: Hon. Alex R. Munson |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby moves in limine for the Court for an order (1) excluding video evidence to be offered by defendant Zheng under Fed. R. Evid. 402, 403 and 608; and (2) excluding opinion testimony from either defendant for lack of notice to the government.

I.  THE COURT SHOULD EXCLUDE THE VIDEO EVIDENCE UNDER RULES 402, 403, AND 608.

Defendant Zheng produced two CD-roms with video evidence and notified the government that, "[w]hile the CD-roms were planned to be used for impeachment purposes, they many be used until Zheng's case in chief." The government has reviewed the videos and they

appear to be tapes of a Garapan storefront on various nights from August 27, 2005 through September 13, 2006. In two of excerpts, one or both of the alleged victims in this case, Chi Xiumei and Lian Wei, can be seen for several minutes time.

The government does not know for what purpose the defendant intends to offer this evidence. However, it does not appear admissible under any theory that the government can imagine at this time. The videos do not tend to prove any fact, as the victims could have been doing anything or nothing in the videos. Moreover, they are not pertinent to any fact at issue under the indictment, since the events in the video took place after Zheng's arrest and after the events in the indictment. Accordingly, the videos are not admissible under Rule 402, which prohibits the admission of irrelevant evidence. Furthermore, the defendant may use them to draw an inference between the victims and prostitution and unfairly prejudice the jury against the victims. Accordingly, even if the Court finds the videos relevant, it should exclude them because that relevance is subtantially outweighed by the danger of unfair prejudice and therefore inadmissible under Rule 403.

Alternatively, the defendant may attempt to introduce the videos to prove some point of character of Chi or Lian, such as truthfulness. However, in that case, the videos would constitute extrinsic evidence. Rule 608(b) clearly provides that specific instances of conduct may not be proved by specific instances of conduct, except convictions. Accordingly, the Court should exclude the videos if offered to prove character.

II.  THE COURT SHOULD EXCLUDE ANY OPINION TESTIMONY FOR LACK OF NOTICE UNDER FED. R. CRIM. P. 16(b)(1)(C).

Federal Rule of Criminal Procedure 16(b)(1)(C) requires the defendant to give a written summary of any evidence to be introduced under Fed. R. Evid. 702, 703, and 705 (generally, expert or opinion testimony), if the defendant has requested such disclosure and the government complies. The government made such a disclosure at the defendants' request and requested reciprocal discovery.[1] The government has not received notification from either defendant

---

[1] Actually, the government originally took the position that the introduction of translations from Chinese would not be subject to Rule 16 but, to obviate the objection, the government

1 regarding opinion testimony. Furthermore, trial is scheduled to start in one week and it may be
2 too late for the government to prepare and respond adequately to any intended opinion
3 testimony. Accordingly, the defendants should be precluded from introducing any opinion
4 testimony at trial.

III.  CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court issue an order excluding evidence of the videos and any opinion testimony from the defendants.

Dated: August 7, 2006
       Saipan, CNMI

                                      LEONARDO M. RAPADAS
                                      United States Attorney
                                      District of the Northern Mariana Islands

By:  _/s/_____
     TIMOTHY E. MORAN
     Assistant U.S. Attorney

---

made its disclosure. The defendants have always take the position that translations constitute opinion testimony subject to Rule 16.

-3-