Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) MEMORANDUM OPPOSING |
| v. | ) PROSECUTION'S IN LIMINE |
| | ) MOTION |
| ZHENG MING YAN and LIU, CHANG | ) |
| DA | ) |
| | ) Date: Aug. 14, 2006 |
| Defendant | ) Time: 8:00 a.m. |
| _____ | ) |

The two sex trafficking charges are the most serious charges against Zheng.

It is Zheng's theory and defense to those charges that neither Chi Xiumei nor Lian

Wei engaged in commercial sex Acts by means of coercion, fraud or force. The

evidence which the prosecution seeks to exclude shows that in late August, 2005,

shortly after Zheng's arrest and closure of the Tea House, Chi and Lian were

prostituting themselves on the streets of Garapan. Such evidence is highly relevant

to the whether Chi and Wei voluntarily engaged in commercial sex as opposed to

being the victims of fraud, coercion or force as they allege. The evidence is therefore admissible under FRE Rules 403 and 404. *See  United States v. Cruz-Garcia*, 344 F.3d 951, 957 - 958 (9th Cir.2003). Indeed, Rule 404 allows admission of evidence which shows  proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or **absence of mistake or accident** or other similar purposes.  *Id* at 955.

Additionally, Zheng  has the right to introduce evidence to impeach the credibility of her accusers. *DePetris v. Kuykendall*, 239 F.3d 1057, 1062 (9th Cir. 2001)[Where a defendant's guilt hinges largely on the testimony of a prosecution's witness, the erroneous exclusion of evidence critical to assessing the credibility of that witness violates the Constitution]. The evidence can also serve to impeach the credibility of Chi and Lian regarding whether they were willing

Even more so, the erroneous exclusion of critical, corroborative defense evidence may violate both the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense  *Chia v. Cambra*, 360 F.3d 997, 1003 (9th Cir.2004). Whether such rights are violated is determined by examination of five factors. Id at 1004. "These factors include: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on

the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." *Id*. It cannot be disputed that video taken days after Zheng's arrest showing Chi and Lian loitering in front of a porno shop  "working" a side street in Garapan is probative, reliable, capable of being evaluated by the jury, is not cumulative and constitutes a major part of the defense to the sex trafficking charges as well as the fraudulent transportation charge. Exclusion of the evidence will  violate the constitutional right to a fair trial and the right to present a defense. *Id*.

## CONCLUSION

The prosecution acknowledges the CD's at issue contain footage of their principal witnesses in Garapan after the time of Zheng's arrest. The CD's not only impeach Chi's and Lian's credibility but they also support Zheng's defense theory to the charges of sex trafficking and foreign transportation pursuant to a fraudulent scheme. As an ancient proverb says "[a] picture is worth a thousand words."

Law Office of G. Anthony Long

By:_____
G. Anthony Long