Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| | ) |
| Plaintiff | ) |
| | ) NOTICE OF MOTION AND |
| v. | ) MOTION FOR COURT TO APPOINT |
| | ) NEUTRAL INTERPRETER WITH |
| | ) SUPPORTING MEMORANDUM |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) |
| | ) Date: Aug. 14, 2006 |
| Defendant | ) Time: 8:00 a.m. |
| _____ | ) |

**TO: THE UNITED STATES OF AMERICA AND ITS ATTORNEYS OF RECORD:**

### NOTICE

Please be advised that on August 14, 2006 at 8:00 a.m. or as soon thereafter as possible, the court will hear defendant Zheng's motion for appoint of a neutral interpreter..

## MOTION

Defendant Zheng hereby moves for an order for the court top appoint a neutral interpreter for all trial witnesses. This motion is based upon the declaration of counsel and memorandum of points of authorities filed herewith, and all documents and proceedings of record.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Zheng Ming Yan moves for an order for the court to appoint a neutral interpreter for all witnesses at trial in this case pursuant to 28 U.S.C. § 1827 and FRCrP Rule 28.

Generally, an interpreter should not have an interest in the outcome of a criminal proceeding if he or she is to act in his or her professional capacity during the course of those proceedings. *United States v. Ball*, 988 F.2d 7, 9-10 (5th Cir. 1993). Furthermore, use of a biased interpreter can render a trial unfair and violate due process. *See Siripongs v. Calderon*, 35 F.3d 1308, 1318 (9thCir. 1994).

In this case, the prosecution seeks to use an FBI interpreter as the interpreter, at least, in connection with its direct examination of its witnesses. This is improper for several reasons. First, at the pretrial conference held on August 11, 2006 the prosecution acknowledged that the interpreter has been working closely

with the witnesses in connection with their testimony. Even more so, the prosecution intends to use the same interpreter as a witness in its case in chief in connection with the translation of certain recordings. These factual circumstances establish that the interpreter is not only bias but that she has an interest in the outcome of the case in as much as she is employed by the FBI, has assisted in preparing the witnesses for their testimony against Zheng and she will be an adverse witness against Zheng. Additionally, by allowing the prosecutions' witness to serve as an interpreter for the court may wrongfully infer to the jury that her testimony concerning the translation of the recordings should be given greater credence or weight.

Also, the appointment of a neutral interpreter will be more economical because the court, in all likelihood, must still appoint a neutral interpreter for trial. Indeed, if a dispute arises between the parties concerning the interpretation, the court will not, without the assistance of its own interpreter, be able to make any determination as to which parties interpretation of the testimony or question is accurate.

## CONCLUSION

It is undisputed that the majority of the witnesses in this case speak

Mandarin as their language and will require interpretation of the questions and answers. Fairness, due process and judicial economy dictate that the court appoint one neutral interpreter for all witnesses. It will also ensure the consistency of the interpretation.

                    Law Office of G. Anthony Long

          By:/s/_____
                    G. Anthony Long