LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone:   (670) 236-2982
Fax:             (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>              Plaintiff, )<br>)<br>       v. )<br>)<br>ZHENG, MING YAN, )<br>)<br>              Defendant. )<br>)<br>_____ ) | Criminal Case No. 05-00027<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE<br><br>Date:   August 14, 2006<br>Time:   8:00 a.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its reply memorandum in support of motion to exclude. The defendant proffers the admissibility of this evidence on two bases: under Fed. R. Evid. 403 and 404(b) to show the absence of mistake or accident and to impeach the credibility of government witnesses.

I.   THE VIDEOS DO NOT SHOW ABSENCE OF MISTAKE OR ACCIDENT

The defendant offers the videos to show an absence of mistake or accident under Rule 404(b). While 404(b) does permit this use, these videos cannot support that inference. Other act

evidence, to be admissible, must meet four criteria: "(1) proof that the defendant committed the other crime must be clear and convincing; (2) the [other] criminal conduct must not be too remote in time from the commission of the crime charged; (3) the prior criminal conduct must, in some cases, be similar to the offense charged; and (4) the prior criminal conduct must be introduced to prove an element of the charged offense that is a material issue in the case." United States v. Bailleaux, 685 F.2d 1105, 1110 (Ninth Cir. 1982), overruled on other grounds. This evidence does not meet three of these criteria. One, it does not show clear and convincingly that the witnesses were engaged in prostitution; in fact, they are never seen with men. Two, the videos were filmed after the events in the indictment, so they cannot prove anything about their disposition of October, 2005. Similarly, the videos cannot prove anything material to this case, which are the elements of the indictment.

II.     FED. R. EVID. 608(b) DOES NOT PERMIT EXTRINSIC EVIDENCE TO IMPEACH.

Of course, the Court cannot even decide if the videos have any impeachment value until after the witnesses tesify because the videos must contradict their testimony. However, even if the videos appear to contradict their testimony, their introduction would constitute extrinsic evidence and is therefore inadmissible pursuant to Rule 608(b). If it has some impeachment value, the defendant may ask the witnesses whether they were in front of a store in Garapan on a certain date but she cannot prove that fact by the introduction of the videos. Rule 608(b) simply precludes such "mini-trials" on extrinsic points.

III. CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court grant the government's motion to exclude or at least reserve decision on admissibility until the witnesses to be impeached have testified.

Dated: August 13, 2006
       Saipan, CNMI

                                            LEONARDO M. RAPADAS
                                            United States Attorney
                                            District of the Northern Mariana Islands

                             By:    __/s/_____
                                            TIMOTHY E. MORAN
                                            Assistant U.S. Attorney