1   LEONARDO M. RAPADAS
    United States Attorney
2   TIMOTHY E. MORAN
    Assistant United States Attorneys
3   DISTRICT OF THE NORTHERN
       MARIANA ISLANDS
4   Horiguchi Building, Third Floor
    P.O. Box 500377
5   Saipan, MP 96950
    Telephone:   (670) 236-2982
6   Fax:         (670) 236-2985

7   Attorneys for United States of America

8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN MARIANA ISLANDS
11

12
    UNITED STATES OF AMERICA,        )   Criminal Case No. 05-00027
13                                   )
                  Plaintiff,         )
14                                   )
          v.                         )   GOVERNMENT'S MEMORANDUM IN
15                                   )   OPPOSITION TO DEFENDANT'S
    ZHENG, MING YAN,                 )   MOTION TO APPOINT INTERPRETER
16                                   )
                  Defendant.         )   Date:   August 14, 2006
17                                   )   Time:  8:00 a.m.
                                     )
18                                   )
                                     )
19   _____)

20
          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its
21
    counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United
22
    States Attorney, and hereby files its memorandum in opposition to appoint an interpreter.  The
23
    Government respectfully requests that the Court deny the defendant's motion for the reasons
24
    below.
25
    I.    THE DEFENDANT'S MOTION IS UNTIMELY.
26
          This motion is untimely for two reasons.  First, at the pretrial conference on Thursday,
27
    August 10, 2006, after some discussion, the parties agreed – over the government's objection –
28
    that each party would provide its own interpreter for its own examinations.  As the Court noted,

1   it has routinely used this procedure in this district.  The Court concluded by instructing that any

2   party wishing to object must notify the Court by 4:30 that day.  The defendant filed this motion

3   at 4:27 the following day, which was a full day after the Court's deadline.

4        Second, this motion is untimely because it is simply too late to permit the desired

5   response.  The defendant filed the motion at the end of the Friday before trial is scheduled to

6   begin, after the clerk's office has closed.  The trial starts on Monday.  The day of the trial is too

7   late to find and vette a court-appointed interpreter.  Furthermore, simply requesting the

8   appointment of a "qualified, neutral interpreter" does not necessarily make one available on the

9   island of Saipan.  There are no court-certified interpreters on Saipan.  In the court's experience,

10  qualified interpreters are hard to find on Saipan.  Furthermore, virtually all of the interpreters on

11  island have worked, at one time or another, for the government or defense attorneys.

12  Accordingly, it is unlikely that there is a "qualified, neutral interpreter" available.

13  II.      THE USE OF THE GOVERNMENT'S INTERPRETER IS PROPER.

14       The Government's use of its interpreter is proper as the defendant has made no showing

15  of bias.  The defendant bases her allegations primarily on the assumption that the Government

16  will call its neutral interpreter as an expert witness at trial.  In fact, the Government plans to use

17  one interpreter and call an entirely different interpreter as its expert witness regarding the

18  translation of certain recordings in this case.  Accordingly, there is no concern over the

19  interpreter appearing as a witness adverse to the defendant.

20       Furthermore, the defendant has not made a showing of bias simply because the

21  Government's interpreter is a contract linguist for the FBI.  See Siripongs v. Calderon, 35 F.3d

22  1308, 1318 (9th Cir. 1994).  As discussed above, on Saipan, the interpreters routinely work for

23  one side or the other.  Additionally, there are procedural safeguards present.  First, the interpreter

24  will be bound by the oath taken pursuant to Fed. R. Evid. 604.  Second, as the Court suggested,

25  the defendants will have their interpreters present who can raise any issues with the translation

26  by way of objection.

27       The Court has discretion to use the Government's interpreter under 28 U.S.C. § 1827,

28  because, in the absence of "certified interpreters," the Court must use otherwise qualified

1  interpreters.  In fact, pursuant to 28 U.S.C. § 1827(c)(2), the "United States attorney is

2  responsible for securing the services of such interpreters *for government witnesses*."  (emphasis

3  added.)  There can be no question about the qualifications of the Government's interpreter, who

4  is a contract linguist for the the FBI; holds a B.A. equivalent degree in English from Xian

5  Foreign Languages University in China and an M.A. in English as a Second Language from

6  Azusa Pacific University; and she spent twenty years in China.

7  III.    CONCLUSION

8         For the reasons stated above, the Government respectfully requests that the Court deny

9  the defendant's motion for court appointed interpreter and follow the procedure previously

10  instituted.

11

12  Dated: August 13, 2006
          Saipan, CNMI

13

14                                                    LEONARDO M. RAPADAS
                                                      United States Attorney
15                                                    District of the Northern Mariana Islands

16                                          By:    __/s/_____
                                                      TIMOTHY E. MORAN
17                                                    Assistant U.S. Attorney

18

19

20

21

22

23

24

25

26

27

28