Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ZHENG MING YAN and LIU, CHANG DA<br><br>　　　　Defendant<br>_____ | ) CRIMINAL ACTION NO. 05-00027<br>)<br>)<br>) NOTICE OF MOTION AND<br>) MOTION FOR COURT IN LIMINE<br>) TO EXCLUDE PROSECUTION<br>) EXHIBITS 1, 2, 3, and 4 WITH<br>) SUPPORTING MEMORANDUM<br>)<br>) Date: Aug. 14, 2006<br>) Time: 8:00 a.m.<br>) |

**TO: THE UNITED STATES OF AMERICA AND ITS ATTORNEYS OF RECORD:**

### NOTICE

Please be advised that on August 14, 2006 at 8:00 a.m. or as soon thereafter as possible, the court will hear defendant Zheng Ming Yan's motion in limine to exclude prosecution exhibits 1, 2, 3, and 4.

# MOTION

Defendant Zheng Ming Yan hereby moves for an order to exclude prosecution exhibits 1, 2, 3, and 4. This motion is based upon the memorandum of points of authorities filed herewith, and all documents and proceedings of record.

# MEMORANDUM OF POINTS AND AUTHORITIES

Zheng Ming Yan ("Zheng") brings this motion in limine for exclusion of certain evidence pursuant to Com. R. Evid. Rule 104. *See United States v. Horn*, 185 F.Supp.2d 530, 534 ( D.Md. 2002); *Hall v. Baxter Healthcare Corporation*, 947 F.Supp. 1387, 1394 (D.Or. 1996). Specifically, Zheng seeks exclusion of

The prosecution's exhibit one is a flyer which it claims was posted, distributed in the Peoples Republic of China ("PRC" or "China") and which advertises employment opportunities on Saipan with Greate Corporation. The exhibit is inadmissible as it cannot be properly authenticated pursuant to FRE Rule 901(a). *Casey v. Phelan Insurance Agency, Inc.*, 431 F.Supp.2d 888, 891-892 (N.D.Ind. 2006). Authentication of a document relates only to whether the document originates from their alleged source. *Id* at 891. Indeed, the prosecution's witness list does not identify any person from the company in China which purportedly issued or posted the flyer. Without such testimony, the flyer cannot be

authenticated for purposes of admissibility. *Id* at 891 - 892. The flyer is also hearsay, and without the proper testimony it cannot be deemed a business record or come within any other hearsay exception. *See United States v. Chu Kong Yin*, 935 F.2d 990, 996 - 997 (9th Cir. 1991). Lastly, the best evidence rule requires the prosecution to produce the original of the flyer. FRE Rule 1002. Even more so, Zheng's constitutional right to confrontation precludes someone other than a knowledgeable employee or representative of the company which posted or distributed the flyer from authenticating the document. *See e. g. United States v. Hagege,* 437 F.3d 943, 958 (9th Cir. 2006).

Since Exhibit 1 is inadmissible, exhibit 2 which is a purported translation of Exhibit 2 is also inadmissible.

Exhibit 3 purports to be a contract or agreement between Great Corporation and a PRC company. First, it is unclear which law controls the document. Indeed, the first determination in being able to decide whether the document is an agreement or contract requires determining whether Commonwealth or PRC law controls the document. Since the prosecution has not provided any notice of foreign law or designated a PRC legal expert, it appears the prosecution contends

the document is governed by Commonwealth law[1]. Assuming, but without conceding that Commonwealth law controls the document, then it is inadmissible.

Exhibit 3 is not signed by the purported PRC company. Thus, there is not any basis for showing that an agreement or meeting of the minds existed between Great Corporation and the PRC company. Also, without the testimony of a knowledgeable employee of the PRC company, the document cannot be properly authenticated for purposes of FRE Rule 901(a).  The document is also  hearsay, and without the proper testimony it cannot be deemed a business record or come within any other hearsay exception. *SeeChu Kong Yin*, 935 F.2d at  996 - 997. Lastly, the best evidence rule requires the prosecution to produce the original of the document signed by the PRC company. FRE Rule 1002.  Even more so, Zheng's constitutional right to confrontation precludes someone other than a knowledgeable employee or representative of the company which posted or distributed from authenticating the document. *Seee. g. United States  v. Hagege,* 437 F.3d at 958.

Since Exhibit 3 is inadmissible, exhibit 4 which is a purported translation of Exhibit 2 is also inadmissible.

---

[1] If the prosecution contends that the document is governed by PRC law then the document should be either excluded or the trial continued for Zheng to consult and possibly retain a PRC legal expert.

## CONCLUSION

For each of the reasons set forth above, prosecution exhibits 1, 2, 3, and 4 are inadmissible at trial.

                    Law Office of G. Anthony Long

By: /s/_____
            G. Anthony Long