Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

# IN THE UNITED STATES  DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL  ACTION  NO. 05-00027 |
| | ) |
| Plaintiff | ) MEMORANDUM SUPPORTING |
| | ) INSTRUCTION CONCERNING |
| v. | ) CHI'S TESTIMONY |
| | ) |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) |
| | ) Date: Aug. 18, 2006 |
| Defendant | ) Time: 9:00 a.m. |
| _____ | ) |

It is fundamentally unfair and a due process violation for a prosecutor to

present perjured or false testimony to the jury.  *United States v. LaPage*, 233 F.3d

488, 491 (9th Cir. 2000); *Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005)[1]. Similarly,

it is fundamentally unfair and a due process violation when the prosecution to

"although not soliciting false evidence, allows it to go uncorrected when it

---

[1]In the 9th Circuit does not differentiate between perjury and false testimony.
*Hayes,* 399 F.3d at 981 - 984.

appears." *Id*. *See  Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Hayes*, 399 F.3d at 984.  A prosecutor's  duty to correct false testimony by its witnesses is not discharged merely because defense counsel knows, and the jury may figure out, that the testimony is false. *LaPage*, 233 F.3d at 492. Instead, the prosecution possesses a constitutional duty " to correct the false impression of the facts." *Id*. These prosecutorial duties are not limited to circumstances of actual knowledge of falsity, but they equally apply when the prosecution is on notice of the distinct possibility that testimony of a prosecution witness is false. *See Napue,* 360 U.S. at 269-70.

The direct examination of Chi, Xiumei ("Chi") occurred on August 16, 2005.  On direct examination Chi testified that she was moved to Guam for safety reasons. At the conclusion of the trial that day Zheng brought up that Chi's testimony regarding her being moved to Guam for safety reasons was false. The court instructed the prosecution to provide Zheng with information regarding her safety. This morning the prosecution provided that information to Zheng and it did not contain any information that Zheng was moved to Guam for safety concerns. Today, August 17, 2006, on cross examination Chi specifically testified that FBI Special Agent James Berry informed her she was being moved to Guam for safety. She testified that he told her this at the hotel near UIC in the presence of Wang

Lan Jun, Wang Bin, and Lian Wei around 2:00 p.m. one afternoon. She did not remember the precise date. Chi did say, however, the meeting took place after she and Chi moved to the hotel. They moved to the hotel in September, 2005. To all information possessed by Zheng and that has been provided by the prosecution, Agent Berry never made such a statement to Chi[2]. In fact, based on all of the FBI 302's and all information provided by the prosecution, no such meeting occurred with Agent Berry at the hotel near UIC between September, 2005 and December 7, 2005, the date Chi entered Guam, among Chi, Wang Lan Jun, Wang Bin, and Lian Wei.

The charges in this case include sex trafficking which involves elements of force and coercion. False testimony that the government moved an accuser to Guam for fear of her safety is extremely material and crucial as it supports the allegations of force and coercion. Such false testimony and false impression of the facts cannot be left uncorrected.

## CONCLUSION

The jury must be instructed that SA Berry never told Chi that she was being

---

[2]It is noted that the prosecution never advised the court in December, 2005 or anytime after Zheng's pretrial release that Zheng or anyone else posed a threat to Chi's safety.

moved to Guam for safety reasons and that the alleged meeting among SA Berry,

Wang Lan Jun, Wang Bin and Lian Wei at the hotel near UIC never took place.

Law Office of G. Anthony Long

By: /s/_____
        G. Anthony Long