Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| | ) |
| Plaintiff | ) |
| | ) REPLY SUPPORTING MOTION |
| v. | ) CONCERNING CHI'S TESTIMONY |
| | ) |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) |
| | ) Date: |
| Defendant | ) Time: |
| _____ | ) |

    The prosecution does not state that Agent Berry informed Chi that she being moved to Guam for her safety. Likewise, the prosecution does not state that Agent Berry met with Chi, Wang Lan Jun, Wang Bin and Lian Wei at the hotel across from UIC on an afternoon between September, 2005 and December 7, 2005. Finally, the prosecution does not assert that Agent Berry advised Chi that she was being moved to Guam for her safety during a meeting at the hotel near UIC attended by Chi, Wang Lan Jun, Wang Bin and Lian Wei. The absence of such direct representations to the court shows Chi's testimony is false and it gives a

false impression on a material matter. Such falsity must be corrected. *United States v. LaPage,* 233 F.3d 488 (9th cir 2000); *See Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir.2005) (en banc),

*United States v. Shaw*, 829 F.2d 714 (9th Cir. 1987) does not control this case. In this case Chi said she was moved to Guam for her safety. On cross examination, when asked how she knew she was moved to Guam for her safety, she expressly stated that Agent Berry told her at a specific meeting. This is a circumstance of a witness falsely stating two discrete material facts whiCh relate to the elements of force and coercion. It is also a circumstance wherein the prosecution has not corrected the false statements or the false impressions created by the statements. *See United States v. Olano*, 62 F.3d 1180, 1197 (9th Cir. 1995).

Law Office of G. Anthony Long

By:_____
G. Anthony Long