Law Office of G. Anthony Long
P. O. Box 504970
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| | ) |
| Plaintiff | ) |
| | ) OPPOSITION TO ADMISSION OF |
| v. | ) EXHIBITS 19, 20, AND 21 |
| | ) |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) |
| | ) Date: |
| Defendant | ) Time: |
| _____ | ) |

    The prosecution contends that exemptions from the Commonwealth moratorium on the hiring of contract workers from abroad for workers other than for a physical therapist and choreographer are relevant to this case and or not prior bad acts if persons were not employed for such positions. The prosecution overlooks the fact that Greate Corporation operated two restaurants in addition to the Tea House. Thus, it appears that in introducing exhibits 19, 20, and 21 the prosecution will imply or seek to prove that some if not all of those exemptions were bogus. This will entail arguments and proof by the parties concerning

positions not relevant to the charges in the indictment and business not related to the Tea House. For example, the validity of an exemption for a sous chef does not have any bearing on Chi or Lian Wei coming to Saipan. Such evidence is irrelevant and to the extent the prosecution seeks to show such exemptions were bogus, then they are bad acts under Rule 404 and this court's in limine ruling. If such evidence is relevant and material for the jury, then Zheng's Exhibits A and B must also be deemed relevant and material and should also be allowed at trial.

        Law Office of G. Anthony Long


By:_____
    G. Anthony Long