F I L E D
Clerk
District Court

AUG 2 3 2006

For The Northern Mariana Islands
By_____
　　　　　(Deputy Clerk)

UNITED STATES DISTRICT COURT
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 05-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY INSTRUCTIONS |
| | ) | |
| ZHENG, MING YAN, | ) | |
| a/k/a "LI-NA," and | ) | |
| LIU, CHANG DA, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

INSTRUCTION __1__

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION 2

The indictment is not evidence. The defendants pleaded not guilty to the charge. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

INSTRUCTION 3

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the government for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to each defendant who are each charged with serious crimes. The fact that prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation. All parties, whether government or individuals, stand as equals at the bar of justice.

1

INSTRUCTION 4

2          The question before you can never be: Will the government win or lose the case. The

3     government always wins when justice is done. Justice is achieved when you, the jury, return

4     your verdict, regardless of whether the verdict is guilty or not guilty.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# INSTRUCTION 5

2          A defendant in a criminal case has a constitutional right not to testify.   No

3  presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact

4  that the defendant did not testify.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 6

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION 7

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

INSTRUCTION 8

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

INSTRUCTION 9

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

INSTRUCTION 10

2        Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

3    testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain

4    of facts from which you could find that another fact exists, even though it has not been proved

5    directly. You are to consider both kinds of evidence. The law permits you to give equal weight to

6    both, but it is for you to decide how much weight to give to any evidence.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 11

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

1

INSTRUCTION 12

2          The defendants are on trial only for the crimes charged in the indictment, not for any

3    other activities.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION 13

2      You are here only to determine whether the defendants are guilty or not guilty of the

3  charges in the indictment.  Your determination must be made only from the evidence in the case.

4  The defendants are not on trial for any conduct or offenses not charged in the indictment.  You

5  should consider evidence about the acts, statements, and intentions of others, or evidence about

6  other acts of the defendants, only as they relate to the charges against each defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## INSTRUCTION 14

3

A separate crime is charged against the defendants in each count. The charges have been

4

joined for trial. You must decide the case of each defendant on each crime charged against that

5

defendant separately. Your verdict on any count as to any defendant should not control your

6

verdict on any other count or as to any other defendant.

7

All of the instructions apply to each defendant and to each count unless a specific

8

9

instruction states that it applies only to a specific defendant or count.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 15

Languages other than English have been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

1

INSTRUCTION 16

2

3          You have heard evidence that certain witnesses gave or made prior statements which

4     were inconsistent with testimony given during trial.  You may consider this evidence, along with

5     other pertinent evidence, in deciding whether or not to believe this witness and how much weight

6     to give to the testimony of that witness.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 17

A witness, who is willfully false in one material part of his or her testimony may be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

1

2

3          INSTRUCTION 18

        You have heard testimony from a witness who may be considered an accomplice. An

accomplice is one who voluntarily and intentionally joins with another person in committing a

crime. You should consider such testimony with greater caution than that of an ordinary witness.

INSTRUCTION 19

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider the person's credibility, the extent of the person's opportunity to perceive the matters upon which his opinion is based and the reasons, if any, given for it. You are not required to accept such an opinion but should give it the weight, if any, to which you find it entitled.

1

## INSTRUCTION 20

2

3          You have heard testimony from persons who, because of education or experience, are

4     permitted to state opinions and the reasons for their opinions.

5          Opinion testimony should be judged just like any other testimony.  You may accept it or

6     reject it, and give it as much weight as you make think it deserves, considering the witness'

7     education and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 21

You have heard evidence that certain witnesses gave or made prior statements which were inconsistent with testimony given during trial.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

INSTRUCTION 22

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION 23

An intent to defraud is an intent to deceive or cheat.

1

INSTRUCTION  24

2

3    You may determine whether a defendant had an honest, good faith belief in the truth of the

4    specific misrepresentations alleged in the indictment in determining whether or not the defendant

5    acted with intent to defraud.  However, a defendant's belief that the victims of the fraud will be

6    paid in the future or will sustain no economic loss is no defense to the crime.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 25

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION 26

The indictment charges defendants with one count of conspiracy, two counts of sex trafficking, one count of foreign transportation for purposes of prostitution, and one count of foreign transportation of persons in furtherance or execution of a scheme to defraud.

INSTRUCTION 2~~7~~

The defendants are charged in Count One of the indictment with conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Section 371. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about August, 2004, until in or about August, 2005, there was an agreement between two or more persons to commit offenses against the United States by committing sex trafficking, foreign transportation for purposes of prostitution, or foreign transportation in furtherance or execution of a scheme to defraud;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in

the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime that the conspirators agreed to accomplish.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, merely by knowing that a conspiracy exists, being present where a crime takes place or it is discussed, having knowledge of criminal conduct, or approving of the conspiracy.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

INSTRUCTION 28

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant may not have directly conspired with the other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

1

2          INSTRUCTION 29

3
       Mere presence at the scene of a crime or mere knowledge that a crime is being committed

4
   is not sufficient to establish that the defendant committed the crime, unless you find that the

5
   defendant was a participant and not merely a knowing spectator.  The defendant's presence may

6
   be considered by the jury along with other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 30

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict on that charge, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

1

2

3                                    INSTRUCTION  31

4          Once a person becomes a member of a conspiracy, that person remains a member until that

5   person withdraws from it.  One may withdraw by doing acts which are inconsistent with the

6   purpose of the conspiracy and by making reasonable efforts to tell the co-conspirator about those

7   acts.  You may consider any definite, positive step that shows that the conspirator is no longer a

8   member of the conspiracy to be evidence of withdrawal.

9          The government has the burden of proving that the defendant did not withdraw from the

10  conspiracy before the overt act–on which you all agreed–was committed by some member of the

11  conspiracy.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION 32

The defendants are charged in Counts Two and Three, with Sex Trafficking, in violation of Title 18, United States Code, Section 1591. In order for a defendant to be found guilty of that the charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided or obtained by any means a person, knowingly benefitted, financially or by receiving anything of value, from participation in a venture which engaged in such conduct;

Second, the defendant knew that force, fraud or coercion would be used to cause the person to engage in a commercial sex act; and

Third, the acts of the defendant or venture were in or affecting interstate or foreign commerce.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

"Coercion" means threats of serious harm to or physical restraint against any person; or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or the abuse or threatened abuse of the law or the legal process.

"Venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

INSTRUCTION 33

The defendants are charged in Count Four with Transportation of a Person For Purposes of Prostitution in violation of Title 18, United States Code, Section 2421.   In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported a person in foreign commerce; and

Second, the defendant transported such person with the intent that such person engage in prostitution or any sexual activity for which a person can be charged with a criminal offense.

INSTRUCTION 34

The defendants are charged in Count Five with Foreign Transportation of Persons In Execution of a Scheme To Defraud in violation of Section 2314 of Title 18 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant made up a scheme or plan for obtaining money by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the defendant knew that the promises or statements were false;

Third, the promises or statements were material, that is, they would reasonably influence a person to part with money or property;

Fourth, the defendant acted with the intent to defraud; and

Fifth, on or about the date alleged in the count you are considering, the defendant transported, caused to be transported, or induced persons to travel in interstate or foreign commerce in the execution or concealment of the scheme or plan to defraud such persons of more than $5,000.

## INSTRUCTION 35

Each member of a scheme to defraud is responsible for other co-schemers' actions during the course of and in furtherance of the scheme.

 If you  decide that a defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, that defendant is responsible for what  other co-schemers said or did to carry out the scheme, even if the defendant did not know what they said or did.

For a defendant to be  guilty of an offense  committed by a co-schemer as part of or in furtherance of the scheme, the offense must be one that could reasonably be foreseen  as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION 36

A defendant may be found guilty of the offense charged even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of Sex Trafficking, Foreign Transportation of Persons for Prostitution, or Foreign Transportation of Persons in Execution of A Scheme to Defraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to the crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged in the Indictment.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION 37

Now, I want to say a word about the dates that have been mentioned in the indictment.

The indictment charges that the crimes occurred on approximately a certain date. The Government does not have to prove that the crimes happened on that exact date. But the Government must prove that the crimes occurred reasonably close to that date.

INSTRUCTION 38

The punishment provided by law for this crime is for the court to decide. You may not

consider punishment in deciding whether the government has proved its case against the

defendants beyond a reasonable doubt.

INSTRUCTION 39

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION 40

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

INSTRUCTION 41

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

# INSTRUCTION 42

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION 43

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, or on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.