Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| | ) |
| Plaintiff | ) |
| | ) REPLY MEMORANDUM |
| v. | ) SUPPORTING POST TRIAL |
| | ) MOTIONS |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) |
| | ) Date: Nov. 27, 2006 |
| Defendant | ) Time: 9:00 a.m. |
| _____ | ) |

**1.  ACQUITTAL IS PROPER**

The prosecution does not dispute that § 501 is a fundamental provision of the Covenant. Yet, the prosecution seeks to rely on Covenant § 502(a)(2) to support application of the commerce clause jurisdictional element of the Mann Act and the Travel Fraud Act to the Commonwealth. If the prosecution's analysis is correct, then in *Fleming* v. Department of Public Safety, 837 F.2d 401(9th Cir. 1988) overruled on other grounds, *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir.1992), the 11th Amendment immunity applicable to the states would have been deemed applicable to the Commonwealth for purposes of § 1983. That was not the conclusion reached by the Ninth Circuit. The Ninth Circuit held that since the Covenant did not extent 11th

Amendment immunity to the Commonwealth, such immunity was not available to the Commonwealth in 1983 actions even thought such immunity was available to the States. In 1983 actions.

The same reasoning can only mean that since the Covenant did not extend the commerce clause to the Commonwealth, that portion of the Mann Act did not apply in the Commonwealth. This precludes the United States, as a matter of law, from proving the jurisdictional element of the Mann Act. This is consistent with Covenant § 502(a) as that section contains the qualifying language "except as otherwise provided in this Covenant..." The Covenant in § 501 provides otherwise with respect to the commerce clause, which serves as the jurisdictional element of the Mann Act and Travel Act. It is undisputed that the Covenant does not extent the commerce clause to the Commonwealth. Pursuant to *Fleming*, this means that despite § 502(a)(2), the intention is that the commerce clause does not apply in the Commonwealth. 837 F.3d at 406.

Regarding Counts 2 and 3, the only basis the prosecution contends that the sex trafficking statutes apply in the Commonwealth is because they are a major priority to the Department of Justice ("DOJ"). To support this assertion, the prosecution points to a 2005 annual report of the DOJ. This argument has several fundamental flaws. First, the sex trafficking statutes were enacted in several years before 2005. Simply because enforcement of the statute became a priority several years after its enactment does not result in its application to the Commonwealth. Whether a statute enacted after 1978 applies in the Commonwealth is made based on the circumstances at the time of its enactment, and not because of some subsequent change in DOJ policy or adoption of policy by a federal agency.

Secondly, Zheng acknowledges in her moving memorandum that *Richard* requires an

identifiable federal interest. However, she points out that the law is silent on the standard applicable to that interest. Zheng, relying on case law contends that compelling interest is the standard for the identifiable interest since the interest infringes on the Commonwealth's fundamental right to sovereignty and self government. The prosecution, in one sentence and without citation to any authority simply claims a compelling interest does not need to be shown. Instead, the prosecution contends only an identifiable interest need be shown. That misses the mark. The issue is what is the threshold of the identifiable federal interest. The law, as suggested by Zheng, is that the interest must be compelling. *See Richard*, 4 F.3d at 755[The federal government had a **substantial interest** in the legislation which justified its application to the Commonwealth]. The prosecution does not point to any authority showing otherwise.

## II.     ZHENG SHOULD BE GRANTED A NEW TRIAL

### A.     A NEW DISCLOSURE MAKES A NEW TRIAL APPROPRIATE

Non disclosure of information which is material to cross examination of key prosecution witnesses justify granting a new trial. *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978). It is settled law that a deal, understanding, or promise that the prosecution has with a witness, especially a witness who is deemed a participant in the crime, is material and must be disclosed to the defense. *Id*, *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974); *Giglio v. United States*, 405 U.S. 150, (92 S.Ct. 763, 31 L.Ed.2d 104) (1972); Brady v. Maryland, 373 U.S. 83, 87, (83 S.Ct. 1194, 10 L.Ed.2d 215) (1963). To this extent, the deal or promise need not be express; failure to disclose an agreement or guarantee of leniency "indicated without making a bald promise' also may violate *Brady*." *Hovey v. Ayers*, 458 F.3d 892, 917 (9th Cir. 2006). See

*Butler*, 567 at 888 n. 4.

Subsequent to Zheng filing her post trial motions, the Probation Office, an arm of the court, prepared Zheng's Presentence Report ("PSR"). The PSR concluded, after investigation, that Wang Bin and Wang Lan Jun were participants in the offense. The advisory Guidelines provides as follows:

> A "participant" is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant.

Guideline Section 3B1.1, Application Note 1. *See United States v. Helmy*, 951 F.2d 988, 997 (9th Cir. 1991).

Before trial or during trial, the prosecution never informed the defense that it had a non prosecution agreement, cooperation agreement or understanding with Wang Bin or Wan Lan Jun[1]. In fact, at trial, the prosecution insisted that Wan Lan Jun and Wang Bin were not participants in the criminal activity. It has now come to light, in connection with sentencing, the prosecution now takes the stance that Wang Bin and Wa Lan Jun were, in fact, participants in the criminal activity and apparently were co-conspirators but subsequently withdrew from the conspiracy. *See* Letter from USAO to Ms. Brunson dated November 13, 2006 attached hereto. In the letter the prosecution adopts" the findings and conclusions" that Wang Bin and Wang Lan jun were participants in the criminal activity as defined in Guidelines § 3b1.1. Even more so, the prosecution concedes that Wang Bin and Wang Lan Jun "were not victims of the defendants and were actually criminally culpable for some of the defendants conduct." The prosecution goes on

---

[1] Prior to trial Zheng sought such information by discovery. During trial Zheng specifically raised this issue.

to contend that"the Wangs broke with the defendants, cooperated with and testified for the government..."

The non disclosure of that the Wangs were co-conspirators, that a cooperation agreement or understanding existed with them, and that they were criminally responsible precluded Zheng from presenting such evidence to the jury so the jury could effectively evaluate the Wangs testimony. This is especially so given Wan Lan Jun's testimony which includes, among other assertions, she did not know the activity was illegal and that she sympathized with Chi Xiumei and Lian Wei but was powerless to assist them. Not disclosing the crucial information concerning the Wangs criminal responsibility and the cooperation agreement, arrangement or understanding with those criminally responsible witnesses requires a new trial regardless of whether the non disclosure was negligent or intentional. *Butler, supra*.

Furthermore, the disclosure, after trial, that Wang Lan Jun and Wang Bin were, in fact participants in the crimes and therefore criminally responsible, concedes that Wang Lan Jun and Wang Bin presented false testimony at trial and such testimony was not corrected by the prosecution. This circumstance also justifies a new trial for Zheng as it violates her 6th amendment rights to a fair trial as well as her fifth amendment right to due process. *See Butler, supra*.

**B.    THE EXCLUSION OF EXHIBITS 1 AND 2 WARRANT A NEW TRIAL**

When constitutional rights directly affecting the ascertainment of guilt are implicated, the rules of evidence can not be applied mechanistically to defeat the ends of justice. Greene v. Lambert, 288 F.3d 1081, 1090 (9th Cir.2002). See *Chambers v. Mississippi*, 410 U.S. 284, 302 ,

1049 93 S.Ct. 1038 (1972).

A material defense to the sex trafficking charges was that Chi and Lian Wei were prostitutes who knowing came to the Commonwealth to engage in prostitution. The best evidence Zheng had to support this defense were the CDs as they showed Lian Wei and Chi Xiumei engaging in prostitution activity on their own within any force or coercion from anyone, even after they had contacted the FBI and accepted money from the FBI.  Denying the use of such evidence at trial defeated the ends of justice as it effectively deprived Zheng of defending against the sex trafficking charges. Moreover, the fact that the court allowed testimony of their engaging in prostitution activity defeats any argument supporting exclusion of the video as the jury seeing such conduct is more probative and relevant than their merely hearing the words. *See United States v. Cruz-Garcia*, 344 F.3d 951, 957 - 958 (9th Cir.2003)[Without the excluded evidence of prior crimes, the defendant did not have any **effective** means of rebutting the prosecution's most compelling argument against him]. *See e.g. United States  v. Pabon-Cruz*, 255 F.Supp.2d 20, 214 (S.D.N.Y. 2003)[Jury seeing child pornography photos more probative than "abstract" words.]

Rule 404(b) does not justify exclusion of the CD's as evidence that is "inextricably intertwined" with the crime charged is not subject to Rule 404(b). *United States v. Ke*,  2003 WL 23005024 at 4 n. 1 (D.N.Mar.I. 2003). The images on the CDs are inextricably intertwined with the charges of Mann Act violations and sex trafficking. Rule 404(b), therefore is not a basis for their  exclusion.

Additionally, to the extent the CDs depict subsequent bad acts, they are not remote in time, *United States  v. Hinostroza*, 297 F.3d 924, 928 n.4 (9th Cir. 2002), and they are admissible

to show intent or a common plan, i.e. come to the Commonwealth to engage in prostitution. *See Id* at 928

Excluding the CD's also warrant a new trial as "circumstantial evidence is intrinsically no different than direct evidence; circumstantial evidence can be used to prove any fact, including facts from which another fact is inferred." *Ke*, 2003 WL 23005024 at 2. The CDs constitute circumstantial evidence supporting the defense that Lian Wei and Chi, Xiumei were not forced or coerced into prostitution.

## CONCLUSION

Whether the commerce clause applies in the Commonwealth has not been specifically addressed by the Ninth Circuit. An analysis of the Covenant and Ninth Circuit decisions strongly support Zheng's position that the clause does not apply and as a matter of law, the prosecution cannot prove the jurisdictional element of any of the charges. Additionally, a substantial federal does not exist which supports application of the sex trafficking laws to the Commonwealth. Moreover, if a substantial or compelling federal interest exist, balancing that interest with the Commonwealth's fundamental right to self-government precludes extending the law to the Commonwealth.

Lastly, the facts, the law and the ends of justice establish that a new trial is warranted in this case.

                      Law Office of G. Anthony Long

                By:/s/_____
                        G. Anthony Long