

**FAX TRANSMISSION**
**U.S. DEPARTMENT OF JUSTICE**
**U.S. ATTORNEY'S OFFICE**
District of the Northern Mariana Islands
Horiguchi Bldg., 3rd Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax: (670) 236-2985

**FAX-IN**
11/13/06

| To: | G. Anthony Long | Date: | 11/13/06 |
|---|---|---|---|
| Fax #: | 235-4801 | Pages: | ~~18~~ 3 (including cover sheet) |
| From: | Timothy E. Moran, AUSA | | |
| Subject: | U.S. v. Zheng, Ming Yan and Liu, Chang Da, CR 05-00027 | | |

CONFIDENTIALITY NOTE:

The information contained in this facsimile message is legally-privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**RECEIVED**

NOV 13 2006

U.S. Probation Office
District of NMI

U.S. Department of Justice

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Timothy E. Moran*

P.O. Box 500377
Saipan, MP 96950

TEL (670) 236-2982
FAX (670) 236-2985

November 13, 2006

**By Hand**

Melinda N. Brunson
U.S. Probation Officer
4th Floor, Horiguchi Building
Saipan, MP 96950

      Re:    <u>United States v. Zheng, Ming Yan and Liu, Chang Da,</u>
             Criminal Case No. 05-00027

Dear Ms. Brunson:

With the following exceptions, the government adopts the findings and conclusions of the Pre-Sentence Reports for Zheng, Ming Yan and Liu, Chang Da. All of my comments apply equally to both reports.

### Factual Comments

In paragraphs 45 of Zheng's PSR and 37 of Liu's, it incorrectly states that Mrs. Wang carried a recorder under her shirt. It was in her purse. Aside from that minor correction, the government accepts the facts as reported.

### Vulnerable Victim Enhancement Under U.S.S.G. § 3A1.1

The government requests a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) for vulnerable victim. According to Application Note 2, the term "'vulnerable victim' means a person (A) who is a victim of the offense of conviction ... and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." Both Lian and Chi qualify as vulnerable victims because they were very recent arrivals from a foreign country, separated from family and friends, culturally isolated, prevented from communicating with the world outside of the brothel, dependent on the defendant for their presence in Saipan, and unable to speak English or Chamorro.

The otherwise susceptible language of this enhancement requires the Court to "consider the characteristics of the defendant's chosen victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act." <u>United States v. Johnson</u>, 132 F.3d 1279, 1285 (9th Cir. 1997), quoting <u>United States v. Peters</u>, 962 F.2d 1410, 1417 (9th Cir. 1992). <u>Johnson</u> affirmed application of this enhancement in a Mann Act prosecution where the victim was a minor, from another country, had no family or friends nearby, was told that sexual abuse was ordinary and warned not to tell of it. 132 F.3d at 1285-86. <u>United States v. Castaneda</u>, 239 F.3d 978, 982 (9th Cir. 2001), warns that this enhancement is inapplicable to "economically" vulnerable victims, whom the Mann Act was designed to protect in the first

place. However, as with the enhancement approved in Johnson, the government requests the enhancement not for economic vulnerability but because of other circumstances, especially separation and isolation.

### Upward Departures

The PSRs already note one ground for an upward departure: the other four trafficking victims, who understandably left the CNMI as soon as permitted by the defendants. The Court should also consider departing upward because of the losses suffered by the Wangs, who were not victims of the defendants and were actually criminally culpable for some of the defendants' conduct. Nevertheless, the Wangs broke with the defendants, cooperated with and testified for the government, and suffered greatly for their association with the defendants. They estimate their losses at approximately $50,000.

The Court should also consider departing upward because of the extreme vulnerability of the victims, especially if the Court does not grant the government's request for a vulnerable victim enhancement.

With the addition of these comments, the government requests that the Court adopt the findings and conclusions of the PSRs. The government reserves its specific recommendation as to the sentence until the hearing in court.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant U.S. Attorney

cc:   G. Anthony Long, Esq. (by facsimile)
      Steven P. Pixley, Esq. (by facsimile)