F I L E D
Clerk
District Court

NOV 30 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MING YAN ZHENG,<br><br>Defendant. | Case No. CR-05-00027-1<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL** |

**THIS MATTER** came before the court on November 29, 2006, for hearing of defendant's motions for a new trial and a judgment of acquittal. The Government appeared by and through its attorney, Assistant U.S. Attorney Timothy E. Moran; defendant appeared personally and by and through her attorney, G. Anthony Long.

**THE COURT**, having considered the arguments of the parties, **DENIES** defendant's motions for a new trial and a judgment of acquittal.

**I. MOTION FOR NEW TRIAL**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Defendant argues that a new trial is proper because the court improperly instructed the jury, defendant was denied due process, evidence was improperly excluded, and evidence was improperly admitted.

**A. Jury Instructions**

Defendant argues that the court's decision not to instruct the jury on the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant"), 48 U.S.C. § 1801 (1993), was an abuse of discretion. *See Monroe v. City of Phoenix*, 248 F.3d 851, 857 (9th Cir. 2001) ("explaining that errors in jury instructions are reviewed for abuse of discretion"). Defendant argues that this requires the court to grant a new trial on all counts. Defendant proposed the following instruction:

> United States Constitutional Provisions Not Applicable in the Commonwealth of the Northern Mariana Islands.
>
> The portions of the United States Constitution applicable in the Commonwealth [of the Northern Mariana Islands ("Commonwealth")] are governed by the [] Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant").
>
> Pursuant to the Covenant, the interstate or foreign commerce clause of the United States Constitution [] are not extended to the Commonwealth.
>
> Pursuant to the Covenant, the territorial clause of the United States Constitution [does not extend] to the Commonwealth.
>
> Pursuant to the Covenant, the United States immigration laws do not apply and do not control the entry of persons into the Commonwealth.

Defendant Zheng's Proposed Jury Instructions 50, No. 96 (Aug. 11, 2006). Defendant argues that such instruction is supported by defendant's theory that the court lacks subject matter jurisdiction over 18 U.S.C. § 1591, 18 U.S.C. § 2421, and 18 U.S.C. § 2314 because the territorial clause and the commerce clause of the U.S. Constitution does not apply in the Commonwealth.

This proposed instruction, however, does not define any element of the charged offenses. Furthermore, while defendant claims that such instruction supports her defense theory, her theory is legal and not factual. The jury is not a judge of the law; the court determines the law and the jury decides upon the facts and applies the law to the facts. Accordingly, the court's decision to not include defendant's proposed jury instruction does not warrant a new trial.

**B. Due Process**

Defendant made four arguments that defendant was denied due process and therefore, a new trial is proper for counts 2, 3, and 5.

First, defendant argues that defendant was denied due process because the Government wrongfully failed to investigate the veracity of two witnesses, Ms. Chi and Ms. Lian. Before trial, the two witnesses indicated that they had never engaged in prostitution outside of the Tea House Club. However, for the first time and just before trial, the government learned from the two witnesses that they had engaged in prostitution outside of the Tea House Club in July and August, 2005. The government revealed this information to defendant. Defendant claims that this new revelation proves that the government failed to investigate the veracity of the two witnesses. This alone, however, does not substantiate defendant's claim. Here, the government investigated the case exhaustively and disclosed over 3,000 pages of information to defendant. The government corroborated the stories of the two witness with documents, government records, and numerous independent witnesses. Accordingly, defendant was not denied due process.

Second, defendant argues that defendant was denied due process because the convictions on Counts 2, 3, and 5 were secured by false impressions and / or false testimony. Due process is violated when the Government elicits a false impression knowing of such false impression. *Alcorta v. Texas*, 355 U.S. 28, 30 (1957). However, because defendant does not suggest that the Government knew of the alleged false impression, defendant's allegation that the government secured a false impression is without merit.

Third, defendant argues that the government failed to correct false testimony. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (explaining that due process is denied when the Government, although not soliciting false evidence, allows it to go uncorrected when it appears). Defendant claims that the government allowed false evidence to go uncorrected when Ms. Chi testified that she moved to Guam for safety reasons. Defendant further claims that Ms. Chi's statement was false because

Federal Bureau of Investigation ("FBI") Agent Barry testified that the FBI did not move Ms. Chi to Guam primarily for her safety but informed Ms. Chi that moving her to Guam would probably make her safer. This, however, is an inconsistency and not a falsehood. It is the function of the jury and not the court to determine the credibility of the witnesses. Considering the language barrier and translation issues, such inconsistency does not amount to a denial of due process. Furthermore, the government attempted to clear up any false impression. Accordingly, defendant was not denied due process and a new trial is not warranted.

Fourth, defendant alleges that a non-prosecution agreement between the government and Wang Bin and Wang Lan Jun exists but the government failed to disclose such agreement.[1] Defendant claims that a non-prosecution agreement exists because although the government admits that Wang Bin and Wang Lan Jun were criminally culpable, the government chose not to prosecute them. The government responds that the fact that the government chooses not to prosecute an individual does not necessarily mean that a non-prosecution agreement exists because the government has prosecutorial discretion in deciding whether to prosecute. The government maintains that no agreement, whether written or verbal, exists. Defendant maintains that even if there is no agreement, the government must disclose to defendant whether the government will or will not prosecute Wang Bin and Wang Lan Jun.

While defendant is correct that the government must disclose a non-prosecution agreement, the government is not required to disclose whether the government intends to prosecute Wang Bin and Wang Lan Jun. Moreover, the conclusion that a non-prosecution agreement exists because the government failed to prosecute Wang Bin and Wang Lan Jun is without merit. Even when a non-prosecution agreement does not exist, the government has the prosecutorial discretion not to bring

---

[1] The court originally stated that it would not entertain this issue because it was first raised in defendant's reply brief. *See* Order Regarding Defendant's Reply Brief, No. 146 (Nov. 28, 2006). The government, however, waived its right to be fully heard on the issue and stated that it was ready to proceed on the issue. Accordingly, the court entertained this issue and ordered that no separate motion on this issue may be filed.

charges upon alleged wrongdoers. Furthermore, because the assistant U.S. Attorney, as an officer of the court, stated that a non-prosecution agreement as to Wang Bing and Wang Lan Jun does not exist, the court finds that the government did not fail to disclose any non-prosecution agreement because a non-prosecution agreement does not exist. Accordingly, the interests of justice do not require a new trial.

**C. Excluded Exhibits A and B**

Defendant also contends that a new trial is warranted for counts 2, 3, and 5 because the court excluded Exhibits A and B in violation of her right to a fair trial and her right to present a defense. Defendant suggests that the court look to five factors in determining whether her right to a fair trial was impinged:

> (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense.

*Chia v. Cambra*, 360 F.3d 997, 1004 (9th Cir. 2004).

Defendant claims that Exhibits A and B are probative and relevant to the central issue because the exhibits showed that Ms. Chi and Ms. Lian were engaged in prostitution in July and August, 2005. Defendant claims that the such evidence necessarily means that Ms. Chi and Ms. Lian were engaged in prostitution nine months earlier in China and, therefore, traveled to the Commonwealth knowing that they were hired to engage in prostitution.

For several reasons, Exhibits A and B are irrelevant and more prejudicial than probative. First, the fact that Ms. Chi and Ms. Lian may have engaged in prostitution in July and August, 2005, does not prove that Ms. Chi and Ms. Lian were engaging in prostitution before October 2004, more than nine months earlier, in China. Accordingly, Exhibits A and B are not probative to the central issue. Second, Ms. Chi and Ms. Lian admitted that they were engaged in prostitution on several occasions in July and August, 2005. Accordingly, this evidence is cumulative. Third, Exhibits A and

B do not prove that Ms. Chi and Ms. Lian were engaged in prostitution in July and August, 2005. Exhibits A and B are forty-five minute videos recorded over several days showing Ms. Chi and Ms. Lian in street clothes sitting in chairs in front of a store in Garapan. Accordingly, the exclusion of Exhibits A and B do not warrant a new trial.

**D. Admitted Exhibits 1, 2, and 3**

Defendant argues that a new trial is warranted for counts 2, 3, and 5 because the court improperly admitted Exhibits 1, 2, and 3 in violation of her right to a fair trial and her right to present a defense.

Defendant asserts that Exhibit 1 was not properly authenticated and is hearsay. Exhibit 1, however, was authenticated by Ms. Lian who testified that it was a copy of the flier that she saw in China. Such testimony is sufficient under Federal Rule of Evidence 901(b)(1) to show that the flier is what it is claimed to be. Furthermore, Exhibit 1 was signed by defendant and therefore, admissible as an admission pursuant to Federal Rule of Evidence 801(d)(2) and is not hearsay.

Defendant also argues that Exhibit 2 and 3 were not properly admitted because there was no meeting of the minds, and admission violated the hearsay rule. Exhibit 2, however, was signed by defendant and therefore, admissible as an admission pursuant to Federal Rule of Evidence 801(d)(2). Furthermore, Exhibit 3 was offered as evidence as a misrepresentation made to Ms. Chi and Ms. Lian and was not offered for the truth of the matter asserted therein or as an attempt to enforce the contract. Accordingly, Exhibit 3 is not hearsay.

Defendant also contends that the best evidence rule was violated when Exhibits 1, 2, and 3 were admitted into evidence. The Federal Rule of Evidence 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Defendant, however, has not raised a genuine question as to the authenticity of

//

the original and has not suggested how it would be unfair to admit the duplicate in lieu of the original. Accordingly, a new trial is not warranted.

## II. MOTION FOR JUDGMENT OF ACQUITTAL

Defendant supports her motion for judgment of acquittal on the basis that the court lacks subject matter jurisdiction on counts 2, 3, 4 and 5, a scheme to defraud was not proved for count 5, and sex trafficking was not proved beyond a reasonable doubt for count 2 and 3.

A judgment of acquittal is proper if the evidence is insufficient to sustain a conviction on one or more offenses charged in the indictment. Fed. R. Crim. P. 29. "A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992). "Since it is the jury's duty to acquit unless guilt is established beyond a reasonable doubt, the [] court may properly inquire whether the evidence, considered most favorably to the government, was such as to permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt." *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969).

### A. Lack of Subject Matter Jurisdiction

Defendant first argues that a judgment of acquittal is proper as to counts 2, 3, 4, and 5 because the court lacks subject matter jurisdiction. Counts 4 and 5 are based on 18 U.S.C. § 2421 and 18 U.S.C. § 2314, respectively, which were both originally enacted before January 9, 1978. Accordingly, § 502(a) of the Covenant applies. In regards to count 4, defendant was fully heard on these same arguments when she made her motion to dismiss for lack of subject matter jurisdiction. *See* Defendant's Memorandum Supporting Dismissal For Lack of Jurisdiction, No. 14 (Sept. 8, 2005). The court held a hearing on November 3, 2005, and issued a written order denying her motion. *See* Order Denying Motion to Dismiss and Denying Motion to Compel Discovery, No. 36

(Nov. 8, 2005). Furthermore, in regards to count 5, the arguments are substantially the same. Thus, the law of the case precludes the court from reconsidering these arguments. *See Messinger v. Anderson*, 225 U.S. 436, 444 (1912) ("In the absence of statute the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."). Defendant has not posited why the court should reconsider its previous order. Accordingly, defendant's motion for a judgment of acquittal for counts 4 and 5 on this ground is **DENIED**.

Defendant also argues the court lacks subject matter jurisdiction over counts 2 and 3 because the commerce clause does not apply in the Commonwealth. Counts 2 and 3 are based on 18 U.S.C. § 1591, which was originally enacted on October 28, 2000. Accordingly, § 105 of the Covenant must provide authority for § 1591 to apply in the Commonwealth. Under § 105, "the United States may enact legislation in accordance with its constitutional processes which will be applicable to the Northern Mariana Islands." Such legislation must either be made applicable to the several States or specifically state that it applies to the Northern Mariana Islands. In addition, "the United States must have an identifiable federal interest that will be served by the relevant legislation." *United States ex rel. Richards v. Leon Guerrero*, 4 F.3d 749, 754 (9th Cir. 1993).

While defendant does not dispute that § 1591 is applicable to the several States, defendant claims that the application of § 1591 in the Commonwealth infringes upon the Commonwealth's right to self government. The government argues that the United States has a compelling interest in stopping sex trafficking, which is a form of human trafficking. The government further asserts that because the statute regulates interstate or international trafficking and not the internal affairs of the Commonwealth, the statute minimizes any intrusion upon the internal affairs of the Commonwealth.

"To give due consideration to the interests of the United States and the interests of the Commonwealth as reflected in Section 105, [the court must] balance the federal interest to be served by the legislation at issue against the degree of intrusion into the internal affairs of the

[Commonwealth,]" *id.* at 755. Here, the government has a strong interest in preventing sex trafficking and punishing the participants of sex trafficking. The United States has an international obligation under the International Agreement for the Suppression of the White Slave Traffic, July 18, 1905, 35 Stat. 1979, T.S. 496, ,to punish participants of sex trafficking. On the other hand, because this statute only regulates interstate and foreign trafficking of persons, the intrusion upon the internal affairs of the Commonwealth is minimal. Thus, because the balancing of interests weighs heavily in favor of the application of § 1591 in the Commonwealth, the court has subject matter jurisdiction over counts 2 and 3.

Despite this and § 105 of the Covenant, defendant argues that because the commerce clause and territorial clause do not apply in the Commonwealth, the court does not have jurisdiction over § 1591. This argument is similar to defendant's argument above. The court issued a detailed and thorough written order analyzing and explaining the problem with this argument. Furthermore, because defendant has not suggested why the court should reconsider its previous order, the law of the case precludes the court from reconsidering these arguments. Accordingly, defendant's motion for a judgment of acquittal on counts 2 and 3 is **DENIED**.

**B. Scheme to Defraud**

Defendant also argues that the Government did not sufficiently prove a "scheme to defraud" within the meaning of 18 U.S.C. § 2314 because a jury could not reasonably find that a person of ordinary prudence would rely on defendant's representations. Defendant claims that in viewing the evidence in the light most favorable to the government, the motivating factor for Ms. Chi and Ms. Lian's travel to the Commonwealth was to knowingly and willingly sign fraudulent documents. This, however, is without merit. In viewing the evidence in the light most favorable to the Government, a jury could reasonably find that a person of ordinary prudence would have relied on defendant's representations in deciding to travel to the Commonwealth. Accordingly, defendant's motion for a judgment of acquittal on this ground is **DENIED**.

### C. Money In or Affecting Foreign Commerce

Defendant asserts that the Government must, but failed, to prove that defendant fraudulently induced Ms. Chi and Ms. Lian to travel from a foreign country to the Commonwealth with money and for purposes of fraudulently obtaining money. Because the Government failed to prove this, defendant asserts that a judgment of acquittal on count 5 is appropriate.

Defendant cites to *United States v. Steffen*, 251 F.3d 1273, 1276 (9th Cir. 2001), in support of her argument. The issue in *Steffen*, however, was not whether the induced person traveled with money but whether the person who traveled was the ultimate target of the scheme to defraud. As stated in 18 U.S.C. § 2412, an element of the crime is to "transport[] or cause[] to be transported, or induce[] any person or persons to travel in, or to be transported in interstate or foreign commerce." This does not require money to be transported in commerce. Accordingly, defendant's argument is without merit and defendant's motion for a judgment of acquittal on this ground is **DENIED**.

### D. Fraud, Force, or Coercion

Defendant also contends that the fraud, force, or coercion element of counts 2 and 3 was not proved beyond a reasonable doubt. Defendant claims that Ms. Chi and Ms. Lian were not forced or coerced to travel to the Commonwealth nor were they forced or coerced to engage in prostitution on or around October 4, 2004. However, in viewing the evidence in the light most favorable to the government, the government did show that Ms. Chi and Ms. Lian were unaware that they were recruited to engage in prostitution in the Commonwealth. Furthermore, the government showed that defendant knew that Ms. Chi and Ms. Lian were told that they were recruited for other purposes. This supports that defendant knew that fraud, force, or coercion was used.

//
//
//
//

**ACCORDINGLY,** for the forgoing reasons, the court **DENIES** defendant's motion for a new trial.

**IT IS SO ORDERED.**

**DATED** this  30TH day of November, 2006.

_____
ALEX R. MUNSON
Judge