Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
| Plaintiff | ) NOTICE OF MOTION AND MOTION FOR |
| | ) SECOND MOTION FOR NEW TRIAL AND |
| v. | ) SUPPORTING MEMORANDUM |
| ZHENG MING YAN and LIU, CHANG DA | ) |
| | ) Date: January 6, 2007 |
| Defendant | ) Time: 9:00 a.m. |

**TO: THE UNITED STATES OF AMERICA AND ITS ATTORNEYS OF RECORD:**

### NOTICE

Please be advised that on January 6, 2007 at 9:00 a.m. or as soon thereafter as possible, the court will hear defendant Zheng Ming Yan's second motion for a new trial.

### MOTION

Zheng Ming Yan's hereby moves for a new trial on the basis of new evidence. This motion is supported by the memoranda of points and authorities filed herewith, and all documents and proceedings of record.

**MEMORANDUM**

FRCrP Rule 33 allows the court to vacate any judgment and grant a new trial if the interest of justice so requires. Rule 33 also provides that a motion for a new trial can be brought within 3 years after the verdict or finding of guilty.

In this case, prosecution by letter dated December 1, 2006 confirmed that it did, in fact seek to gain the Wangs' entry into Guam pursuant to a "public benefit parole" visa[1], but the federal immigration authorities did not consider the Wangs to be victims[2]. According to the prosecution's letter, it possessed this knowledge prior to filing the sex trafficking charges. The prosecution possessed this knowledge prior   Zheng was never informed of this pre trial or during trial. At this time, Wang has not received any documentation concerning this matter. The prosecution's not disclosing this information to Zheng for her use at violates *Brady*, *Giglio* and Zheng's confrontation rights.

Non disclosure of information which is material to cross examination of key prosecution witnesses justify granting a new trial. *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978). Furthermore, it is settled law that a deal, understanding, or promise that the prosecution has with a witness, especially a witness who is deemed a participant in the crime, is material and must be disclosed to the defense. *Id*, *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974); *Giglio v. United States*, 405 U.S. 150, (92 S.Ct. 763, 31 L.Ed.2d 104) (1972); Brady v. Maryland, 373 U.S. 83, 87, (83 S.Ct. 1194, 10 L.Ed.2d 215) (1963). To this extent, the deal or promise need not be

---

[1]This is not an ordinary visa. It is a visa which can only be requested by a law enforcement agency.

[2]A copy of the letter is attached hereto.

express; failure to disclose an agreement or guarantee of leniency "indicated without making a bald promise' also may violate *Brady*." *Hovey v. Ayers*, 458 F.3d 892, 917 (9th Cir. 2006). See *Butler*, 567 at 888 n. 4.

The December 1, 2006 letter further substantiates that some form of agreement, understanding or arrangement existed between the Wangs and the prosecution in exchange for the Wangs' testimony. Zheng was never informed of any such arrangement. In fact, the prosecution denied any such arrangement or understanding existed. This prejudiced Zheng in that the jury was deprived of the knowledge that a deal, understanding or arrangement existed between the Wangs and the prosecution. It also prejudiced Zheng as it could have been used to contradict the Wangs testimony about being scared of Zheng.

Even more so, if the prosecution had disclosed this information, Zheng would have had a basis for objecting to the court not giving the instruction concerning the caution given to a witness that testifies pursuant to an agreement with the prosecution. Due to the withheld information, Zheng could not effectively counter or argue against the prosecution's denial that any arrangement existed with the Wangs. *See United States v. Steinberg,* 99 F.3d 1486, 1491-92 (9th Cir.1996); *Paradis v. Arave*, 130 F.3d 385, 392 (9th Cir.1997); *Butler, supra*; *See also United States v. DeMarco*, 407 F.Supp. 107 (D.C.Cal. 1975).

Indeed, the 9th Circuit has recognized that information concerning immigration benefits offered to a government witness is *Brady/ Giglio* material and the suppression of such information violates *Brady/ Giglio. See United States v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004) concerned the government withholding information from the defense concerning the public benefit parole of a prosecution witness. The Court ruled such information was material

ans should have been disclosed under *Brady/ Giglio*. 392 F.3d at 393 - 394. The same reasoning applies to this case. The fact that the immigration officials determined the Wangs were not eligible fo the special benefit parole visa is extremely material and should have been disclosed to Zheng.

The December 1, 2006 letter in conjunction with the prosecution's November 26, 2006 letter to the U. S. Parole Office concerning the presentencing report show that the prosecution knew prior to trial that the were participants and not victims. Withholding such information prevented Zheng from effectively confronting each of the Wangs at trial. Confronting the Wangs was material as they were obviously key prosecution witnesses given that they were brought to Saipan from China. At trial, the Wangs denied their role in offenses under oath. The withheld information unduly severely prejudiced Zheng as it precluded her from effectively confronting the Wang. *See Id*.

Moreover, during the trial, the prosecution constantly solicited evidence to indicate or impress to the jury that the Wangs' were victims of Zheng. The prosecution and the Wangs created the impression that the Wangs lacked knowledge of the illegal activities and they were "victimized" into investing in the Tea House. Those impressions were not true as the prosecution knew the Wangs were participants and not victims. Additionally, allowing the impression that no agreement existed with the Wangs in exchange for their testimony was improper given that the December 1, 32006 letter shows some agreement or arrangement existed with the Wangs. Likewise, allowing the Wangs testimony concerning their lack of knowledge regarding the criminal activity to go uncorrected also was improper. Allowing the Wangs false testimony or false impressions deprived Zheng of a fair trial. *See United States v. LaPage*, 233 F.3d 488,

491- 492 (9th Cir. 2000); *DeMarco*, 407 F.Supp. at 114 n.8.

**CONCLUSION**

The prosecution's December 1, 2006 letter shows that the prosecution knew prior to trial that the Wangs were participants in the criminal offenses. The letter also reveals that the prosecution had an arrangement with the Wangs regarding their cooperation and testimony. None of this material information was disclosed to Zheng prior to trial. The withholding of the information necessitates a new trial even if the withholding was inadvertent.

Law Office of G. Anthony Long

By:/s/_____
G. Anthony Long