Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Zheng, Ming Yan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 05-00027 |
|  | ) |
| Plaintiff | ) NOTICE OF MOTION AND MOTION |
|  | ) FOR RECONSIDERATION OF ORDER |
| v. | ) DENYING NEW TRIAL AND SUPPORTING |
|  | ) MEMORANDUM |
| ZHENG MING YAN and LIU, CHANG DA | ) |
|  | ) |
|  | ) Date: January 6, 2007 |
| Defendant | ) Time: 9:00 a.m. |
| _____ | ) |

**TO: THE UNITED STATES OF AMERICA AND ITS ATTORNEYS OF RECORD:**

### NOTICE

Please be advised that on January 6, 2007 at 9:00 a.m. or as soon thereafter as possible, the court will hear defendant Zheng Ming Yan's motion to reconsider the order denying a new trial.

### MOTION

Zheng Ming Yan's hereby moves for reconsideration of the order denying a new trial on the basis of new evidence. This motion is supported by the memoranda of points and authorities filed herewith, and all documents and proceedings of record

## MEMORANDUM

A district court possesses the inherent power to reconsider and modify its interlocutory orders at any time prior to the entry of judgment or until the appeals court issues an order allowing an interlocutory appeal of the order. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsider is appropriate when based on the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir.2004).

In denying Zheng's new trial motion this Court ruled that "because defendant does not suggest that the Government knew of the alleged false impression, defendant's allegation that the government secured a false impression is without merit." Order Denying Post Trial Motions at 3 lines 19 - 21. This point becomes moot in light of the December 1, 2006 letter wherein the prosecution acknowledges that it sought to get a "pubic benefit parole" visa[1] for the Wangs but United States immigration deemed the Wangs ineligible. This new evidence dated after the date of this Court's order warrants reconsideration.

The December 1, 2006 letter in conjunction with the November 26, 2006 letter shows that the prosecution possessed the requisite knowledge at trial. They show as an example, that the prosecution knew at trial the Wangs were deemed to be participants in the crimes. The prosecution did not make any effort to correct that testimony of the Wangs that they did not know of the illegal activities.

---

[1]This is not an ordinary visa. It is a visa which can only be requested by a law enforcement agency.

Also, this Court, relying on the prosecutions representation, ruled that an arrangement or agreement did not exist between the Wangs and the prosecutions. Order Denying Post Trial Motions at 4 -5.  The December 1, 2006 letter shows otherwise. Indeed, the 9th Circuit has recognized that information concerning immigration benefits offered to a government witness is *Brady/ Giglio* material and the suppression of such information violates *Brady/ Giglio*. See *United States v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004)[2].  The fact that the immigration officials determined the Wangs were not eligible fo the special "public benefit parole" visa is extremely material. Withholding such information deprived Zheng of her confrontation rights as well as due process and a fair trial.

## CONCLUSION

The December 1, 2006 letter is presents new evidence which justifies reconsideration of the denial of a new trial and warrants awarding  Zheng a new trial.


Law Office of G. Anthony Long


By:_____
       G. Anthony Long

---

[2]Blanco involved a public benefit parole visa for the witness. This was the same arrangement sought for the Wangs.