```
LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant U.S. Attorney
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP  96950
Telephone:  (670) 236-2982
Fax:            (670) 236-2985
```

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 05-00027 |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR NEW TRIAL AND MOTION FOR RECONSIDERATION |
| v. | ) | |
| ZHENG, MING YAN, | ) | Date: December 8, 2006 |
| Defendant. | ) | Time: 2:00 p.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its memorandum in opposition to the defendant's second motion for judgment new trial and motion for reconsideration. Because the newly disclosed information is neither exculpatory nor material, the government respectfully requests that the Court deny both motions and proceed with sentencing.

The government disclosed one week ago in response to defendant's request that it inquired about a public benefit parole for the Wangs and learned that they were not eligible because they were not

1  victims of the *sex trafficking charges* that the government then contemplated bringing. The government
2  informed the Wangs that they were not eligible for entry into Guam but did provide other benefits.

3  The fact that the Wangs were not victims of sex trafficking does not make them into participants;
4  it simply means that they were not trafficked and forced to engage in prostitution. In fact, the Wangs
5  may be victims of a separate travel fraud that was not charged by the government. The simple fact that
6  they were not victims of the charged conduct says nothing about whether they committed that conduct.

7  The government was also under no obligation to disclose that it had inquired into a public
8  benefits parole for the Wangs. To establish a Brady violation, the information must be both exculpatory
9  or impeachment and material. United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004). This
10 information is not exculpatory because the Wangs *did not receive* any parole benefits. Furthermore,
11 they knew that they *would not* receive any benefits. Accordingly, this case is the opposite of Blanco,
12 where the witness actually received the parole. Id. at 385. In addition, the information is not material in
13 light of the actual benefits which the Wangs did receive and the government disclosed.

14 Since the government did not fail to disclose any information, there is no basis for a new trial or
15 reconsideration of the Court's prior order.

16 Dated: December 8, 2006
   Saipan, CNMI

Respectfully submitted,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By:  __/s/_____
TIMOTHY E. MORAN
Assistant United States Attorney

2