UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS
******************************************************************************************

CR- 05-00027-001                                          December 8, 2006
                                                          8:00 a.m.


**UNITED STATES OF AMERICA -V- ZHENG, MING YAN**

PRESENT:   HON. ALEX R. MUNSON, Chief Judge Presiding
           SANAE SHMULL, Court Reporter
           K. LYNN LEMIEUX, Courtroom Deputy
           TIMOTHY MORAN, Assistant U. S. Attorney
           ANTHONY LONG, Counsel for Defendant
           ZHENG, MING YAN, Defendant


PROCEEDING:    SENTENCING

   Defendant was present with Defense Attorney Anthony Long. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer Melinda Brunson.

   Attorney Long stated that he had filed new motions, last night, regarding objection to the allocutions being given by video conference this morning. Court stated that they had not been reviewed; however, Court would proceed with the video conference and the taking of the allocutions this morning due to the fact of the limited window of time the Court was allowed to use the video conferencing equipment on this particular day.

   Dennis Tse, was present as interpreter/translator of the Chinese language.

   Attorney Moran addressed the Court and stated that two victims (appearing by video conference from Guam) would like to make a statement to the Court.

   Lian, Wei, addressed the Court. Chi, Xuimei addressed the Court.

   Court stated that we would continue this hearing until 2:00 p.m. this afternoon.

   Court recessed at 8:25 a.m. and reconvened at 2:00 p.m.

   Attorney Long argued the forfeiture motion on behalf of the defendant. Government argued. Court denied the motion to amend the forfeiture order.

   Attorney Long argued the motion for reconsideration of the order denying a new trial. Government argued. Court DENIED the motion for reconsideration for a new trial.

Court inquired if all parties were prepared to proceed with the sentencing at this time. Both parties replied in the affirmative.

Attorney Long argued certain paragraphs in the presentence investigation report and moved to reduce the total offense level. Government argued. Court denied the motion. Attorney Long argued paragraph (89) in the presentence investigation report regarding Specific Offense Characteristics; Court did not agree with the argument.

Attorney Long argued the amount of the restitution. Government argued. Court ruled that the amounts stated in the presentence investigation report are reasonable and ruled that it would not be amended.

Government moved to enhance the offense level. Court denied the motion.

Court adopted the amended pre-sentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties.

Attorney Long moved to admit into evidence Ex. A and Ex. B stating that the evidence on these CD's shows that Ms. Lian Wei and Ms. Chi Xiumei openly committed prostitution after Ms. Zheng was arrested and taken into custody. Court stated that the tapes have been viewed many times and simply do not reflect Defense's argument.

Attorney Long called witness:

**ZHENG, HONG GUO**. (Daughter of defendant).DX.

Government recommended a Sentence at the maximum of the guidelines (78 months) and full restitution. Attorney Long recommended sentencing of 48 months.

**SENTENCE**: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **ZHENG, MING YAN** is hereby sentenced to **60 months** imprisonment as to Count I; **78 months** imprisonment as to Counts II and III; **78 months** imprisonment as to Counts IV; and **78 months** imprisonment as to Count V. All sentences **shall be served concurrently**. The defendant will receive credit for time served. Upon release from imprisonment defendant shall be placed on **Three years** supervised release as to Count I; **Five years** supervised release as to Counts II and III; **Three years** supervised release as to Count IV; and **Three years** supervised release as to Count V. The terms of supervised release **shall be served concurrently** and will require that the defendant comply with the following conditions:

1. The defendant shall be delivered to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. § 3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. § 1101. As a further condition of supervised release, if

      deported, the defendant shall remain outside the United States and not re-enter without the permission of the Secretary of the Department of Homeland Security. If deportation does not occur and the defendant is released from confinement pending further immigration proceedings, she shall immediately report to the U.S. Probation Office to begin her term of supervised release;

2.     The defendant shall not commit another federal, state, or local offense;

3.     The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. She shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

4.     The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

5.     The defendant shall comply with the standard conditions of supervised release as adopted by this Court;

6.     The defendant shall be prohibited from possessing a firearm or other dangerous weapon or having such where she resides;

7.     The defendant shall complete 500 hours of community service under the direction of the U.S. Probation Office.

      Pursuant to USSG §5E1.1(a)(1) and 18 USC§§1593 and 3663, the defendant shall make restitution, jointly and severally with co-defendant Liu, Chang Da, in the amount of $22,220.00 to Ms. Lian Wei and $25,220 to Ms. Chi Xiumei. Payment shall be made to the U.S. District Court of the Northern Mariana Islands, Attention: Clerk of Court, for the disbursement to the victims at an address under separate cover. Pursuant to USSG 5E1.2(c), the defendant was ordered to pay a fine to the United States in the amount of $55,000 to be paid immediately after sentencing. It was further ordered that the defendant pay to the United States a special assessment fee of **$500** to be paid immediately after sentencing.

      No objection to the sentence by the attorneys. Defendant was advised that she had 10 days in which to file an appeal to the sentence imposed. Further, she was advised that if she cannot afford an attorney for the appeal the Court will appoint one for her.

      Attorney Long moved that bail bond be returned to his office. Government argued that the bond money must be applied to the fine and restitution in this case. Court, after hearing side bar testimony, stated that there was a stipulation as to the bail bond money.

Defendant was remanded to the custody of the U.S. Marshal.

Adj. 4:00 p.m.

/s/ K. Lynn Lemieux, Courtroom Deputy