F I L E D
Clerk
District Court

DEC 1 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MING YAN ZHENG,<br><br>Defendant. | Case No. CR-05-00027-1<br><br>**NOTICE OF ORDER DENYING DEFENDANT'S POST-TRIAL MOTIONS** |

**THIS MATTER** came before the court on December 8, 2006, for hearing of defendant's objection to the victims making statements by video conference, defendant's motion for reconsideration, and defendant's second motion for a new trial. The Government appeared by and through its attorney, Assistant U.S. Attorney Timothy E. Moran; defendant appeared personally and by and through her attorney, G. Anthony Long.

**THE COURT**, having considered the arguments of the parties,[1] **OVERRULED** defendant's objection to allocution by video conference, **DENIED** defendant's motion for reconsideration, and **DENIED** defendant's second motion for a new trial.

**I. STATEMENTS BY VICTIMS BY VIDEO CONFERENCE**

Defendant argued that Federal Rule of Criminal Procedure ("Rule 32") requires that the victim must show why he or she cannot attend the sentencing hearing before being permitted to make

---

[1] The government waived its right for time to prepare and indicated that it was ready to proceed on these motions.

a statement by video conference. Rule 32(i)(4)(B) requires that the court allow victims to make statements in person but it does not limit the court on how the victim may appear, if such alternate form of appearance is requested by the victim.

Defendant cited to *United States v. Degenhardt*, 405 F.Supp.2d 1341, 1345 (D. Utah 2005), for the proposition that the victim must show why he or she cannot attend the sentencing hearing. In *Degenhardt*, however, the District Court of Utah explained that a victim has a right to be heard at the sentencing hearing and that the court may not require the victim to be heard by writing instead of orally during the hearing. Furthermore, the District Court of Utah suggested in dicta that if the victim could not attend the sentencing hearing, the victim may have a right to be heard by other means. Accordingly, if *Degenhardt* is persuasive, it is for the proposition that the court must allow a victim to be orally heard in person at the sentencing hearing. *Degenhardt*, however, does not consider whether the court, in its discretion, may permit a victim who has requested to appear by an alternative form, to be heard at the sentencing hearing by other means.

Here, the court found that good cause supports the victims' request to appear by video conference because the victims are in Guam. Accordingly, considering the technology now available and the court's availability, the court **OVERRULED** defendant's objection.

## II. MOTION FOR RECONSIDERATION

A motion for reconsideration is not available in the District of the Northern Mariana Islands. Instead, such motion may be made as a motion for a new trial under Federal Rule of Criminal Procedure 33 ("Rule 33"). Accordingly, the court **DENIED** defendant's motion for reconsideration. To the extent that it includes argument not contained in defendant's second motion for new trial, the court considered those arguments in connection with defendant's second motion for new trial.

//
//
//

## III. SECOND MOTION FOR NEW TRIAL

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Defendant argued that a new trial is proper because new evidence proves that the government provided the court with false impressions, or alternatively, because new evidence proves that the government violated the dictates of *Brady v. Maryland*, 373 U.S. 83 (1963).

First, defendant argued that despite the fact that the government knew that the Wangs were participants in sex trafficking, the government created the false impression that they were not participants. Defendant asserted that the government knew the Wangs were participants because the government inquired into the possibility of securing a public benefit parole visa but discovered that the Wangs were not eligible for the visa because they were not victims of the sex trafficking charges. This argument, however, assumes that any person who is not considered a victim of a certain sex trafficking charge is necessarily a participant of that sex trafficking charge. Accordingly, this argument is without merit.

Second, defendant argued that the government violated the dictates of *Brady* by failing to disclose that it had researched the possibility of securing a public benefit parole visa for the Wangs.

> Supreme Court cases following *Brady* clearly established that the defendant must prove three elements in order to show a *Brady* violation. First, the evidence at issue must be favorable to the accused, because it is either exculpatory or impeachment material. Second, the evidence must have been suppressed by the [government], either willfully or from failure to disclose the evidence . Third, prejudice must result from the failure to disclose the evidence.

*Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002). Defendant cites to *United Staets v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004), for the proposition that the government's failure to disclose information that the government inquired into the availability of a public benefit parole visa for the Wangs was a *Brady* violation. However, in that case, the witness was actually eligible for a public benefit parole visa and did in fact receive the visa. Here, because the Wangs did not receive such benefit, information that the government inquired into the possibility of obtaining such visa is

not exculpatory. In addition, in light of the disclosures the government made of information of actual benefits that the Wangs did receive from the government, the information regarding the government's inquiry is not material.

**ACCORDINGLY,** for the forgoing reasons, the court **OVERRULED** defendant's objection to the victims making statements by video conference, **DENIED** defendant's motion for reconsideration, and **DENIED** defendant's second motion for a new trial.

**IT IS SO ORDERED.**

**DATED** this 12th day of December, 2006.

_____
ALEX R. MUNSON
Judge

4